**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, and MOCA, on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO,<br><br>    Plaintiffs,<br><br>  v.<br><br>EXXON MOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100,<br><br>    Defendants. | Case No. 3:22-cv-01550-SCC-HRV |

**DEFENDANTS' JOINT MEMORANDUM OPPOSING
PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**PRELIMINARY STATEMENT**

Plaintiffs' Motion for Appointment of Interim Class Counsel should be denied. Appointing class counsel at this juncture is premature, because there is a single group of attorneys representing all present putative class members in this case, and thus no reason to appoint interim class counsel now. Courts appoint interim class counsel where the leadership structure of the assortment of plaintiffs' counsel litigating the class action is unclear or plagued by rivalry among attorneys. But here there is only a single putative class action, a single group of attorneys representing all named plaintiffs, and no confusion about their responsibilities. While Plaintiffs' counsel appears to be concerned that the largest of the absent members of the putative class (San Juan) recently decided to exit the putative class to file its own individual lawsuit, that is not a reason for appointing interim class counsel. As Plaintiffs concede, class certification issues are *at least* many months away, and resolution of the forthcoming Motions to Dismiss may ensure that the Court never need reach those issues.

Moreover, there are serious questions whether Plaintiffs' counsel can adequately represent the putative class, militating against proposed counsel's interim appointment. Plaintiffs' principal lawyer, Marc D. Grossman—indeed, the only lawyer discussed specifically in the Motion—does not appear to be eligible to practice in this Court *at all*, much less be appointed lead counsel. Despite signing both the original and Amended Complaints, and being featured in the Motion for Interim Class Counsel, Mr. Grossman does not appear to be a member of the Puerto Rico bar, and the Rules of this Court render him ineligible for *pro hac vice* admission, because he is a longtime resident of Puerto Rico. Perhaps that is why, more than a year after filing this action, no *pro hac* application has been submitted.

In view of these circumstances, the Court should deny the Motion.

## BACKGROUND

On November 22, 2022, Plaintiffs filed a putative class action Complaint against Defendants. Dkt. 1. On October 10, 2023, Defendants filed several motions to dismiss the Complaint. *E.g.*, Dkts. 174, 184, 185, 186, 188, 189, 190, 193, 195, 196, 197, 198, 199.

Rather than oppose Defendants' motions, on November 3, 2023, Plaintiffs filed an Amended Complaint, again a putative class action. Dkt. 205. The Parties then filed a Joint Motion for Extension of Time, Dkt. 209, which the Court granted, Dkt. 211. Defendants' Motions to Dismiss are now due January 30, 2024, and briefing will be complete July 1, 2024. *Id*.

On December 13, 2023, the Municipality of San Juan filed a non-class action Complaint against Defendants with allegations and claims nearly identical to the original Complaint in this case. *See* Complaint, *Municipality of San Juan v. Exxon Moil Corp.*, No. 3:23-cv-01608 (D.P.R.).

The following day, on December 14, 2023, Plaintiffs filed a Motion for Appointment of Interim Class Counsel. Dkt. 215. Highlighting the experience of lead lawyer Marc D. Grossman—the only lawyer mentioned—Plaintiffs request that Milberg be appointed to serve as interim counsel. *Id*. Milberg currently represents each of the thirty-seven named Plaintiffs. Dkt. 205.

## ARGUMENT

Rule 23(g)(3) provides that courts "***may*** designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (emphasis added). But all relevant considerations counsel against such an appointment where, as here, the proposed interim counsel already represents all Plaintiffs and there are no competing putative class actions. The Court should deny the Motion.

**I.      There Is No Reason To Depart From The General Rule Disfavoring Appointment Of Interim Class Counsel.**

As a general rule, interim class counsel is disfavored. When a putative class action is filed, pre-class certification responsibilities like motions, discovery, and settlement negotiations are "[o]rdinarily . . . handled by the lawyer who filed the action." Fed. R. Civ. P. 23 (Advisory Committee Notes 2003). The interests of absent putative class members are protected because "when acting on behalf of the putative class," the attorney always "has an obligation to act in the best interest of the class as a whole." *Durocher v. Riddell, Inc.*, No. 1:13-CV-01570-SEB-DML, 2014 WL 12979800, at *3 (S.D. Ind. Aug. 29, 2014). Indeed, "[w]hether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." Fed. R. Civ. P. 23 (Advisory Committee Notes 2003). In addition, absent class members are typically not bound by counsel's conduct pre-class certification. *See* 18A FED. PRAC. & PROC. JURIS. § 4455.3 (3d ed.) (explaining there is generally no preclusive effect of putative class actions prior to class certification, and collecting cases).

