UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF BAYAMON, et al.<br><br>   *Plaintiffs*,<br><br> v.<br><br>EXXONMOBIL CORP., et al.<br><br>   *Defendants*. | Case No. 3:22-cv-01550-SCC |

**DEFENDANT EXXONMOBIL'S BRIEF IN SUPPORT OF
THE MOTION TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

                                                             **Page**

PRELIMINARY STATEMENT ........................................................................................... 1

I.     LEGAL STANDARD ................................................................................................ 2

II.    ARGUMENT .............................................................................................................. 3

        A.     Rule 9(b) Applies to Plaintiffs' Claims Against ExxonMobil. ................................ 3

        B.     Plaintiffs' Allegations Against ExxonMobil Fail to Satisfy Rule 9(b). .................. 5

               1.     Plaintiffs Fail to Plead Any Alleged Misrepresentations Attributable to ExxonMobil with Particularity. ......................................... 5

                      (a)     Plaintiffs Fail to Allege Who Was Deceived by Any Statement ........................................................................................... 6

                      (b)     Plaintiffs Fail to Allege Detrimental Reliance on Any Statement ........................................................................................... 6

               2.     Plaintiffs Impermissibly Allege Unattributed Statements to Defendants Collectively and Impermissibly Attribute the Statements of Third Parties to ExxonMobil ............................................... 8

                      (a)     Plaintiffs Rely on Impermissible Group Pleading. ......................... 8

                      (b)     Plaintiffs Cannot Attribute the Statements of Third Parties to ExxonMobil. ............................................................................ 9

CONCLUSION ................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*,
　374 F.3d 23 (1st Cir. 2004) ................................................................................................ 2, 6, 8

*Alvord-Polk, Inc.* v. *F. Schumacher & Co.*,
　37 F.3d 996 (3d Cir. 1994) ........................................................................................................ 9

*In re Asbestos Sch. Litig.*,
　46 F.3d 1284 (3d Cir. 1994) (Alito, J.) .................................................................................. 10

*Blue* v. *Doral Fin. Corp.*,
　123 F. Supp. 3d 236 (D.P.R. 2015) .......................................................................................... 8

*Cooperativa da Ahorro y Credito Aguada* v. *Kidder, Peabody & Co.*,
　758 F. Supp. 64 (D.P.R. 1991) .............................................................................................. 3, 7

*Cruz* v. *Caribbean Univ., Inc.*,
　698 F. Supp. 2d 254 (D.P.R. 2009) .......................................................................................... 9

*Emery* v. *Am. Gen. Fin., Inc.*,
　71 F.3d 1343 (7th Cir. 1995) ................................................................................................ 2, 9

*Feinstein* v. *RTC*,
　942 F.2d 34 (1st Cir. 1991) ....................................................................................................... 5

*In re Fin. Oversight & Mgmt. Bd. for P.R.*,
　578 F. Supp. 3d 267 (D.P.R. 2021) ...................................................................................... 2, 6

*Garcia* v. *Carrión*,
　2010 WL 3662593 (D.P.R. Aug. 11, 2010) ...................................................................... 2, 3, 4

*Generadora de Electricidad del Caribe, Inc.* v. *Foster Wheeler Corp.*,
　92 F. Supp. 2d 8 (D.P.R. 2000) ................................................................................................. 3

*Gonzalez-Camacho* v. *Banco Popular de P.R.*,
　318 F. Supp. 3d 461 (D.P.R. 2018) .......................................................................................... 2

*Goya de P.R., Inc.* v. *Rowland Coffee*,
　206 F. Supp. 2d 211 (D.P.R. 2002) .......................................................................................... 7

*In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 347–48 (3d Cir. 2010) .................................. 5

*Juárez* v. *Select Portfolio Servicing, Inc.*,
　708 F.3d 269 (1st Cir. 2013) ................................................................................................. 3, 7

*Mulder* v. *Kohl's Dep't Stores, Inc.*,
  865 F.3d 17 (1st Cir. 2017) ..................................................................................................2

*N. Am. Soccer League, LLC* v. *U.S. Soccer Fed'n, Inc.*,
  883 F.3d 32 (2d Cir. 2018) ...................................................................................................9

