# EXHIBIT C

BRONSTER FUJICHAKU ROBBINS
A Law Corporation

| | |
|---|---|
| MARGERY S. BRONSTER | 4750 |
| LANSON K. KUPAU | 5687 |

1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone:   (808) 524-5644
Facsimile:    (808) 599-1881
E-mail:   mbronster@bfrhawaii.com
              lkupau@bfrhawaii.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
VICTOR L. HOU (*pro hac vice*)
BOAZ S. MORAG (*pro hac vice*)
One Liberty Plaza
New York, NY 10006
Telephone:   (212) 225-2000
Facsimile:    (212) 225-3999
Email:   vhou@cgsh.com
            bmorag@cgsh.com

Attorneys for Defendants
BHP GROUP LIMITED, BHP GROUP PLC, AND
BHP HAWAII INC.

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0000380
07-APR-2022
08:39 AM
Dkt. 637 ORDG**

**See Note at end regarding the court's change to paragraph 7**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU, AND HONOLULU BOARD OF WATER SUPPLY,<br><br>           Plaintiffs,<br><br>vs.<br><br>SUNOCO LP; ALOHA PETROLEUM, LIMITED; ALOHA PETROLEUM LLC; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORP; CHEVRON USA INC.; BHP GROUP LIMITED; BHP GROUP PLC; BHP HAWAII INC.; BP PLC; BP | CIVIL NO.: 1CCV-20-0000380 (JPC)<br>(Other Non-Vehicle Tort)<br><br>**ORDER GRANTING DEFENDANTS BHP GROUP LIMITED AND BHP GROUP PLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FILED ON JUNE 2, 2021**<br><br>Trial Date: None<br><br>Hearing Date: October 15, 2021<br>Hearing Time: 8:45 a.m.<br><br>The Honorable Jeffrey P. Crabtree |

AMERICA INC.; MARATHON
PETROLEUM CORP.; CONOCOPHILLIPS;
CONOCOPHILLIPS COMPANY; PHILLIPS
66; PHILLIPS 66 COMPANY; AND DOES
1 through 100, inclusive,

            Defendants.

**ORDER GRANTING DEFENDANTS BHP GROUP LIMITED AND
BHP GROUP PLC'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION, FILED ON JUNE 2, 2021**

Defendants BHP Group Limited and BHP Group plc (the "Moving Defendants")'s Motion to Dismiss for Lack of Personal Jurisdiction filed on June 2, 2021 ("Motion") came on for hearing on October 15, 2021 at 8:45 a.m. before the Honorable Jeffrey P. Crabtree.  Robert M. Kohn, Esq., Victor M. Sher, Esq., and Matthew K. Edling, Esq. appeared on behalf of Plaintiffs, and Mr. Edling argued on behalf of Plaintiffs.  Margery S. Bronster, Esq., Lanson K. Kupau, Esq., Victor L. Hou, Esq., and Boaz S. Morag, Esq. appeared on behalf of the Moving Defendants, and Mr. Hou argued on behalf of the Moving Defendants.

After reviewing and considering the Motion, memoranda in support of and in opposition to the motion, declarations, exhibits, and arguments presented at the hearing, and the record and pleadings on file,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED, as set forth below:

1.    On March 9, 2020, Plaintiffs filed a complaint against, *inter alia*, the Moving Defendants.  Dkt. No. 1.  On March 22, 2021, Plaintiffs filed an amended complaint.  Dkt. No. 45.  On June 2, 2021, the Moving Defendants filed the Motion pursuant to Rules 7 and 12(b)(2) of the Hawaiʻi Rules of Civil Procedure and Rule 7 of the Rules of the Circuit Courts of the State of Hawaiʻi to dismiss the amended complaint for lack of personal jurisdiction.  Dkt No. 353.  In

2

connection with the Motion, the Moving Defendants attached a declaration from Jamie Stollery, Head of Disputes (Legal) for the Moving Defendants. *Id.* at Ex. A.  In response to Plaintiffs' requests for jurisdictional discovery, the Moving Defendants produced to Plaintiffs thousands of pages of documents potentially relevant to the Motion. *See* Dkt. No. 326.  On August 19, 2021, Plaintiffs deposed Mr. Stollery. *See* Dkt. No. 510 at Ex. 1.  Plaintiffs did not indicate any aspect of jurisdictional discovery they were unable to obtain or any dispute relating thereto, and on August 30, 2021, Plaintiffs filed their opposition to the Motion.  Dkt No. 508.  In support of their opposition, Plaintiffs filed a declaration attaching documents obtained from the Moving Defendants during jurisdictional discovery, and excerpts of the transcript of Mr. Stollery's deposition.  Dkt. Nos. 509–511.  On September 30, 2021, the Moving Defendants filed a reply brief in support of the Motion.  Dkt. No. 519.  With their reply, the Moving Defendants filed a declaration submitting additional documents produced to Plaintiffs during jurisdictional discovery. *Id.*; Dkt. No. 520.

2.     The Motion came on for hearing on October 15, 2021.  On October 21, 2021, BHP Group Limited submitted a supplemental letter with a corporate structure chart showing the relationship among relevant BHP Group Limited entities.  Dkt. No. 539.

3.     The Moving Defendants contest the veracity of the factual jurisdictional allegations as to them contained in the amended complaint and they submitted to jurisdictional discovery at Plaintiffs' behest.  Therefore, the Court does not accept the jurisdictional allegations in the complaint as true for purposes of this Motion.  Instead, Plaintiffs have the burden to prove that this Court has jurisdiction over the Moving Defendants by a preponderance of the evidence in the record.  *Shaw v. N. Am. Title Co.*, 76 Haw. 323, 327 (1994).

