**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **THE MUNICIPALITY OF BAYAMÓN** *et al.*, | Case No. 3:22-cv-01550-SCC-HRV |
| *Plaintiff,* | |
| v. | |
| **EXXON MOBIL CORP.** *et al.*, | |
| *Defendants.* | |

<u>**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO
NON-PARTY MUNICIPALITY OF SAN JUAN'S MOTION FOR CONSOLIDATION**</u>

TO THE HONORABLE COURT:

 **COME NOW** the undersigned Defendants, through their respective counsel, and hereby submit this response in opposition to the *Motion to Consolidate Cases* filed by non-party Municipality of San Juan ("San Juan"), Dkt. No 286, which seeks to consolidate the case captioned *Municipality of San Juan v. Exxon Mobil Corporation et al.*, No. 23-cv-01608-ADC (the "San Juan case") with this action. In support of this response, Defendants state and pray as follows:

<u>**PRELIMINARY STATEMENT**</u>

 There are threshold issues pending in the San Juan case that should be resolved by that Court before addressing potential consolidation or the transfer of the San Juan case to this Court. For example, as set forth in greater detail below and in Defendants' Joint Response to the Order to express positions on consolidation entered on May 29, 2024 in the San Juan case, *see* Dkt. 69 in that case, consolidation is unnecessary and inefficient. Rather, the San Juan case should be dismissed because San Juan waived any objection to the Motions to Dismiss filed by the served

Defendants in that case.  Indeed, San Juan's consolidation request appears to be a pretext to relitigate issues in this case that it already waived or forfeited in the San Juan case, such as deadlines on motions, service of process issues, and the statute of limitations implications of its election to file an individual action.  In addition, formal consolidation likely would cause unnecessary delays given the different complaints, different procedural postures, different named parties, different served parties and different potentially dispositive issues.

If, however, the Court disagrees, Defendants do not object to reassignment or transfer of the San Juan case to this Court, provided that transfer is solely for the purpose of coordinating future deadlines between the two cases.  Defendants otherwise oppose formal consolidation of the two cases.

## RELEVANT PROCEEDINGS IN THE SAN JUAN CASE

1.    San Juan filed its Complaint on December 13, 2023.  *See* San Juan case, Dkt. No. 1.

2.    On April 8, 2024, the Defendants that had been served with process in the case (the "San Juan Defendants")[1] filed joint and individual motions to dismiss and related motions, including a request for judicial notice (the "Request for Judicial Notice"; together with the motions to dismiss and related motions, the "Motions to Dismiss").  *See* San Juan case, Dkt. Nos. 28, 30, 31, 32, 34, 35, 36, 37, 39.

3.    San Juan's oppositions, if any, to the Motions to Dismiss were due on April 22, 2024.  *See* L. Civ. R. 7(b).  San Juan neither timely opposed the Motions to Dismiss nor requested

---

[1]    Defendants understand that, even now, not all of the defendants named in the San Juan case have been served, and for others service was attempted only recently.  For example, BHP Group Limited ("BHP") was served in the San Juan case on July 19, 2024, and currently has a Motion For Extension Of Time, San Juan case, Dkt. No. 83, pending before Judge Delgado-Colón.  Counsel for San Juan neither responded to BHP's request for an extension nor filed any timely response to BHP's motion for an extension.  BHP filed a Motion To Deem Motion For Extension Of Time Unopposed And Submitted For Resolution, San Juan case, Dkt. No. 84, on August 23, 2024.

additional time to respond, thereby waiving any objections to the Motions to Dismiss.

4.  On April 26, 2024, the San Juan Defendants requested that their Motions to Dismiss be deemed unopposed and granted for the reasons set forth in those motions.  *See Defendants' Motion to Deem Motions to Dismiss and Related Motions Unopposed*, San Juan case, Dkt. No. 41 (the "First Motion to Deem Unopposed").  The First Motion to Deem Unopposed is *sub judice*.

