UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÒN, CAGUAS, LOIZA, LARES, BARRANQUITAS, COMERIO, CAYEY, LAS MARIAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA, on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO,<br><br>          Plaintiffs,<br><br>               v.<br><br>EXXON MOBIL CORP, ET AL.,<br><br>          Defendants. | Civil Action No. 22-CV-1550-SCC-HRV |

**AMERICAN PETROLEUM INSTITUTE'S
OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

**Page**

Introduction ................................................................................................................................... 1
Argument ...................................................................................................................................... 1
Conclusion .................................................................................................................................... 3

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Build-A-Bear Workshop, Inc. v. Kelly Toys Holdings, LLC*,
  No. 4:24-CV-00211-MTS, 2024 WL 3638245 (E.D. Mo. Aug 2, 2024) ................................... 3

*Casey v. 3M Corp.*,
  No. 18-CV-11211-DJC, 2019 WL 569848 (D. Mass. Feb. 12, 2019) ....................................... 2

*City of New York v. Exxon Mobil Corp.*,
  No. 451071-2021, 2024 WL 5048193 (N.Y. Sup. Ct. Nov 1, 2024) ......................................... 2

*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*,
  17 F.3d 1302 (10th Cir. 1994) ................................................................................................. 2

*Fidrych v. Marriott Int'l, Inc.*,
  952 F.3d 124 (4th Cir 2020) .................................................................................................... 2

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) ................................................................................................................ 1

*Mercado v. Hyannis Air Servs., Inc.*,
  Civil No. 20-1228 (CVR), 2022 WL 16964118 (D.P.R. Nov. 15, 2022) ................................. 2

**INTRODUCTION**

For the reasons in Defendants' Joint Objections, this Court should reject the Magistrate Judge's recommendation that Plaintiffs' antitrust claim against API can proceed.[1] But API should be dismissed for a threshold reason: Puerto Rico lacks personal jurisdiction over API, a trade association that has never sold any fossil fuels in Puerto Rico. Even if *others'* manufacturing and sales activities were sufficient for personal jurisdiction in Puerto Rico, the Magistrate Judge did not identify—and Plaintiffs do not allege—*any* API activity in Puerto Rico.

**ARGUMENT**

Plaintiffs plead no basis for exercising personal jurisdiction over API. There is no general jurisdiction over API—which is incorporated and headquartered in Washington, D.C. *See also* Joint Personal Jurisdiction Motion (ECF No. 234) at II; Joint Personal Jurisdiction Objections at V. Nor is there specific jurisdiction when Plaintiffs' claims do not "arise out of or relate to" any business that API transacted in Puerto Rico. Joint Personal Jurisdiction Mot. at III.A; Joint Personal Jurisdiction Objections at V.A. In the R&R, the Magistrate Judge outlined twelve jurisdictional allegations in the Amended Complaint (ECF No. 205) that purportedly formed the basis for his recommendation that this Court may exercise personal jurisdiction over other Defendants. ECF No. 315 at 16-17. But none of those allegations involve or even mention API. Indeed, API does not extract, transport, refine, or sell fossil fuels *anywhere*, let alone in Puerto Rico, so there can be no "strong relationship among the defendant, the forum, and the litigation." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 365 (2021).

In addition, Plaintiffs cannot establish specific jurisdiction over API because their

---

[1] In his Report and Recommendation ("R&R", ECF No. 315), the Magistrate Judge recommended dismissing only two of the four RICO claims (Claims 4, 5, 6, and 7) against most Defendants. Because Plaintiffs "do not refute" the API-specific arguments as to Claims 4 and 7, the Magistrate Judge recommended dismissing all RICO claims against API. ECF No. 315 at 62.

allegations do not arise out of or relate to activities that API *purposefully directed* at Puerto Rico. *Mercado v. Hyannis Air Servs., Inc.*, Civil No. 20-1228 (CVR), 2022 WL 16964118, at *8 (D.P.R. Nov. 15, 2022). The Amended Complaint alleges (at best) that API made statements concerning energy policy in national publications and on the internet, focusing mostly on statements in the 1996 book *Reinventing Energy* (Am. Compl. ¶ 383), opinion pieces in the Washington Post (Am. Compl. ¶ 400; Am. Racketeering Statement (ECF No. 205-1) ¶¶ 71, 75 76), and statements on API's website (Am. Compl. ¶ 529; Am. Racketeering Statement ¶ 81). But Plaintiffs do not allege that any of those advocacy efforts targeted Puerto Rico. Those allegations thus fail to meet Plaintiffs' burden of "*alleg*[*ing*] sufficient facts to demonstrate that [API] engaged in any forum-related conduct." *Casey v. 3M Corp.*, No. 18-CV-11211-DJC, 2019 WL 569848, at *5 (D. Mass. Feb. 12, 2019) (emphasis added).

API was recently dismissed from a similar case for that same reason. In *City of New York v. Exxon Mobil Corp.*, the plaintiff sued API for largely national speech untargeted at New York. No. 451071-2021, 2024 WL 5048193, at *45 (N.Y. Sup. Ct. Nov 1, 2024). That was not enough for specific jurisdiction over API because the plaintiff did not establish that API "engaged in purposeful activities and/or targeted at New York City." *Id.* The court explained that:

> Plaintiff does not allege that API transacts any business in New York or that the 19 statements identified in the Complaint that were published by API were targeted at New York and give rise to the cause of action asserted here for unfair trade practices. Rather, the statements were published in nationally circulated periodicals or on globally available websites and bear no unique relationship to New York City.

*Id.* The Amended Complaint likewise attacks API for conduct with "no unique relationship" to Puerto Rico, *id.*, and API should be dismissed from this case for the same reason.[2]

---

[2] *See also, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 141 (4th Cir 2020) ("In our view, the mere fact that the website is accessible in a given state does not mean that [the defendant] is targeting its activities at that state."); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (explaining that statements in "nationally distributed papers

2

## CONCLUSION

The Court should reject the Magistrate Judge's recommendation that this Court may exercise personal jurisdiction over API, and grant dismissal of API.

In San Juan, Puerto Rico this 21st day of March, 2025.

                              **MORELL CARTAGENA & DAPENA**
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-1233
Facsimile: 787-723-8763
E-mail: ramon.dapena@mbcdlaw.com
Email: ivan.llado@mbcdlaw.com

*/s/ Ramon Dapena*
Ramón Dapena
Bar No. 125005

*/s/ Iván J. Lladó*
Iván Lladó
Bar No. 302002

Jeremiah J. Anderson (Admitted *Pro Hac Vice*)
**MCGUIREWOODS LLP**
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
E-mail: jjanderson@mcguirewoods.com

Brian D. Schmalzbach (Admitted *Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4746
E-mail: bschmalzbach@mcguirewoods.com

---

or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."); *Build-A-Bear Workshop, Inc. v. Kelly Toys Holdings, LLC*, No. 4:24-CV-00211-MTS, 2024 WL 3638245, at *2 (E.D. Mo. Aug 2, 2024) (similar).

3

**CERTIFICATE OF SERVICE**

I hereby certify that today I have electronically filed this motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Date:   San Juan, Puerto Rico
        March 21, 2025

                                        */s/ Ramon Dapena*
                                        Ramón Dapena
                                        Bar No. 125005