IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF BAYAMON, *et al.*,<br><br>　　　　　*Plaintiffs,*<br><br>　v.<br><br>EXXON MOBIL CORP., *et al.*,<br><br>　　　　　*Defendants.* | Case No. 22-cv-01550 (SCC)(HRV) |

### DEFENDANT OCCIDENTAL PETROLEUM CORPORATION'S OBJECTION TO THE MAGISTRATE JUDGE'S OMNIBUS REPORT AND RECOMMENDATION

**TO THE HONORABLE COURT:**

　　**NOW COMES** Defendant Occidental Petroleum Corporation ("Occidental"), through its undersigned counsel, and respectfully submits, pursuant to 28 U.S.C. Section 636(b)(1)(c), Federal Rule of Civil Procedure 72(b)(2), and Local Rule 72(d), this Objection to the Magistrate Judge's Omnibus Report and Recommendation (Docket No. 315) ("Report and Recommendation").

### INTRODUCTION

　　In his Report and Recommendation, the Magistrate Judge recommends the Court grant Occidental's Motion to Dismiss (Docket No. 232) ("Motion to Dismiss") under Federal Rule of Civil Procedure 12(b)(5), finding "that Occidental was not served in accordance with the requirement of Rule 4(h)." Report and Recommendation at 27–29, 91. Occidental concurs with this finding and the dismissal of Occidental under Rule 12(b)(5). Occidental submits this Objection to reiterate two additional bases for dismissal not addressed in the Magistrate Judge's Report and Recommendation.

In addition to its request for dismissal under Rule 12(b)(5), Occidental asserts in its Motion to Dismiss that the Court should dismiss Occidental, under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction because (i) Plaintiffs' Amended Complaint for Damages (Docket No. 205) ("Amended Complaint") contains no allegations of contacts Occidental has with Puerto Rico—only allegations of contacts Occidental's subsidiary, Anadarko Petroleum Corporation, has with Puerto Rico, (ii) the Amended Complaint contains no allegations that would support the imputation of Anadarko's alleged contacts to Occidental, and (iii) First Circuit precedent requires the Court to disregard Plaintiffs' allegations of contacts Anadarko has with Puerto Rico because Plaintiffs' allegations are contradicted by the very source Plaintiffs cite in their complaint as the basis for their allegations. Mtn. 8–10. Occidental further asserts in its Motion to Dismiss that the Court should dismiss Plaintiffs' claims against Occidental, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim because Plaintiffs' Complaint fails to assert *any* Occidental-specific allegations tying Occidental to the conduct underlying Plaintiffs' claims. Mtn. at 12–14.

In a patent effort to mount an industry-wide challenge, Plaintiffs have tried to sweep Occidental up into a suit where it does not belong. Plaintiffs' complaint is utterly devoid of factual allegations tying Occidental to the forum or the facts. Indeed, Plaintiffs could not even be bothered to serve (or name) Occidental correctly.[1] Though the Court should dismiss the claims against all Defendants for the reasons stated in Defendants' joint motion and objections, the Court should, at a minimum, pare down this litigation and dismiss all claims against Occidental.

---

[1] Plaintiffs incorrectly label Occidental as "Occidental Petroleum F.K.A. Anadarko Petroleum, Corp." "Occidental Petroleum" is not Occidental's correct name and Occidental was never formerly known as "Anadarko Petroleum Corp."

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b) provides that once a timely objection has been made to a magistrate judge's recommendation, "the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Fed. R. Civ. P. 72(b); s*ee also* Local Rule 72(d) (same). The "ultimate adjudicatory power" is vested in the district court, which has the "widest discretion" on how to treat the recommendations of the magistrate judge. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The recommendation of a magistrate judge on a dispositive motion has no presumptive weight, and the responsibility to make a final determination remains with the district court. *See Cooper v. Lab'y Corp. of Am.*, D.C.S.C.1997, 181 F.R.D. 312 (1997); *see also Raddatz*, 447 U.S. at 673 (finding that the magistrate judge "has no authority to make a final and binding disposition"); *Mathews v. Weber*, 423 U.S. 261, 271 (1976) ("The district court is free to follow it or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.").

**ARGUMENT**

I.  **Plaintiffs' Complaints Do Not Include Well-Pleaded Allegations That Support an Exercise of Personal Jurisdiction Over Occidental.**

In support of his conclusion that Plaintiffs met their burden of alleging that Occidental purposefully availed itself of the privilege of conducting business activities in Puerto Rico, the Magistrate Judge identified the following allegation from Plaintiffs' Amended Complaint:

> 169. Occidental markets and sells consumer products[148] worldwide, including in Puerto Rico. Anadarko did the same before Occidental's purchase.[149] Upon information and belief, at all relevant times, the Plaintiffs have been, and remain, customers of either Occidental or Anadarko. The Municipalities of Puerto Rico and/or their citizens have invested in Occidental and previously Anadarko as a publicly traded company.