In situations involving overlapping or competing class actions, interim class counsel may sometimes be required. An organizational problem arises if there are "overlapping, duplicative, or competing class suits [that] are pending before [the] court." *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006). In such circumstances, the various sets of plaintiffs' counsel may inefficiently duplicate others' efforts, or they could succumb to a free-rider problem where each tries to rely on the work of the others. Competing groups of plaintiffs or plaintiffs' counsel could suffer from "rivalry or uncertainty" as to selecting strategic aims or performing various responsibilities. Fed. R. Civ. P. 23 (Advisory Committee Notes 2003).

When these circumstances are present (which is not the case here), Federal Rule of Civil Procedure 23(g)(3) empowers courts to alleviate this organizational problem by appointing interim class counsel: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id.* Courts solicit applications for interim counsel or select among the vying groups of counsel and task the attorneys best positioned to represent the interests of the putative class with the overall responsibility to "'tak[e] action to prepare for the certification decision.'" *Donaldson*, 2006 WL 1308582, at *1 (quoting Fed. R. Civ. P. 23 Advisory Committee's Notes (2003)).

Accordingly, courts deny motions to appoint interim class counsel when, as here, there is a single class action before a judge, or when plaintiffs' counsel are able to work cooperatively. *See* 1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:85 (6th ed.) (collecting cases). As the leading treatise on class actions explains: "[W]hen only one set of lawyers represents the putative class, or only one case has been filed, courts tend to deny motions for appointment as interim counsel." *Id.*; *see also* THE MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2004) ("If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary."). This is logical; there is no organizational benefit to the appointment of interim class counsel absent the existence of competing groups of plaintiffs' counsel that are struggling to coordinate.

Indeed, courts often require both multiple actions and coordination problems before appointing class counsel: When the combination of multiple pending class actions in a single court *and* attorney-coordination problems are *not* present in a case, motions to name interim class counsel are routinely denied as unnecessary. For example, in *In re Google Assistant Privacy Litigation*, No. 19-CV-04286-BLF, 2020 WL 7342713 (N.D. Cal. Dec. 14, 2020), multiple

putative class actions were consolidated into a single case before one judge. *Id.* at *1. When the various groups of plaintiffs moved for the appointment of class counsel, the court denied the appointment because—even though there were multiple consolidated actions—there had been no coordination problems between the groups of plaintiffs. *Id.* (denying appointment of interim class counsel because "Plaintiffs have successfully worked together since consolidation"). Similarly, in *Levey v. Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V.*, 529 F. Supp. 3d 856 (N.D. Ill. 2021), the Plaintiff argued that interim class counsel was necessary to reach a global settlement in light of the existence of another putative class action raising similar claims before a different judge in the same district. *Id.* at 866–67. The court disagreed, ruling the request was "premature" because, "[t]ypically, courts find interim counsel necessary only 'where a large number of putative class actions have been consolidated or otherwise *are pending in a single court*.'" *Id.* at 867 (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006)) (emphasis original).

The case law from courts within this Circuit confirms this point. In general, courts appoint interim class counsel only when faced with multiple groups of plaintiffs' attorneys vying for leadership. *See, e.g.*, *Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-CV-242-JL, 2017 WL 11506177, at *1 (D.N.H. May 11, 2017) (appointing interim class counsel with three sets of plaintiffs and two competing lead counsel). Where there are not "overlapping, duplicative or competing suits" before a single court resulting in organizational challenges, they decline to appoint interim class counsel. *See, e.g.*, *Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2010 WL 4878992, at *1 (D.R.I. Dec. 1, 2010) (denying appointment of interim counsel even where

there were competing class actions, where the other class action was in another district).  This is in keeping with the clear majority practice nationally.[1]

Plaintiffs erroneously suggest that it is "almost standard practice" to appoint interim counsel at "an early stage" of class action litigations, quoting an over 30-year-old edition of NEWBERG ON CLASS ACTIONS.  Pls.' Mem. (Dkt. 215-1) at 5.  But the current version of NEWBERG says the opposite, as noted above:  Interim class counsel is not appointed where, as here, there is no "'rivalry or uncertainty'" from competing sets of putative class counsel.  *See* 1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:85 (6th ed.) (quoting Fed. R. Civ. P. 23 (Advisory Committee Notes 2003)).  Likewise, all of Plaintiffs' cited cases, Pls.' Mem. (Dkt. 215-1) at 5, involve multi-district litigations or mass actions in other courts from decades ago rather than class actions applying the modern version of the Federal Rules of Civil Procedure and—critically—multiple