*N.A.A.C.P.* v. *Claiborne Hardware Co.*,
  458 U.S. 886 (1982) ............................................................................................................11

*Payton* v. *Abbott Labs*,
  512 F. Supp. 1031 (D. Mass. 1981) ....................................................................................11

*In re Processed Egg Prods. Antitrust Litig.*,
  821 F. Supp. 2d 709 (E.D. Pa. 2011) ..................................................................................10

*Rodriguez-Navarro* v. *Am. Airlines, Inc.*,
  2016 WL 4179884 (D.P.R. Aug. 4, 2016) ............................................................................7

*Rodríguez-Ortega* v. *Philip Morris, Inc.*,
  2005 WL 8168625 (D.P.R. Mar. 23, 2005) ..........................................................................5

*Southland Sec. Corp.* v. *INSpire Ins. Sols., Inc.*,
  365 F.3d 353 (5th Cir. 2004) ................................................................................................9

*Surén-Millán* v. *United States*,
  38 F. Supp. 3d 208 (D.P.R. 2013) ........................................................................................2

*Taylor* v. *Airco, Inc.*,
  503 F. Supp. 2d 432 (D. Mass. 2007), *aff'd sub nom.*, 576 F.3d 16 (1st Cir.
  2009) ...................................................................................................................................10

*Vázquez Lazo* v. *Emeterio Walker*,
  2016 WL 8711710 (D.P.R. Sept. 30, 2016) ......................................................................3, 8

*Woods* v. *Wells Fargo Bank, N.A.*,
  733 F.3d 349 (1st Cir. 2013) .............................................................................................3, 7

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297
  (4th ed. 2023) .......................................................................................................................3

Federal Rule of Civil Procedure 8(a) .............................................................................................2

Federal Rule of Civil Procedure 9(b) ..................................................................................... *passim*

Federal Rules of Civil Procedure 12(b)(6) .....................................................................................1

Rule 7 of Puerto Rico Rules Against Misleading Practices and Advertisements ..........................4

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), Defendant Exxon Mobil Corporation ("ExxonMobil") respectfully moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim.[1]

## PRELIMINARY STATEMENT

Plaintiffs' claims against ExxonMobil should be dismissed because they sound in fraud, but are not pleaded with the particularity that Federal Rule of Civil Procedure 9(b) requires.

Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud. To satisfy Rule 9(b), a plaintiff must plead with particularity—for *each* alleged misrepresentation by *each* defendant—who made the misrepresentation, to whom it was made, when it was made, and its specific contents. Rule 9(b) also requires that a plaintiff allege with particularity its detrimental reliance on each purportedly misleading statement.

Plaintiffs' claims do not remotely satisfy this standard. Plaintiffs have cobbled together purportedly fraudulent statements that they attribute to ExxonMobil, but all of them indisputably were made far beyond Puerto Rico's borders and long ago. Among other fatal deficiencies in Plaintiffs' claims, Plaintiffs have not claimed that a single allegedly fraudulent statement by ExxonMobil was made in Puerto Rico, directed at Puerto Rico, or even seen by Plaintiffs in Puerto Rico. Indeed, none of the allegedly deceptive statements that Plaintiffs identify have *any* nexus to Puerto Rico at all. It is therefore unsurprising that Plaintiffs have also failed to allege detrimental reliance on those statements.

To the extent Plaintiffs seek to impose liability on ExxonMobil for statements allegedly made by others, they cannot do so consistent with Rule 9(b). Although Plaintiffs allege that

---

[1] ExxonMobil has joined in Defendants' Joint Motion to Dismiss the Amended Complaint, and incorporates those arguments herein. In filing this brief, ExxonMobil does not waive, and expressly preserves, any right, defense, affirmative defense, or objection, including, without limitation, lack of personal jurisdiction.

"Defendants" are responsible for certain purportedly fraudulent conduct, they make little to no effort to differentiate between Defendants, and fall far short of identifying each Defendant's alleged fraudulent conduct. That approach plainly violates Rule 9(b)'s mandate that pleadings identify *each* alleged misrepresentation by *each* defendant. Further, Plaintiffs cannot impute statements by non-party "industry associations" to ExxonMobil because Plaintiffs have failed to plead the requisite connection between those statements and ExxonMobil.