3

4.      BHP Group plc is a mining company, not an oil company.  It has not had business dealings in the forum state, and has no demonstrated connection to any subsidiary operating in the forum state.  Plaintiffs do not object to the dismissal of BHP Group plc. Dkt. No. 508 at 1 n.2.

5.      As to BHP Group Limited, Plaintiffs raise two primary arguments in opposition to the Motion.  First, Plaintiffs argue that BHP Group Limited's own contacts with the forum state are sufficient for this Court to find specific jurisdiction.  Second, they argue that this Court has general jurisdiction over BHP Group Limited because the at-home status and contacts with the forum state of Defendant BHP Hawaii Inc., an indirect subsidiary of BHP Group Limited, should be imputed to BHP Group Limited.

6. It is undisputed that BHP Group Limited, an Australian parent or holding corporation, engaged in business activity in the forum state from approximately 1983/1989 to 1998; however, this activity was conducted through a subsidiary. BHP Group Limited's local indirect subsidiary, BHP Hawaii Inc., has been inactive since 1998.  Conducting business through a subsidiary does not automatically create jurisdictional contacts attributable to the parent for the purposes of specific jurisdiction. *Moody v. Charming Shoppes of Delaware, Inc.*, No. C 07-06073 MHP, 2008 WL 2128955, at *6–8 (N.D. Cal. May 20, 2008).

7.      One requirement for a Court to maintain specific jurisdiction over a defendant is that it purposefully availed itself of the forum state. *Williams v. Yamaha Motor Co., Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017).  However, neither BHP Group Limited nor BHP Hawaii Inc. has had fossil fuel marketing contacts with Hawaiʻi since 1998.  Therefore, to the extent that BHP Group Limited had any fossil fuel marketing contacts of its own with Hawaiʻi, there has been no purposeful availment of Hawaiʻi by BHP Group Limited for the last 24 years.  Although jurisdictional contacts are examined at the time of the events underlying the dispute, *Steel v. United*

4

*States*, 813 F.2d 1545, 1549 (9th Cir. 1987), at least one jurisdictional contact should occur within the limitations period, *Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 588 (E.D. Pa. 2015). which under Haw. Rev. Stat § 657-7 is two years.  /jpc

8. In view of the above, and based on the arguments presented in the parties' written submissions and at oral argument, the Court concludes that BHP Group Limited does not have sufficient contacts with the forum state for this Court to exercise jurisdiction over it, and that it would be unreasonable to exercise jurisdiction over BHP Group Limited, an Australian company, based only on indirect forum contacts from 24 years ago. *In re Doe*, 83 Haw. 367, 374–75, 926 P. 2d 1290, 1297–98 (1995).

9. To the extent Plaintiffs argue that the Court has general jurisdiction over BHP Group Limited based on an alter ego relationship between BHP Group Limited and BHP Hawaii Inc., the Court disagrees. Hawai'i law generally recognizes and enforces the protections of the corporate form, except in rare cases. *Robert's Hawaii Sch. Bus., Inc. v. Laupahoehoe Transp. Co., Inc.*, 91 Haw. 224, 241 (1999). This case is not one of those rare cases. *See Doe v. Unocal Corp.*, 248 F.3d 915, 927 (9th Cir. 2001); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Therefore, general jurisdiction does not exist as to BHP Group Limited because the contacts of BHP Hawaii Inc. may not be imputed to it under an alter ego theory.

Based on the totality of the factual allegations, counter-allegations, and conflicting inferences in the record of this Motion, the Court concludes that Plaintiffs have not met their burden to establish personal jurisdiction over BHP Group Limited by a preponderance of the evidence. Plaintiffs consent to the dismissal of BHP Group plc. Accordingly, the Court GRANTS the Motion as to BHP Group Limited and BHP Group plc. BHP Group Limited and BHP Group plc are hereby dismissed from this action for lack of personal jurisdiction. Nothing herein affects

5

the status of the claims of Plaintiffs against any Defendants other than BHP Group Limited and BHP Group plc.

DATED: Honolulu, Hawaiʻi, _____April 7, 2022_____.

_____
THE HONORABLE JEFFREY P. CRABTREE
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_____
DANA M.O. VIOLA, ESQ.
Corporation Counsel Designate
ROBERT M. KOHN, ESQ.
NICOLETTE WINTER, ESQ.
JEFF A. LAU, ESQ.
Deputies Corporation Counsel
Attorneys for Plaintiffs
*CITY AND COUNTY OF HONOLULU and*
*HONOLULU BOARD OF WATER SUPPLY*

**NOTE regarding the court's change to paragraph 7:**

**In the Circuit Court Rule 23 process to formalize this order, the parties' differences focused on paragraph 7. Plaintiffs argue the paragraph is unnecessary and infers a bright-line limitations period for jurisdictional contacts. That was not the court's intent. Paragraph 7 should be viewed only in the specific context of this case, e,g., the court's finding of no jurisdictional contact with the forum since 1998, and it being Plaintiff's burden to show jurisdiction by a preponderance of the evidence. The court concluded the burden was not met (paragraph 8). Tolling was not raised or argued. The two year limitations period was not a concrete factor in the court's analysis. /jpc**

*City and County of Honolulu, et al. vs. Sunoco LP, et al.*; Civil No.: 1CCV-20-0000380 (JPC); ORDER GRANTING DEFENDANTS BHP GROUP LIMITED AND BHP GROUP PLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FILED ON JUNE 2, 2021.