5.  Over a week after its oppositions were due, on April 30, 2024, San Juan filed a *Motion for Extension of Time to Oppose Motions at Dockets 28 to 39* (the "Motion for Extension of Time," San Juan case, Dkt. No. 42), belatedly seeking a 30-day extension of time to oppose the Motions to Dismiss.  *See id.* ¶¶ 1, 2.  Through such Motion for Extension of Time, San Juan appeared to request an extension through May 22, 2024, to oppose the Motions to Dismiss—*i.e.,* 30 days from the original April 22, 2024 deadline.  However, San Juan did not file any oppositions to the Motions to Dismiss by May 22, 2024.

6.  On May 8, 2024, the San Juan Defendants filed a *Response to Motion for Extension of Time to Oppose Motions at Dockets 28 to 39* (the "Response," San Juan case, Dkt. No. 44), in which they demonstrated that San Juan's Motion for Extension of Time was untimely and that San Juan had not shown excusable neglect for its failure to file timely responses—or even a timely request for an extension of the time to file them, as Federal Rule of Civil Procedure 6(b)(1)(B) requires.  *See id.*

7.  On May 23, 2024—*after* the expiration of the 30-day period following the original deadline (April 22, 2024)—San Juan filed a *Motion for Leave to File Omnibus Oppositions to Defendants' Motions to Dismiss* (the "Motion for Leave," San Juan case, Dkt. No. 52).  Like Plaintiffs in the instant case, San Juan sought to file omnibus responses to Defendants' Motions to Dismiss, rather than individualized responses to each of Defendants' individual motions.  *See id.*

¶ 8.  San Juan did not file proposed oppositions.

8.      On May 29, 2024, San Juan filed an untimely *Response in Opposition to Defendants' Joint Motion for Judicial Notice* (the "Response to Request for Judicial Notice," San Juan case, Dkt. No. 63).  In addition to being untimely, that response also appears to have been plagiarized from a similar response filed by the Plaintiffs in this case.  *Compare* San Juan case, Dkt. No. 63, *with* Dkt. No. 282 in the instant case.

9.      On June 5, 2024, without waiving their argument that San Juan's Response to Request for Judicial Notice was untimely and improper, the San Juan Defendants filed a motion for leave to stay the deadline to reply to that Response pending resolution of their First Motion to Deem Unopposed Defendants' Motions to Dismiss.  *See* San Juan case, Dkt. No. 66.  That motion is also *sub judice*.

10.     On June 6, 2024, the San Juan Defendants filed *Defendants' (1) Second Request to Deem Motions to Dismiss and Related Motions Unopposed, or (2) in the Alternative, Opposition to Plaintiff's Motion for Leave to File Omnibus Oppositions to Defendants' Motion to Dismiss* (the "Second Motion to Deem Unopposed," San Juan case, Dkt. No. 67).  In that motion, the San Juan Defendants reiterated their request that their Motions to Dismiss be deemed unopposed and granted, given San Juan's repeated failure to file responses thereto for nearly seven weeks.  *See id*. at 4-5.  In the alternative, the San Juan Defendants demonstrated that San Juan's Motion for Leave should be denied because (1) omnibus opposition briefing would be unfair to the San Juan Defendants as it would permit San Juan to avoid the defendant-by-defendant analysis that the law requires, and (2) the Motion for Leave was improperly copied from a motion filed in this case without updating facts for the San Juan case.  *See id*. at 5-10.

11.     On June 13, 2024, San Juan filed a *Motion Requesting Leave for Plaintiff to File*

*Instanter* (the "Instanter Motion," San Juan case, Dkt. No. 71). In the Instanter Motion, San Juan moved again—belatedly—for leave to respond to the Motions to Dismiss. That same day, without the Court in the San Juan case having acted on the Instanter Motion, San Juan tendered untimely omnibus responses to the Motion to Dismiss (the "Tendered Responses"). *See* San Juan case, Dkt. Nos. 72 and 73. San Juan filed its Tendered Responses to Defendants' Motions to Dismiss *nearly eight weeks* after they were originally due.