Am. Compl. at ¶ 169; s*ee* Report and Recommendation at 17 (paraphrasing Am. Compl. ¶ 169).

Plaintiffs' original complaint contains a very similar allegation:

> 144. Anadarko markets and sells consumer products[130] worldwide, including in Puerto Rico. At all relevant times, the Plaintiffs have been, and remain, a customer of Anadarko. The Municipalities and/or their citizens have invested in Anadarko as a publicly traded company.

Compl. at ¶ 144. Notably, Plaintiffs cite **the exact same source** as the basis for the allegations in Paragraph 169 of their Amended Complaint *and* as the basis for the allegations in Paragraph 144 of their original Complaint—a Forbes article about **Anadarko**, not Occidental. *Compare* Am. Compl. at ¶ 169 n. 148, 149 (citing Forbes, *Anadarko Petroleum*, FORBES https://www.forbes.com/companies/anadarko-petroleum/?sh=40dcb73c468c)[2] *with* Compl. at ¶ 144 n. 130 (citing Forbes, *Anadarko Petroleum*, FORBES https://www.forbes.com/companies/anadarko-petroleum/?sh=40dcb73c468c). As Occidental explained in its Motion to Dismiss, the Forbes article Plaintiffs rely on contradicts their allegation that Anadarko "markets and sells *consumer* products," instead describing Anadarko's "marketing" activities as selling oil and gas (not consumer products) to third parties in the midstream oil and gas market (not to consumers). Mtn. at 10; s*ee also* Forbes, *Anadarko Petroleum*, FORBES https://www.forbes.com/companies/anadarko-petroleum/?sh=40dcb73c468c. Because the source Plaintiffs rely on and incorporate into their complaints contradicts the allegations in Plaintiffs' complaints, the Court cannot credit those allegations as true and must disregard them. *See Clorox Co. P.R. v. Proctor & Gamble Com. Co.,* 228 F.3d 24, 32 (1st Cir. 2000) (when "a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations"). As a result, Plaintiffs'

---

[2] In footnote 148, Plaintiffs cite the article as "Forbes, **Occidental** *Petroleum*, FORBES https://www.forbes.com/companies/anadarko-petroleum/?sh=40dcb73c468c)." Am. Compl. at ¶ 169 n. 148 (emphasis added). But as is evident from the hyperlink and a review of the article itself, the article is about **Anadarko** Petroleum; it does not mention Occidental Petroleum.

Amended Complaint does *not* include any well-pleaded allegations that establish personal jurisdiction as to Anadarko or Occidental. And as explained in Occidental's Motion to Dismiss, Plaintiffs' complaints also do not include any factual allegations that would support an imputation of Anadarko's alleged contacts to Occidental—if the allegations as to Anadarko had been well-pleaded. *See* Mtn. at 9–10. Consequently, Plaintiffs have not carried their burden of establishing personal jurisdiction over Occidental. *E.g., Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

## II. Plaintiffs Have Not Alleged Facts that State a Claim Against Occidental.

In its Motion to Dismiss, Occidental further asserted: "Plaintiffs' allegations about Occidental are so deficient, they not only fail to establish personal jurisdiction; they also fail to state a claim." Mtn. at 12. The Magistrate Judge did not address this argument in his Report and Recommendation, instead recommending the Court grant in part and deny in part Occidental's *individual* Rule 12(b)(6) motion "as set forth for the Joint Motion." As this Court has previously recognized, First Circuit precedent requires vague and unspecific claims premised entirely on group allegations to be dismissed. *See, e.g. Figueroa Collazo v. Ferrovial Construccion PR, LLC*, 20-cv-1612, 2021 WL 4482268, at *9 (D.P.R. Sept. 30, 2021); *see also Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009) ("[The court] must determine whether, as to each defendant, [the] plaintiff's pleadings are sufficient to state a claim on which relief can be granted."). Consistent with this precedent, Plaintiffs' claims against Occidental in this case also should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the reasons stated in Occidental's motion to dismiss, and the reasons stated in Defendants' joint motion to dismiss and objections to the report and recommendation, the Court should dismiss Occidental with prejudice.

Respectfully submitted,

Date:  March 21, 2025

By:  *s/ David C. Indiano*
David C. Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street; 3rd Floor
San Juan, P.R. 00912

Duke K. McCall III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave, NW
Washington D.C., 20004

*Attorneys for Defendant OCCIDENTAL PETROLEUM CORPORATION*