---

[1] *See, e.g.*, *In re LinkedIn Advertising Metrics Litigation*, 2021 WL 1599289, *2 (N.D. Cal. 2021) (refusing to appoint interim class counsel in part because "there is only one consolidated action with one consolidated complaint."); *Santos v. Carrington Mortgage Services*, LLC, 2017 WL 215969, *2 (D.N.J. 2017) (denying the appointment of interim class counsel where allegedly-duplicative putative class action was in another district); *In re Seagate Technology LLC Litigation*, 2016 WL 3401989, *2 (N.D. Cal. 2016) (denying appointment of interim class counsel where appointment would do "little other than merely to maintain the status quo" because potentially-duplicative putative class action was in different court and the various plaintiffs' counsel before the court were cooperative (quotation marks omitted)); *Sullivan v. Barclays PLC*, 2013 WL 2933480, *1 (S.D.N.Y. 2013) (denying appointment of interim counsel because "[t]here currently appear to be no overlapping, duplicative or competing suits that might be consolidated with this action" and "no competing counsel whose roles might complicate the efficient management of this case or result in duplicative attorney work."); *Jenkins v. Hyundai Motor Financing Co.*, 2008 WL 781862, *4 (S.D. Ohio 2008) (denying appointment of interim counsel because "appointing interim class counsel is unnecessary. There are no duplicative lawsuits pending in other courts, and no other lawyers are competing for class counsel appointment."); *Carrier v. American Bankers Life Assur. Co. of Florida*, 2006 WL 2990465, *1 (D.N.H. 2006) (denying appointment of interim class counsel where plaintiffs did not identify "concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"); *Womack v. Nissan N. Am., Inc.*, No. 2:06-CV-479-DF, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007) (denying appointment of interim class counsel where there was only one pending class action in the district and no concrete examples of how appointment of interim class counsel would be advantageous for the class).

sets of counsel vying for leadership and fees.[2] Where, as here, there is a single putative class action and a single set of plaintiffs' lawyers, courts rarely appoint interim class counsel.

Also off the mark is Plaintiffs' argument that appointment of interim class counsel will "promot[e] efficiency and avoi[d] delay, overlap, and duplication of effort." Pls.' Mem. (Dkt. 215-1) at 6. There is no risk of delay, overlap, or duplication of effort where, as here, there only is one putative class action and only one set of Plaintiffs' attorneys.[3]

Finally, Plaintiffs cite *Donaldson* for the assertion that "[i]nterim class counsel should be appointed at an early stage in the litigation" because it "clarifies responsibility for protecting the interests of the class during precertification activities." Pls.' Mem. (Dkt. 215-1) at 6 (citing *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006)). But *Donaldson* stands for the exact opposite proposition. *Donaldson* denied a motion to appoint interim class counsel under circumstances similar to here, recognizing that "both the commentary to Rule 23 and the Manual for Complex Litigation (Fourth) indicate that appointment of interim counsel is not appropriate where, as here, a single law firm has brought a

---

[2] *See, e.g.*, *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988) (mass action involving thousands of claims, and numerous sets of plaintiffs' counsel); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774–75 (9th Cir. 1977) (in mass action, affirms the award of attorney's fees to lead counsel below); *In re Air Crash Disaster at Fla. Everglades on December 29, 1972*, 549 F.2d 1006, 1014-15 (5th Cir. 1977) (in mass action, affirms award of attorney's fees to counsel on the Executive Committee below); *In re New England Mut. Life Ins. Sales Practices Litig.*, 183 F.R.D. 33, 47–48 (D. Mass. 1998) (MDL involving many claims and numerous sets of plaintiffs' counsel).