Because Plaintiffs have failed to allege claims against ExxonMobil with the particularity required by Rule 9(b), their claims must be dismissed.

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs must comply with Rule 9(b) even if they do not explicitly claim fraud, but their allegations nonetheless sound like fraud." *Gonzalez-Camacho* v. *Banco Popular de P.R.*, 318 F. Supp. 3d 461, 481 (D.P.R. 2018); *see Mulder* v. *Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017); *Garcia* v. *Carrión*, No. CIV 09-1507, 2010 WL 3662593, at *7 (D.P.R. Aug. 11, 2010) (holding that Rule 9(b) applies if a claim either "explicitly alleges fraud" or "sounds in fraud").

Rule 9(b) imposes a "higher pleading standard" than Rule 8(a)'s notice-pleading standard. *Surén-Millán* v. *United States*, 38 F. Supp. 3d 208, 217 (D.P.R. 2013). To plead fraud with "particularity," as Rule 9(b) requires, a plaintiff "usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). Furthermore, where a plaintiff alleges multiple acts of fraud, multiple schemes, and/or multiple defendants, the complaint must detail with particularity *each* act of fraud, *each* scheme, and the role of *each* defendant therein. *See Emery* v. *Am. Gen. Fin., Inc.*, 71 F.3d 1343, 1348 (7th Cir. 1995); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp.

3d 267, 285 (D.P.R. 2021); *Vázquez Lazo* v. *Emeterio Walker*, No. CV 15-1891, 2016 WL 8711710, at *2 (D.P.R. Sept. 30, 2016). "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times those accusations are repeated." *Generadora de Electricidad del Caribe, Inc.* v. *Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 18 (D.P.R. 2000) (quoting *Hayduk* v. *Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)).

Rule 9(b) "requires a complaint in an action based on fraud . . . to allege all the substantive elements of fraud." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (4th ed. 2023). That includes detrimental reliance, which "by definition, is one of the necessary elements for *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada* v. *Kidder, Peabody & Co.*, 758 F. Supp. 64, 73 (D.P.R. 1991); *see Generadora de Electricidad*, 92 F. Supp. 2d at 20 (holding that "the concept of fraud which is present in Rule 9(b)" requires that plaintiff plead "detrimental reliance upon the representation by the person claiming to have been deceived"); *see, e.g.*, *Woods* v. *Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013); *Juárez* v. *Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013).

**II.    ARGUMENT**

    **A.    Rule 9(b) Applies to Plaintiffs' Claims Against ExxonMobil.**

All of Plaintiffs' claims must satisfy Rule 9(b)'s heightened pleading standard, because they all "explicitly allege fraud" or "sound in fraud." *See Garcia*, 2010 WL 3662593, at *7. Plaintiffs' theory of liability rests almost entirely on allegations of fraud. Indeed, they announce at the outset of the Amended Complaint that they seek to impose liability on Defendants for "*misrepresent[ing]* the dangers of carbon-based products." Am. Compl. ¶ 2. Moreover, Plaintiffs allege in a conclusory fashion that, "[d]ecades ago," Defendants "obtained scientific information establishing that products they marketed and sold in Puerto Rico accelerated climate change," *id.*,

3

and that Defendants "collude[d] by investing certainly hundreds of millions, and probably billions, into a *fraudulent marketing scheme* to convince all consumers, including the citizens of these Municipalities, that their fossil fuel-based products did not—and would not—alter the climate." *Id.* ¶ 6 (emphasis added); *see id.* ¶ 7(e) (accusing Defendants of "carefully crafted corporate subterfuge").

All of Plaintiffs' claims are based on this flawed theory of fraud. Plaintiffs' first three causes of action are for "common law consumer fraud"; "conspiracy to commit common law consumer fraud and deceptive business practices"; and "violations of Rule 7 of the Puerto Rico Rules Against Misleading Practices and Advertisements." *Id.* ¶¶ 634–716. Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") are premised on mail fraud and wire fraud. *See id.* ¶ 729. Plaintiffs also rely on averments of fraud in pleading the elements of the remaining causes of action in their Amended Complaint. *See id.* ¶¶ 781, 822, 827 (public and private nuisance); ¶ 770 (Sherman Act § 1); ¶¶ 787, 791, 796 (failure to warn); ¶¶ 801, 807, 817 (design defect); ¶¶ 830, 833 ("Restitution-Unjust Enrichment").