12.     On June 20, 2024, the San Juan Defendants filed an *Opposition to Motion Requesting Leave for Plaintiff to File Instanter (Dkt. No 71) and Motion to Strike Plaintiff's Reponses (Dkt. Nos. 72-73) to Defendants' Motions to Dismiss* (the "Opposition to Instanter Motion," San Juan case, Dkt. 75). In the Opposition to Instanter Motion, the San Juan Defendants argued that San Juan's Instanter Motion should be denied and the Tendered Responses stricken from the docket, because San Juan failed to respond to the Motions to Dismiss within the term prescribed by the Local Rules (*i.e.*, by April 22, 2024) or even within the additional 30-day term that San Juan had belatedly requested (*i.e.*, by May 22, 2024). Moreover, San Juan repeatedly failed to show (and never even attempted to show) excusable neglect for its violation of the rules. *See* Fed. R. Civ. 6(b)(1)(B). For those and the other reasons set forth in their First and Second Motions to Deem Unopposed, the San Juan Defendants argued that their Motions to Dismiss should be deemed unopposed and granted, the Tendered Responses should be stricken, and the Instanter Motion should be denied.[2] The Opposition to Instanter Motion is *sub judice*.

13.     On June 25, 2024—more than six months after initiating the San Juan case and

---

[2] Like virtually all filings by San Juan in the San Juan case, the Tendered Reponses are essentially copies of the oppositions to the motions to dismiss filed in this case. *Compare* San Juan Case, Dkt. Nos. 72-73 *with* Dkt. Nos. 280-281 in the instant case. The fact that the Tendered Responses appear to be nearly word-for-word copies of the oppositions filed by Plaintiffs in this case further confirms San Juan's lack of diligence and good faith.

nearly three months after the San Juan Defendants filed their Motions to Dismiss—San Juan filed a purported Racketeering Case Statement (the "RICO Statement," San Juan case, Dkt. No. 76).

14.    On July 11, 2024, Defendants moved to strike the RICO Statement (the "Motion to Strike," San Juan case, Dkt. No. 77) because, *inter alia*, (1) it was filed late, without leave of Court and without showing excusable neglect; and (2) San Juan failed to file it concurrently with the Complaint, which was both improper and highly prejudicial to the San Juan Defendants, who had already filed their motions to dismiss. *See* San Juan case, Dkt. No. 77. San Juan opposed the Motion to Strike and the San Juan Defendants moved for leave to reply and tendered their reply. *See* San Juan case, Dkt. Nos. 80, 81. The Motion to Strike and the motion for leave to reply are *sub judice*.

15.    On May 29, 2024, the Court in the San Juan case issued an Order indicating that it "wishe[d] to hear the parties' positions on" whether the San Juan case should be consolidated with this one. *See* San Juan case, Dkt. No. 64. On May 30, 2024, San Juan filed a two-page motion merely stating that "consolidation of these cases would assure uniformity between the ongoing rulings and procedures, and would avoid this Court unnecessarily wasting resources in managing the same case already being attended in the other case by another judge." San Juan case, Dkt. 65, ¶ 3.

16.    On June 7, 2024, the San Juan Defendants filed a joint response showing that consolidation was unnecessary and would be inefficient. *See* San Juan case, Dkt. No. 69. Like the San Juan Defendants, Defendants here contend that consolidation is unnecessary and would be inefficient. The Court in the San Juan case should dismiss that case based on San Juan's waiver of any objection to Defendants' Motions to Dismiss. The San Juan court has not yet ruled on the pending motions to deem unopposed.