[3] The various cases Plaintiffs cite to support this argument all involved multiple sets of cases and plaintiffs' attorneys vying for leadership. *See, e.g.*, *Parkinson v. Hyundai Motor Am.*, No. CV06-2553-AHS(MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) (court selects from two firms competing for appointment as interim class counsel); Dkt. 278, Memorandum and Order, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL 05-1720 (JG) (JO) (E.D.N.Y. Feb. 24, 2006) (appointing lead counsel in MDL involving 40 class actions with two distinct groups of plaintiffs vying for leadership); *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D 552, 555 (S.D. Ohio 2005) (case involving a large number of plaintiffs and numerous competing plaintiffs' counsel).

class action and seeks appointment as class counsel." *Donaldson*, 2006 WL 1308582, at *2. As noted: "Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." Fed. R. Civ. P. 23 (Advisory Committee Notes 2003). And no special structure is necessary "as a substitute for the attorney-client relationship because all lawyers seeking appointment as interim class counsel represent all of the named plaintiffs and have fiduciary responsibilities based on those relationships." *Durocher*, 2014 WL 12979800, at *3.

**II.     Appointment of Interim Class Counsel Here Is Premature And Unnecessary.**

There is no benefit to appointing interim class counsel at this time. There is a single putative class action and a single set of lawyers. Plaintiffs have identified no coordination or organizational difficulties that make necessary or appropriate the appointment of interim class counsel. *Cf. Carrier v. American Bankers Life Assur. Co. of Florida*, 2006 WL 2990465, *1 (D.N.H. 2006) (denying appointment of interim class counsel where plaintiffs did not identify "concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"). As noted, Plaintiffs' counsel's organizational structure is already streamlined: All attorneys who would be designated interim class counsel already represent all named putative class Plaintiffs. *Cf. Durocher*, 2014 WL 12979800, at *3 (finding appointment of interim counsel unnecessary when "all of the lawyers seeking appointment as interim class counsel represent all of the named plaintiffs").

Plaintiffs may have filed their Motion in response to the recent filing of the lawsuit by the Municipality of San Juan. *Municipality of San Juan v. Exxon Mobil Corp.*, No. 3:23-cv-01608 (D.P.R.). That Complaint was filed the day before Plaintiffs filed their Motion, and appears to cut-and-paste large swathes of the original Complaint in this matter, with one major exception: It

is not a putative class action. *Compare id.*, ECF No. 1 *with* Dkt. 1.[4] While Plaintiffs and Plaintiffs' counsel may be concerned that others are using their work product, that raises no coordination or organizational difficulty that would justify appointing interim class counsel. Courts have denied interim class counsel motions in similar circumstances, even where, unlike here, there existed a second suit that was labeled a putative class action. *See Levey*, 529 F. Supp. 3d at 867.

Accordingly, while appointing interim class counsel may at some stage become appropriate, there is no reason to do it now. As Plaintiffs concede, the "pre-certification period in this litigation will be lengthy," Pl's Mem. (Dkt. 215-1) at 5, and the issue of certification may never arise. The forthcoming Motions to Dismiss will not be fully briefed until July 2024, at which point the Court will need to consider and rule on the numerous, potentially dispositive challenges to Plaintiffs' claims. Dkts. 205, 211. And if the Court ultimately grants the Motions to Dismiss, it will never need to consider the adequacy of class counsel at all, and the Court's consideration of Milberg's qualifications would be wasted effort.

Finally, even were the Court to deny in whole or in part the Motions to Dismiss, it would need to (1) evaluate, in connection with any class certification motion, Plaintiffs' counsel's qualifications pursuant to Rule 23(g)(1), and (2) reevaluate the qualifications of interim counsel if Plaintiffs decided to change their representation or if interim counsel no longer appeared qualified to represent the interests of the putative class. Given the absence of organizational concerns, there is little reason to disrupt the ordinary attorney-client arrangements by appointing interim class

---

[4] San Juan's counsel appears to have inadvertently cut-and-pasted allegations that are relevant only to a putative class action, even though *San Juan* is not a putative class action. *See* Complaint, ¶ 26, ECF No. 1, *Municipality of San Juan*, No. 3:23-cv-01608 (D.P.R.) (noting San Juan's experience in the 2017 Atlantic Hurricane Season as "representative of the remaining 77 Municipalities in the Commonwealth of Puerto Rico.").

counsel.

### III. The Motion to Appoint Class Counsel Should Also Be Denied Because It Raises Serious Issues About Proposed Counsel's Fitness.