Courts routinely require that claims like Plaintiffs'—which are premised on allegedly fraudulent conduct—satisfy Rule 9(b) without regard to whether plaintiff asserts standalone fraud claims. In *Garcia*, for example, plaintiffs asserted shareholder derivative claims against corporate board members, including for breach of the fiduciary duties of loyalty and care. 2010 WL 3662593, at *2. While breach of fiduciary duty is not an "explicit fraud claim," the court recognized that the claim rested on allegations that the board publicly offered stock pursuant to a false and misleading registration statement. *Id.* at *2, *7. Therefore, the court held, plaintiff's claims "sound[ed] in fraud," warranting Rule 9(b)'s application. *Id.* at *7. So, too, here. There can be no doubt that Rule 9(b) applies to Plaintiffs' claims that *are* "explicit fraud claim[s]." *See*

4

Am. Compl. ¶¶ 634–716; *see, e.g.*, *Rodríguez-Ortega* v. *Philip Morris, Inc.*, 2005 WL 8168625, at *5 (D.P.R. Mar. 23, 2005) (applying Rule 9(b) to claims of "fraud, misrepresentation and/or deceit, concealment by omission"). But even Plaintiffs' claims that do not expressly assert fraud rest on Plaintiffs' allegation that ExxonMobil allegedly "deceived" Puerto Rico consumers about "the role of fossil fuel products in causing" climate change. Am. Compl. ¶ 595; s*ee id.* ¶¶ 781, 822, 827 (public and private nuisance); ¶ 770 (Sherman Act § 1); ¶¶ 787, 791, 796 (failure to warn); ¶¶ 801, 807, 817 (design defect); ¶¶ 830, 833 ("Restitution-Unjust Enrichment"); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 347–48 (3d Cir. 2010) (Rule 9(b) pleading applies to Sherman Act claims sounding in fraud); *Feinstein* v. *RTC*, 942 F.2d 34, 42 (1st Cir. 1991) (Rule 9(b) applies to RICO claims that plead predicate acts of mail and wire fraud). Therefore, Rule 9(b) must apply to all of Plaintiffs' claims.

### B. Plaintiffs' Allegations Against ExxonMobil Fail to Satisfy Rule 9(b).

Plaintiffs' allegations against ExxonMobil fail to meet Rule 9(b)'s stringent pleading requirements because the Amended Complaint fails to identify *each* alleged misrepresentation by ExxonMobil, or who purportedly saw or relied on each statement to their detriment.

#### 1. Plaintiffs Fail to Plead Any Alleged Misrepresentations Attributable to ExxonMobil with Particularity.

Plaintiffs' original Complaint identified only six purportedly misleading statements allegedly attributable to ExxonMobil, its predecessors, or affiliates. As demonstrated in ExxonMobil's Motion to Dismiss the original Complaint, Plaintiffs failed to allege those isolated statements, which have absolutely no nexus to Puerto Rico, with the requisite particularity. *See* ExxonMobil's Mem. Of Law ISO Defs.' Mot. to Dismiss, ECF No. 193. Although Plaintiffs attempt to cobble together additional purportedly deceptive statements attributable to ExxonMobil in their Amended Complaint, *see* Am. Compl. ¶¶ 313, 331, 356, 376, 388, 467, 495, 549, 552–53,

5

those statements suffer from the same fundamental defect—Plaintiffs fail to plead any of the statements with the particularity required by Rule 9(b).