17.     In the alternative, if this Court were inclined to rule on consolidation prior to dismissal of the San Juan case, Defendants would oppose formal consolidation, but would not be opposed to reassignment or transfer to this Court.  While Defendants maintain that the Court in the San Juan case should dismiss that case because of San Juan's failure to timely oppose the Motions to Dismiss, Defendants acknowledge that, should the San Juan case proceed, judicial resources could be conserved by having the two cases heard by a single judge.  But Defendants see no additional efficiency gains from formal consolidation rather than simply transferring the case under Local Rule 3A(a)(2), "[i]n the interest of justice . . . or to further the efficient performance of the business of the court."  *Id.*  Defendants oppose formal consolidation because the costs of consolidation substantially outweigh the benefits given the differences between the two cases, including different operative complaints, different procedural postures, different named parties and different served parties, and different potentially case-dispositive issues.

## ARGUMENT

It would be inefficient to consolidate the San Juan case with the instant case because the San Juan case should be dismissed.  As shown in the San Juan Defendants' first and second requests to treat the motions to dismiss as unopposed, San Juan case, Dkt. Nos. 41 & 67, dismissal is plainly warranted.  San Juan failed to oppose the San Juan Defendants' Motions to Dismiss within the 14-day period provided by this Court's rules, *see* Local Rule 7(b), or even within the further 30-day period San Juan requested as an extension, *see* Dkt. No. 42.  That failure is dispositive: the Local Rules provide that plaintiff "*shall* be deemed to have waived any objection to the motion[s]" in such cases.  Local Rule 7(b) (emphasis added).  Accordingly, the San Juan Defendants' Motions to Dismiss should each be granted and the San Juan case should be dismissed with prejudice.  *See, e.g.*, *Suárez-Díaz v. MCS Life Ins. Co.*, 2022 WL 3227806, at *3 (D.P.R. Aug. 10,

2022) (explaining failure to respond within the required time period "renders a party susceptible to involuntary dismissal" or dismissal on the merits of the motion); Fed. R. Civ. P. 41(b).

Dismissal—rather than consolidation—is particularly appropriate in light of San Juan's noncompliant conduct in its case.  Over the course of several months, the San Juan Defendants repeatedly reached out to San Juan to coordinate a proposed briefing schedule, but San Juan repeatedly rebuffed and stonewalled Defendants.  *See* San Juan case, Dkt. No. 44 (describing Defendants' repeated efforts to reach a scheduling and briefing agreement with San Juan's counsel).  Faced with impending deadlines and an unresponsive Plaintiff, the San Juan Defendants undertook significant efforts and expenses to file San Juan-specific Motions to Dismiss.  It also appears San Juan's counsel repeatedly copied verbatim the filings in this case, including the initial Complaint and various briefs, without updating the content to match the facts, claims, and even defendants at issue in the San Juan case.  *See* San Juan case, Dkt. No. 67 at 8–11; San Juan case, Dkt. No. 77 at 3.  And it is the undersigned Defendants' understanding that San Juan still has not served some of the other named Defendants.  San Juan's uncooperative and unresponsive conduct should not be sanctioned.

Alternatively, if the Court were inclined to rule on consolidation prior to dismissal, Defendants do not oppose the case being reassigned or transferred to this Court solely for the coordination of future deadlines between the two cases.  In the First Circuit, consolidation may be appropriate if "the two proceedings involve a common party and common issues of fact or law" and the trial court determines the "benefits of consolidation" outweigh the costs.  *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (emphasis omitted); *see United States v. Charter Int'l Oil Co.,* 83 F.3d 510, 516 n.7 (1st Cir. 1996) ("District courts may find . . . consolidation useful, if the cases so warrant, to expedite and clarify matters.  But they are

- 8 -

not required to do so.").  These threshold requirements are not met here because, although the claims in this action are factually related to those in the San Juan case, the benefits of consolidation do not outweigh the costs.  *See* San Juan case, Dkt. No. 1-1 (Civil Cover Sheet), San Juan case, Dkt. No. 65 (Pl.'s Response to Order of May 29, 2024) (acknowledgement of the factual relationship between the cases), San Juan case, Dkt. No. 30 (Defs.' Mot. for Leave to File Motions Exceeding Page Limit) (same); San Juan case, Dkt. No. 64 (Order of May 29, 2024) (same).