The court should also deny the Motion because evaluating the qualifications of proposed interim class counsel raises serious issues. For example, Plaintiffs highlight the experience of Milberg's participating named partner, Marc D. Grossman—who is the only lawyer specifically discussed in the motion. Mr. Grossman signed the motion (and other filings, including the Amended Complaint, *see* Dkt. 205 at 292) with the designation "pro hac vice forthcoming," reflecting that he is not a member of this Court's bar. Pl's Mem. (Dkt. 215-1) at 12. Yet, no *pro hac vice* application has been filed in the year this action has been pending. At the same time, Mr. Grossman's law firm profile and other public records indicate he is a resident of Puerto Rico.[5] Mr. Grossman has even spoken publicly about buying a home and having "relocat[ed]" himself and his family to Puerto Rico—almost ten years ago—to take advantage of legislation giving tax advantages to those who establish residency in the Commonwealth.[6] Indeed, when serving as president of the Trial Lawyers of Puerto Rico in 2022, Mr. Grossman penned a letter to the association's members stating:

> When the Act 20/22 program was launched in 2012, I wasted little time in moving my law firm office, my family, and my life to San Juan. . . . Over the past 10 years, Puerto Rico has enriched my life and the life of my family in ways words could never capture. During this time, my family and I have been involved in many opportunities to give back to the

---

[5] *See, e.g.*, Marc Grossman, Milberg, available at https://milberg.com/attorney/marc-grossman/ (listing primary office as San Juan, Puerto Rico).

[6] *See* Jeff Feeley, *Big-Shot Lawyers Lured By Beaches And 4% Tax Rate To Puerto Rico* (Bloomberg Apr. 29, 2022), https://www.bloomberg.com/news/articles/2022-04-29/big-shot-lawyers-lured-by-beaches-and-4-tax-rate-to-puerto-rico; Julie Satow, *Puerto Rico Luring Buyers With Tax Breaks* (New York Times Sept. 5, 2014), https://www.nytimes.com/2014/09/07/realestate/puerto-rico-luring-buyers-with-tax-breaks.html.

Island that has given us so much to be thankful for.[7]

Mr. Grossman has made no secret of his residency in Puerto Rico.

As such, Mr. Grossman is not eligible to represent the putative class—or, indeed, any client—in this Court.  The Local Rules permit *pro hac vice* admittance only for "an attorney *who does not reside* in the Commonwealth of Puerto Rico."  L. Civ. R. 83A(f) (emphasis added); *see also* Order ECF No. 56, *Pagán-Caraballo v. Puerto Rico Farm Credit, ACA*, No. 3:19-cv-01649 (D.P.R. 2019) (vacating *pro hac vice* admission of a Puerto Rico Supreme Court-barred attorney upon discovery that he was a resident of Puerto Rico); Order ECF No. 21, *Rijos v. Autonomous Municipality of Carolina*, No. 3:11-cv-01947 (D.P.R. 2011) (denying *pro hac vice* application of an attorney who resided in Puerto Rico and citing Local Rule 83A(f)).  In addition, while Mr. Grossman's firm profile indicates he practices law out of Milberg's San Juan office, the same page states that he is admitted only in New York, New Jersey, Pennsylvania, and Illinois.[8]  *Cf.* 4 P.R. Laws Ann. § 740 ("No person not a lawyer authorized by the Supreme Court of Puerto Rico may engage in the practice of law, or advertise as such, or as judicial agent or act, except in regard to his own affairs, in any judicial or quasi-judicial matter before any court of law; … the violation of any of the provisions of this section shall be deemed and punished as a misdemeanor[.]").  This suggests that Mr. Grossman is not authorized to practice as an attorney in Puerto Rico, and it is at least a serious issue that the Motion places squarely before the Court.

Furthermore, under these circumstances, the Motion seeking interim appointment of Mr.

---

[7] Marc. D. Grossman, *A Letter From Our Incoming President*, Trial Lawyers of Puerto Rico, available at https://webcache.googleusercontent.com/search?q=cache:8b-aEcio0XUJ:https://triallawyersofpr.org/&cd=11&hl=en&ct=clnk&gl=us.

[8] *See* Marc Grossman, Milberg, available at https://milberg.com/attorney/marc-grossman/ (listing primary office as San Juan, Puerto Rico but bar admissions as New York, New Jersey, Pennsylvania, and Illinois).

Grossman and Milberg raises the question whether Mr. Grossman may recover fees. If Mr. Grossman cannot practice law before this Court, his efforts on behalf of Plaintiffs may not be compensable under Rule 23(h), as such compensation would not be a "reasonable attorney's fee" if he is not practicing as an attorney. *Id.*

The Motion to appoint interim class counsel thus raises serious questions that this Court need not resolve at this stage of the litigation. To the extent that the Court determines to reach these issues, the Motion should be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion for Appointment of Interim Class Counsel.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of January 2024.