### (a) Plaintiffs Fail to Allege Who Was Deceived by Any Statement.

Plaintiffs fail to allege with particularity who supposedly was deceived by *any* of the identified statements. Although Plaintiffs generically allege that consumers, "including the citizens of these Municipalities," were deceived by Defendants' statements, Plaintiffs do not so much as identify anyone—in Puerto Rico or among Plaintiffs themselves—who saw, heard about, or were exposed to any of these statements, let alone were deceived by them. Rather, Plaintiffs highlight statements published in Texas, *see, e.g., id*. ¶¶ 384–85, 506, circulated in national publications based in New York, *see, e.g., id*. ¶¶ 376, 388, 465, 467, and sent to investors and employees of a Canadian company, *see, e.g., id.* ¶ 464, as well as several allegedly deceptive statements made internally among ExxonMobil employees, *see, e.g., id.* ¶¶ 313, 331, 356. Notably, none of the misrepresentations—whether public facing or internal—are alleged to have been crafted for or directed at Puerto Rico. That alone requires dismissal of Plaintiffs' claims against ExxonMobil. *See Alternative Sys. Concepts*, 374 F.3d at 29–30 (explaining that Rule 9(b) requires plaintiff to allege "the who" of the allegedly false or fraudulent representation, and dismissing plaintiff's claims for failing to identify "to whom" the allegedly "misleading statements . . . were made"); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp. 3d at 286 (dismissing fraud claims under Rule 9(b) where plaintiff alleged "that fraud occurred at unspecified meetings attended by unspecified individuals").

### (b) Plaintiffs Fail to Allege Detrimental Reliance on Any Statement.

Because Plaintiffs fail to specify anyone who allegedly was deceived by any of the purportedly misleading statements, they similarly fail to allege who in particular detrimentally

6

relied on any of those statements, which is one of the "necessary elements for *any* fraud claim." *Cooperativa da Ahorro y Credito Aguada*, 758 F. Supp. at 73.  Under Plaintiffs' theory of liability, unspecified consumers in Puerto Rico, including Plaintiffs, used fossil fuels at levels beyond what they would have, absent allegedly deceptive statements that were made far away from Puerto Rico. *See, e.g.*, Am. Compl. ¶ 674 (alleging that Defendants "promote[d] climate change denial and undermine[d] scientific consensus as a deceptive means to manipulate the Municipalities and their citizens into continuing to purchase their products and avoid the energy source alternative").  But Plaintiffs utterly fail to allege with any specificity who in particular supposedly relied to their detriment on the alleged misrepresentations.  In fact, despite alleging in conclusory fashion that Defendants "targeted their campaign of deception at Puerto Rico and the United States" and that Plaintiffs "reasonably and justifiably relied on the Defendants' representations," *id.* ¶¶ 13, 652, the Amended Complaint conspicuously fails to identify a single alleged misrepresentation made by ExxonMobil that was prepared for or directed at Puerto Rico, or to plausibly allege that Plaintiffs actually saw or relied on any of the identified statements to their detriment.  This deficiency also requires dismissal of Plaintiffs' claims against ExxonMobil.  *See Woods*, 773 F.3d at 358 (affirming dismissal of a claim under Rule 9(b) where the complaint was "wholly silent on the issue of [plaintiff's] actual reliance"); *Juárez*, 708 F.3d at 280 (affirming dismissal of a claim of fraud based on wrongful foreclosure under Rule 9(b) for failure to specifically plead facts showing detrimental reliance).  This deficiency is especially significant with respect to Plaintiffs' claims purportedly pleaded under Puerto Rico law, which necessarily applies only to conduct in Puerto Rico.  *See Rodríguez-Navarro* v. *Am. Airlines, Inc.*, 2016 WL 4179884, at *3 n.7 (D.P.R. Aug. 4, 2016) ("Puerto Rico law does not apply extraterritorially"); *Goya de P.R., Inc.* v. *Rowland Coffee,*

206 F. Supp. 2d 211, 215 n.4 (D.P.R. 2002) ("It is well settled that Puerto Rico's laws cannot be interpreted to have an extraterritorial effect.").

> **2. Plaintiffs Impermissibly Allege Unattributed Statements to Defendants Collectively and Impermissibly Attribute the Statements of Third Parties to ExxonMobil.**

The Amended Complaint's remaining allegations of fraudulent conduct fail because they are improperly attributed to "Defendants" collectively, or to third-party organizations. Such generalized allegations cannot properly be attributed to ExxonMobil consistent with Rule 9(b).