In the event San Juan's waiver of its objections to the San Juan Defendants' Motions to Dismiss were somehow excused, which it should not be, a transfer might conserve judicial resources as one judge would have greater familiarity with the relevant legal issues and there could be some benefit to aligning the various deadlines.

But Defendants oppose formal consolidation because it risks confusing the rights and obligations of the parties.  "Even when consolidated . . . each case's individuality and distinctness will remain." *Norton Lilly Intl., Inc. v. Puerto Rico Ports Auth.*, No. CV 18-1012 (GAG), 2019 WL 13094747, at *2 (D.P.R. May 16, 2019) (citing *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 113 (1st Cir. 1990)).  If formal consolidation is ordered, Defendants expect that San Juan may attempt to use it as an excuse to attempt to relitigate issues that it has waived or forfeited in the San Juan case, such as deadlines on motions, service of process issues, and statute of limitations implications from its decision to file an individual action.  *See, e.g.*, San Juan case, Dkt. 34, at 10 n.7 (Defs.' Jt. Mot. to Dismiss) (explaining that putative class members that file their own individual suit prior to a court denying class certification do not get the benefit of tolling of the statute of limitations).  Such re-litigation risks confusing the issues and would be unfair and prejudicial to the San Juan Defendants.  Formal consolidation may cause unnecessary

delays given the different operative complaints (San Juan's Complaint tracks with the now-dis-
carded initial complaint in this case), different named parties (API is a named party only in this
case), different served parties (not all named Defendants were served in the San Juan case), and
different potentially dispositive issues (e.g., waiver by failing to oppose motions, plagiarism, and
class certification issues). Moreover, this case is a putative class action while the San Juan case is
an individual action, so if this case proceeds to class discovery and class certification motions, the
San Juan case would either be significantly delayed or the cases would effectively be re-severed
which would greatly reduce any efficiency benefits from consolidation.

     As an alternative, transfer for coordination purposes (but not formal consolidation) is not
unusual where there are at least some distinct legal issues. For example, in *Assured Guaranty
Corp. v. Alejandro Garcia-Padilla*, Case No. 16-cv-1037-FAB (D.P.R.) and *Financial Guaranty
Insurance, Co.*, *v. Alejandro Garcia-Padilla, et al.*, Case No. 16-cv-1095-FAB (D.P.R.), the sim-
ilar cases and motions were "handled jointly . . . but the cases [were] not formally consolidated."
Opinion and Order at 3 n.5, *Fin. Guar. Ins., Co.*, *v. Alejandro Garcia-Padilla, et al.*, Case No. 16-
cv-1095-FAB (D.P.R. Oct. 4, 2016). Absent threshold dismissal of the San Juan action, Defend-
ants believe that transfer solely for coordination purposes—but not formal consolidation—would
be appropriate here.

*    *    *

     In sum, Defendants respectfully submit that this Court should decline to rule on San Juan's
motion to consolidate until the San Juan court first resolves the pending threshold issues in the San
Juan case. In particular, dismissal of the San Juan case is appropriate and would be more efficient
than consolidation. In the alternative, Defendants do not object to transfer of the San Juan case to

this Court solely for purposes of coordination between the two cases. Defendants otherwise op-

pose formal consolidation given the differences between the cases and the risk that consolidation

will generate additional, unnecessary motion practice regarding the effects of consolidation on San

Juan's various waivers, forfeitures, and failures to comply with deadlines in the San Juan case.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, on this 27th day of August 2024.