**CERTIFICATE OF SERVICE**: I, Roberto C. Quiñones-Rivera, certify that, on the above date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the system.

> By: *Roberto C. Quiñones-Rivera*
> Roberto C. Quiñones-Rivera
> USDC-PR Bar No. 211512
> Eduardo A. Zayas-Marxuach
> USDC-PR Bar No. 216112
> Myrgia M. Palacios-Cabrera
> USDC-PR Bar No. 230807
> MCCONNELL VALDES LLC
> P.O. Box 364225
> San Juan, PR 00936-4225
> Telephone: 787-250-2631
> Facsimile: 787-474-9201
> E-mail: rcq@mcvpr.com
> E-mail: ezm@mcvpr.com
> E-mail: mpc@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
E-mail: tboutrous@gibsondunn.com
E-mail: wthomson@gibsondunn.com
E-mail: jdick@gibsondunn.com

Thomas G. Hungar *(pro hac vice)*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 887-3784
E-mail: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666
E-mail: nmanne@susmangodfrey.com
E-mail: eharris@susmangodfrey.com

*Attorneys for Defendant CHEVRON CORPORATION*


By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)

Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*


By: *s/Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone:  (787) 977-5050
Facsimile: (787) 977-5090
E-mail:  kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Facsimile:  (713) 751-3290
E-mail:  trenfroe@kslaw.com
E-mail:  othoma@kslaw.com

Oliver Thoma (*pro hac vice*)
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Ph: (979) 694-7000
Fax: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant MOTIVA ENTERPRISES LLC*

By: *s/David Indiano*
David Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street; 3rd Floor
San Juan, P.R. 00912
Telephone: 787-641-4545
Fax: 787-641-4544
Email: david.indiano@indianowilliams.com

Duke K. McCall, III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-373-6607
Fax: 202-739-3001
Email: duke.mccall@morganlewis.com

*Attorneys for Defendant OCCIDENTAL PETROLEUM CORPORATION*


By: *s/Carlos A. Rodriguez Vidal*
Carlos A. Rodriguez Vidal
USDC-PR Bar No. 201213
GOLDMAN ANTONETTI & CORDOVA, LLC
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: 787-759-4117
Facsimile: 787-767-9177
Email: crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
Email: vhou@cgsh.com
Email: bmorag@cgsh.com

*Attorneys for Defendant BHP GROUP LIMITED*

By: *s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR Bar No. 219002
Jaime A. Torrens-Dávila
USDC-PR Bar No. 223810
Mónica Ramos Benítez
USDC-PR Bar No. 308405
FERRAIUOLI LLC
PO Box 195168
San Juan, Puerto Rico 00919
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
E-mail: rcamara@ferraiuoli.com
E-mail: jtorrens@ferraiuoli.com
E-mail: mramos@ferraiuoli.com

Linda H. Martin (*pro hac vice*)
David Y. Livshiz (*pro hac vice*)
Noelle L. Williams (*pro hac vice*)
Jennifer E. King (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
E-mail: linda.martin@freshfields.com
E-mail: david.livshiz@freshfields.com
E-mail: noelle.williams@freshfields.com
E-mail: jennifer.king@freshfields.com

Jennifer Loeb (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
E-mail: jennifer.loeb@freshfields.com

*Attorneys for Defendant RIO TINTO PLC*

By: *s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204

ADSUAR MUNIZ GOYCO
SEDA & PEREZ-OCHOA, P.S.C.
PO Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

*Attorneys for Defendant BP P.L.C.*


By: *s/Carlos A. Valldejuly*
Carlos A. Valldejuly-Sastre
USDC No. 209505
José J. Colón García
USDC No. 308010
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Ste. 800
San Juan, Puerto Rico 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: carlos.valldejuly@oneillborges.com
Email: jose.colon@oneillborges.com

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
E-mail: dfrederick@kellogghansen.com
E-mail: jwebster@kellogghansen.com
E-mail: mhan@kellogghansen.com
E-mail: dseverson@kellogghansen.com
E-mail: gknofczynski@kellogghansen.com

*Attorneys for Defendant SHELL PLC (f/k/a ROYAL DUTCH SHELL PLC)*

By: *s/ Ricardo F. Casellas Sánchez*
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: matthew.martens@wilmerhale.com
E-mail: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
E-mail: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
E-mail: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*