> **(a) Plaintiffs Rely on Impermissible Group Pleading.**

Throughout the Amended Complaint, Plaintiffs repeatedly refer to allegedly fraudulent conduct committed by "Defendants" collectively, without specifying, as Rule 9(b) requires, which of the Defendants is alleged to have engaged in the conduct, or without specifying each Defendant's alleged role. For example, the Amended Complaint alleges: "*Defendants* proclaimed that climate change was not a real, imminent threat." Am. Compl. ¶ 7(a) (emphasis added); the "*Oil Defendants and API* . . . embark[ed] on a public relations campaign . . . to deceive the public about the science connecting global climate change to fossil fuel products and greenhouse gas emissions." *Id.* ¶ 373 (emphasis added). Which Defendants? Which statements? Plaintiffs nowhere "specify the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc.*, 374 F.3d at 29. As such, these and similar allegations throughout the Amended Complaint fail to satisfy the requirements of Rule 9(b). "Where multiple defendants are asked to respond to allegations of fraud, the complaint must particularize *each defendant's* alleged participation in the fraud." *Vázquez Lazo*, 2016 WL 8711710, at *2 n.5 (emphasis added). Where, as here, Plaintiffs "group all of the Individual Defendants together generally without specifically referring to each one of them[,]" Rule 9(b) is not satisfied. *Blue* v. *Doral Fin. Corp.*, 123 F. Supp. 3d 236, 271 (D.P.R. 2015). That is in part because one of the primary purposes of

8

Rule 9(b)'s particularity requirement is "to place defendants on notice and enable them to prepare meaningful responses[.]" *Cruz* v. *Caribbean Univ., Inc.*, 698 F. Supp. 2d 254, 260 (D.P.R. 2009). For ExxonMobil to prepare an effective defense to Plaintiffs' expansive and amorphous claims, it is entitled to—and must—know each supposedly deceptive act that Plaintiffs allege *it* has taken, and who in particular is alleged to have been deceived by each act. *See Emery*, 71 F.3d at 1348.

### (b) Plaintiffs Cannot Attribute the Statements of Third Parties to ExxonMobil.

Plaintiffs seek to impose liability on Defendants, including ExxonMobil, for statements made by various "fossil fuel industry associations" and other third parties, nearly all of which are not parties in this action. *See, e.g.*, Am. Compl. ¶¶ 412–17, 421–22, 519. But not "every action by a trade association is . . . concerted action by the association's members," *N. Am. Soccer League, LLC* v. *U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 40 (2d Cir. 2018), and "concerted action does not exist every time a trade association member speaks or acts." *Alvord-Polk, Inc.* v. *F. Schumacher & Co.*, 37 F.3d 996, 1007 (3d Cir. 1994). Therefore, under Rule 9(b), it is Plaintiffs' obligation to plead with particularity the connection between a defendant and the statement it seeks to impute to that defendant. *Southland Sec. Corp.* v. *INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004).

Plaintiffs fall far short of fulfilling that requirement. For example, Plaintiffs aver generically that ExxonMobil has been a "member" of various organizations at various times, without specifying any further details about that purported membership or the nature of ExxonMobil's alleged relationship with the organizations. *See, e.g.*, Am. Compl. ¶¶ 406–07. Similarly, the Amended Complaint asserts that ExxonMobil's employees and representatives were "directly involved" or "participated" in various organizations, *see, e.g.*, *id.* ¶¶ 407, 728, but fail to allege any further details about their alleged role in the organization or in preparing or

9

disseminating allegedly deceptive statements by the organization. Plaintiffs also include a few generalized allegations that ExxonMobil provided funding to certain third parties, but those allegations come nowhere close to the level of particularity Rule 9(b) requires. For example, Plaintiffs claim that ExxonMobil funded "dozens of think tanks, front groups, and dark money foundations," *id.* ¶ 432, but provide no specifics as to the purposes or use of any purported contributions. *Id.* ¶¶ 432, 437. Although Plaintiffs allege that ExxonMobil "has contributed at least $715,000 to the George C. Marshall Institute (GMI)," *id.* ¶¶ 433, they do not allege any connection between ExxonMobil's contributions and alleged misrepresentations by GMI. *Id.* ¶¶ 433–36. Rather, Plaintiffs state in a conclusory manner that GMI and the Oregon Institute of Science and Medicine co-published the "Oregon Petition" "with the support of ExxonMobil." *Id.* ¶ 434.