By: *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
McConnell Valdes LLC
P.O. Box 364225
San Juan, PR 00936-4225
Telephone: 787-250-2631
Facsimile: 787-474-9201
E-mail: rcq@mcvpr.com
E-mail: ezm@mcvpr.com
E-mail: mpc@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
E-mail: tboutrous@gibsondunn.com
E-mail: wthomson@gibsondunn.com
E-mail: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 887-3784
E-mail: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone:  713.651.9366
Facsimile:  713.654.6666
E-mail:  nmanne@susmangodfrey.com
E-mail:  eharris@susmangodfrey.com

*Attorneys for Defendant*
*CHEVRON CORPORATION*


By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MÉNDEZ & ÁLVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant*
*EXXON MOBIL CORPORATION*

By: *s/Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
E-mail: kcsuria@estrellallc.com

Tracie J. Renfroe (p*ro hac vice*)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
E-mail: trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Ph: (979) 694-7000
Fax: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*Motiva Enterprises LLC*

By: *s/Carlos A. Rodriguez Vidal*
Carlos A. Rodriguez Vidal
USDC-PR Bar No. 201213
GOLDMAN ANTONETTI & CÓRDOVA, LLC
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: 787-759-4117
Facsimile: 787-767-9177
Email: crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON
  LLP

- 13 -

One Liberty Plaza
New York, New York  10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
Email: vhou@cgsh.com
Email: bmorag@cgsh.com

*Attorneys for Defendant*
*BHP GROUP LIMITED*


By: *s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR Bar No. 219002
Jaime A. Torrens-Dávila
USDC-PR Bar No. 223810
Mónica Ramos Benítez
USDC-PR Bar No. 308405
FERRAIUOLI LLC
PO Box 195168
San Juan, Puerto Rico 00919
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
E-mail: rcamara@ferraiuoli.com
E-mail: jtorrens@ferraiuoli.com
E-mail: mramos@ferraiuoli.com

Linda H. Martin (*pro hac vice*)
David Y. Livshiz (*pro hac vice*)
Noelle L. Williams (*pro hac vice*)
Jennifer E. King (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
E-mail: linda.martin@freshfields.com
E-mail: david.livshiz@freshfields.com
E-mail: noelle.williams@freshfields.com
E-mail: jennifer.king@freshfields.com

Jennifer Loeb (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER
US LLP

- 14 -

700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
E-mail: jennifer.loeb@freshfields.com

*Attorneys for Defendant Rio Tinto PLC*


By: *s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
ADSUAR MUÑIZ GOYCO
  SEDA & PÉREZ-OCHOA, P.S.C.
PO Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

*Attorneys for Defendant BP p.l.c.*


By: *s/Carlos A. Valldejuly*
Carlos A. Valldejuly-Sastre
USDC No. 209505
José J. Colón García
USDC No. 308010
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Ste. 800
San Juan, Puerto Rico 00918-1813
Telephone: (787) 764-8181
Facsimile:  (787) 753-8944
Email:  carlos.valldejuly@oneillborges.com
Email:  jose.colon@oneillborges.com

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.

- 15 -

1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
E-mail:  dfrederick@kellogghansen.com
E-mail:  jwebster@kellogghansen.com
E-mail:  mhan@kellogghansen.com
E-mail:  dseverson@kellogghansen.com
E-mail:  gknofczynski@kellogghansen.com

*Attorneys for Defendant SHELL PLC*
*(f/k/a ROYAL DUTCH SHELL PLC)*


By:  *s/Ricardo F. Casellas Sánchez*
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com


Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
E-mail: ericka.aiken@wilmerhale.com


Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

- 16 -

E-mail: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street,
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
E-mail: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

By:  *s/Ramón Dapena*
Ramón Dapena
USDC-PR No. 125005
Iván Lladó
USDC-PR No. 302002
MORELL CARTAGENA & DAPENA
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan, PR 00908 Puerto Rico
Telephone: (787) 723-1233
Facsimile: (787) 723-8763
Email: ramon.dapena@mbcdlaw.com
Email: ivan.llado@mbcdlaw.com

Jeremiah J. Anderson (*pro hac vice*)
MCGUIREWOODS LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
Email: jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3619
Telephone: (804) 775-1000
E-mail: bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum
Institute*

- 17 -

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the above date, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel record who are CM/ECF system participants at their corresponding e-mail addresses.

By: *Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512