These vague and conclusory allegations about ExxonMobil's relationship to third-party organizations fail to satisfy Rule 9(b).[2] *See, e.g.*, *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1290 (3d Cir. 1994) (Alito, J.) (rejecting arguments that a defendant's donations to a third party and attendance at meetings held by the third party were sufficient to establish a conspiracy); *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 753 (E.D. Pa. 2011) (that the Egg Association, Egg Producers, and Egg Merchants "ha[ve] overlapping members," and that Egg Association members may have attended Egg Producers and Egg Merchants meetings, or vice versa, "are not sufficient alone to plausibly suggest that" the Egg Association "participated in the conspiracy"); *Taylor* v. *Airco, Inc.*, 503 F. Supp. 2d 432, 446 (D. Mass. 2007) (refusing to impute

---

[2] Plaintiffs also make vague allegations that ExxonMobil participated in a hacking scheme that targeted communications among climate activists, which they contend was "likely in furtherance and defense of the Defendants' racketeering enterprise." Am. Compl. ¶ 524. But Plaintiffs plead no specific allegations as to ExxonMobil's alleged involvement, and even acknowledge that "ExxonMobil has not been charged with involvement" in the scheme. *Id.* Plaintiffs' baseless attempt to attribute the unlawful conduct of a third party to ExxonMobil should be disregarded.

organization's statements to members, even where members sent representatives and participated in drafting the allegedly misleading statements, where "no evidence of record indicate[d] to what extent each Defendant controlled the contents" of the organization's publication), *aff'd sub nom.*, *Taylor* v. *Am. Chemistry Council*, 576 F.3d 16 (1st Cir. 2009); *Payton* v. *Abbott Labs*, 512 F. Supp. 1031, 1038 (D. Mass. 1981) ("There is nothing inherently wrong with membership in an industry-wide trade association" or "with participating in scientific conferences[.] . . . Indeed, these practices are probably common to most industries."); *see also N.A.A.C.P.* v. *Claiborne Hardware Co.*, 458 U.S. 886, 890, 902, 919–920 (1982) (holding that the First Amendment barred Mississippi's imposition of tort liability on NAACP Field Secretary, Charles Evers, in connection with an NAACP boycott because "[c]ivil liability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence[; f]or liability to be imposed by reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims.").

## CONCLUSION

Rule 9(b) requires Plaintiffs to plead their claims against ExxonMobil, all of which are premised on an alleged campaign of deception, with particularity.  Among other things, Plaintiffs must specify *each* allegedly deceptive statement made by ExxonMobil, to whom those deceptive statements were made, and how anyone deceived by any such statements relied on them to their detriment.  Because Plaintiffs plainly have failed to do so, their claims against ExxonMobil should be dismissed.

WHEREFORE ExxonMobil respectfully requests that the Court DIMISS Plaintiffs' Amended Complaint.

DATED: January 30, 2024

        By: */s/* Néstor M. Méndez-Gómez
        Néstor M. Méndez Gómez
        USDC-PR Bar No. 118409

        /s/ María D. Trelles-Hernández
        María D. Trelles Hernández
        USDC-PR Bar No. 225106
        PIETRANTONI MENDEZ & ALVAREZ LLC
        Popular Center, 19th Floor
        208 Ponce de León Ave.
        San Juan, Puerto Rico 00918
        Telephone: (787) 274-1212
        Facsimile: (787) 274-1470
        Email: nmendez@pmalaw.com
        Email: mtrelles@pmalaw.com

        Theodore V. Wells, Jr. (*pro hac vice*)
        Daniel J. Toal (*pro hac vice*)
        Yahonnes Cleary (*pro hac vice*)
        Caitlin E. Grusauskas (*pro hac vice*)
        PAUL, WEISS, RIFKIND,
        WHARTON & GARRISON LLP
        1285 Avenue of the Americas
        New York, New York 10019-6064
        Telephone: (212) 373-3000
        Facsimile: (212) 757-3990
        Email: twells@paulweiss.com
        Email: dtoal@paulweiss.com
        Email: ycleary@paulweiss.com
        Email: cgrusauskas@paulweiss.com

        *Attorneys for Defendant EXXON MOBIL CORPORATION*

We hereby certify that, on the above date, we filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the system.

*/s/*Néstor M. Méndez-Gómez
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409

/s/ María D. Trelles-Hernández
María D. Trelles Hernández
USDC-PR Bar No. 225106

PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com