**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF BAYAMÓN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>EXXON MOBIL CORP., et al.<br><br>*Defendants*. | Case No. 3:22-cv-01550-SCC |

**EXXONMOBIL'S INDIVIDUAL OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

i

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

I.    Plaintiffs' Allegations Against ExxonMobil Do Not Satisfy Rule 9(b). ............................... 2

II.    Conclusion ................................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bell Atlantic Corp.* v. *Twombly*,
　550 U.S. 544 (2007) ............................................................................................................... 7

*Ciminelli* v. *United States*,
　598 U.S. 306 (2023) ............................................................................................................... 4

*Cooperativa de Ahorro y Credito Aguada* v. *Kidder, Peabody & Co*,
　758 F. Supp. 64 (D.P.R. 1991) .............................................................................................. 2

*Evergreen Partnering Group, Inc.* v. *Pactiv Corp.*,
　720 F.3d 33 (1st Cir. 2013) ................................................................................................ 5, 6

*Lum* v. *Bank of Am.*,
　361 F.3d 217 (3d Cir. 2004) .................................................................................................. 6

*Marrero-Rolon* v. *Autoridad de Energia Electrica de P.R.*,
　No. CIV. 15-1167 JAG/SCC, 2015 WL 5719801, at *8 n.16 (D.P.R.
　Sept. 29, 2015), *R&R adopted*, 2016 WL 9459821 (D.P.R. Mar. 31,
　2016) ...................................................................................................................................... 5

*N. Am. Catholic Educ. Programming Found., Inc.* v. *Cardinale*,
　567 F.3d 8 (1st Cir. 2009) ...................................................................................................... 6

*N. Bridge Assocs., Inc.* v. *Boldt*,
　274 F.3d 38 (1st Cir. 2001) .................................................................................................... 3

*In re Netflix Litig.*,
　506 F. Supp. 2d 308 (N.D. Cal. 2007) ................................................................................... 7

*Norte Car Corp.* v. *FirstBank Corp.*,
　25 F. Supp. 2d 9 (D.P.R. 1998) ......................................................................................... 6, 7

*Oxbow Carbon & Minerals LLC* v. *Union Pacific Rail Road Co.*,
　81 F. Supp. 3d 1 (D.D.C. 2015) ............................................................................................. 7

*Picone* v. *Shire PLC*, 2017 WL 4873506 (D. Mass. Oct. 20, 2017) ............................................ 7

*United States* v. *Shellef*,
　507 F.3d 82 (2d Cir. 2007) ..................................................................................................... 5

*Southland, Sec. Corp.* v. *INSpire Ins. Sols., Inc.*,
　365 F.3d 353 (5th Cir. 2004) ................................................................................................. 2

**Statutes**

28 U.S.C. § 636(b)(1) ...................................................................................................... 1

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ........................................................................... *passim*

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 2

Federal Rule of Civil Procedure 72(b) ............................................................................. 1

## INTRODUCTION

Exxon Mobil Corporation ("ExxonMobil") respectfully submits its individual objections to certain portions of the Report and Recommendation (the "R&R").[1] ExxonMobil specifically objects to the recommendation that the Court deny ExxonMobil's individual motion to dismiss (the "Motion"). *See* R&R at 65. In recommending denial of ExxonMobil's Motion, the R&R erred by failing to properly analyze the applicability of Rule 9(b) to Plaintiffs' claims. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), ExxonMobil respectfully requests that the Court reject the R&R's recommendation to deny ExxonMobil's Motion.

As ExxonMobil's Motion explained, Plaintiffs' claims all sound in fraud, which means Plaintiffs must comply with the heightened pleading standards of Rule 9(b) and allege with particularity each misrepresentation allegedly made by ExxonMobil—including identifying who made the alleged misrepresentation, to whom it was made, and its specific contents. *See* Dkt. 242 at 6–9; Dkt. 301 at 5–6. Improper group pleading—referring to "Defendants" collectively—and efforts to attribute third-party statements to ExxonMobil are inconsistent with the mandates of Rule 9(b). *See* Dkt. 242 at 8–9. The R&R appears to accept these basic principles. For example, in assessing Defendants' joint motion to dismiss for failure to state a claim, the R&R correctly observed that the Amended Complaint contains allegations of a "general scheme to defraud," and that "more information is needed to satisfy Rule 9(b)." R&R at 54. The R&R also explained that Plaintiffs' allegations "fall[] short" of "the specificity required" under Rule 9(b). *Id.* Yet, the R&R incorrectly and inexplicably concluded that the very same allegations pass muster when it analyzed individual motions to dismiss that advance the same arguments. *See id.* at 62–67. The

---

[1] ExxonMobil also joins in Defendants' concurrently filed Joint Objections to the R&R, and incorporates those objections by reference.

R&R was correct in finding that Plaintiffs have not satisfied Rule 9(b) here, and that holding should apply with equal force to ExxonMobil's Motion.[2]

## I. Plaintiffs' Allegations Against ExxonMobil Do Not Satisfy Rule 9(b).

As explained in ExxonMobil's Motion, the Amended Complaint fails to plead with particularity—for *each* alleged misrepresentation—who made the supposed misrepresentation, to whom it was made, when it was made, and its specific content. *See* Dkt. 242 at 5–9. The statements at issue lack any nexus to Puerto Rico, and Plaintiffs fail to specify anyone, much less anyone in Puerto Rico, who was allegedly deceived by any of the purportedly misleading statements. *Id.* at 5–6. They similarly fail to allege who in particular detrimentally relied on any of those statements, which is one of the "necessary elements for *any* fraud claim." *Cooperativa de Ahorro y Credito Aguada* v. *Kidder, Peabody & Co*, 758 F. Supp. 64, 73 (D.P.R. 1991); Dkt. 242 at 6–8. Accordingly, Plaintiffs' claims are all subject to dismissal pursuant to Rule 9(b).

Plaintiffs also seek to impose liability on ExxonMobil for statements made by various "fossil fuel industry associations" and other third parties, many of which are not parties to this action. *See, e.g.*, Am. Compl. ¶¶ 412–17, 421–22, 519. But as explained in ExxonMobil's Motion, Plaintiffs do not plead with the requisite particularity the supposed connection between ExxonMobil and the statements they seek to impute to it. Dkt. 242 at 8–11; *see Southland, Sec. Corp.* v. *INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004). For example, Plaintiffs advance the conclusory allegation that ExxonMobil was a "member" of a "team," but they provide no details about any purported membership, or the nature of ExxonMobil's alleged relationship

---

[2] Having recommended dismissal of Plaintiffs' Puerto Rico claims pursuant to Rule 12(b)(6), Judge Ramos-Vega declined to consider ExxonMobil's (and a few other Defendants') Rule 9(b) arguments with respect to the those claims. Although ExxonMobil agrees with the R&R's recommendation that those claims should be dismissed for failure to state a claim, ExxonMobil notes that dismissal for failure to plead fraud with particularity as required by Rule 9(b) is also appropriate here because: (i) Plaintiffs impermissibly allege unattributed statements to Defendants collectively and impermissibly attribute the statements of third parties to ExxonMobil; and (ii) Plaintiffs have not adequately pled reliance or who was deceived by any statements purportedly made by ExxonMobil.

2

with that "team," or how any statements made by any "team" could be imputed to ExxonMobil. *See* Am. Compl. ¶¶ 406–07. *See also* Dkt. 242 at 9. Similarly, Plaintiffs allege that ExxonMobil's employees and representatives were "directly involved" or "participated" in some organizations, *see, e.g.*, Am. Compl. ¶¶ 407, 728, but Plaintiffs fail to allege any further details about their purported alleged role in the organizations, let alone in preparing or disseminating any allegedly deceptive statements by the organizations. *See also* Dkt. 242 at 9. Such conclusory allegations fall well short of Rule 9(b)'s standards.

**RICO.** The R&R's discussion of ExxonMobil's Motion appears to focus primarily on Plaintiffs' RICO claims. *See* R&R at 64–65. The R&R correctly notes that Rule 9(b) applies to RICO allegations of mail fraud and wire fraud. *See N. Bridge Assocs., Inc.* v. *Boldt*, 274 F.3d 38, 43 (1st Cir. 2001). Rule 9(b) requires Plaintiffs to state the time, place, and specific content of the alleged mail and wire communications that constitute the alleged fraud. *See id.* (citing *Feinstein* v. *Resolution* Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991)). Plaintiffs have not met this standard here and, as a result, their RICO claims—which are predicated on alleged acts of mail and wire fraud—must be dismissed. Indeed, in assessing Defendants' joint motion, the R&R reached the correct conclusion that Plaintiffs' RICO allegations "fall[] short" and "more information is needed to satisfy Rule 9(b). R&R at 54. But the R&R, without explanation, then abandons that conclusion in finding that Plaintiffs somehow met their burden as to ExxonMobil. R&R at 64–65.[3] These inconsistent findings cannot be squared, and this Court should reject the R&R's conclusion with respect to ExxonMobil.

Conflating quantity with quality and substance, the R&R credited Plaintiffs' assertion that they alleged numerous instances of racketeering acts against ExxonMobil. R&R at

---

[3] For the reasons explained in the Joint Objections, the Court should reject the R&R's recommendation that Plaintiffs be permitted to take discovery on their RICO claims.

64. But this was error: despite Plaintiffs' argument that the "allegations show ExxonMobil's knowing involvement with and control of associations and front groups," Dkt. 280 at 51, Plaintiffs failed to explain ExxonMobil's specific role in any alleged scheme. The R&R fails to address the insufficiency of Plaintiffs' allegations regarding ExxonMobil's alleged funding of trade associations and advocacy groups. As ExxonMobil explained, the Amended Complaint is devoid of specific allegations identifying any "connection between ExxonMobil's purported contributions and the third-party groups' alleged campaigns of climate change denial or climate uncertainty." Dkt. 301 at 2. At best, all Plaintiffs have done is speculate about the purpose of these alleged contributions. But speculation about the purpose of these purported contributions is insufficient under Rule 9(b)'s heightened pleading standard for claims of fraud. *See* Dkt. 242 at 9.

Further, the R&R erred in crediting Plaintiffs' conclusory allegations that "Puerto Rico consumers and the Plaintiff Municipalities" were the recipients of the alleged misstatements. R&R at 65. The allegations cited in the R&R do not contain statements attributed to ExxonMobil individually. Nor do Plaintiffs—who can only sue in their own capacity, *see* R&R at 68— plausibly allege that any statement was directed to or received by consumers in Puerto Rico or by Plaintiffs themselves. Moreover, as the R&R acknowledges repeatedly, Plaintiffs' fraud theory is premised on allegations that Defendants engaged in a disinformation campaign, but a RICO claim cannot be predicated merely on an alleged deprivation of information. *Ciminelli* v. *United States,* 598 U.S. 306, 316 (2023); *see* R&R at 54, 58. The R&R attempts to skirt this Supreme Court precedent by stating that Defendants allegedly did so "with the purpose of obtaining property of value, i.e. money, from the sale of Defendants' products to Plaintiffs." R&R at 53. But that is not what Plaintiffs have pleaded. As to the allegedly fraudulent statements by ExxonMobil, Plaintiffs do not plausibly allege, much less with specificity, that any one of those statements was even seen

4

by Plaintiffs, much less that any such statement induced Plaintiffs to purchase ExxonMobil products. And even if Plaintiffs *did* purchase ExxonMobil products as a result of such statements, which, again, they do not plead, they do not allege that such purchases deprived them of the economic benefit of their bargain: there is no allegation, for example, that Plaintiffs did not get what they paid for, *i.e.,* gasoline and other fossil fuel products. *See United States* v. *Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) (no wire fraud where indictment failed to allege "discrepancy between benefits reasonably anticipated" and actual benefits received" (quotations omitted)); *cf. Marrero-Rolon* v. *Autoridad de Energia Electrica de P.R.,* No. CIV. 15-1167 JAG/SCC, 2015 WL 5719801, at *8 n.16 (D.P.R. Sept. 29, 2015), *R&R adopted,* 2016 WL 9459821 (D.P.R. Mar. 31, 2016) (RICO claim sufficiently pleaded where plaintiffs alleged "that they paid more for a product than it was worth," as contrasted with other cases where plaintiffs "received what [they] paid for").[4] The R&R thus erred in endorsing a theory that Plaintiffs did not plead. In short, the Amended Complaint fails to plead any predicate act of mail or wire fraud by ExxonMobil under the normal pleading standard, let alone with the specificity that Rule 9(b) requires.[5]

*Antitrust.* The R&R also erred in recommending dismissal of ExxonMobil's Rule 9(b) arguments with respect to Plaintiffs' antitrust claim.

Relying on *Evergreen Partnering Group, Inc.* v. *Pactiv Corp.*, 720 F.3d 33, 50 (1st Cir. 2013), the R&R states that "the First Circuit has held that [Rule 9(b)'s] heightened pleading standard is not applicable in § 1 claims." R&R at 75 n.24. But *Evergreen* contains no such holding.

---

[4] To be sure, Plaintiffs do allege certain property losses and costs in their Amended Complaint. *See* Am. Compl. ¶¶ 759–61. But these alleged damages—costs of infrastructure repair, costs of healthcare, costs associated with first responders, and the like—are all alleged to result from the 2017 hurricanes, as opposed to damages associated with deprivation of property, which are entirely absent from the Amended Complaint.

[5] Plaintiffs' RICO claim is deficient in several other respects, such as the failure adequately to plead causation, a RICO enterprise, or a RICO conspiracy. The Court should reject the R&R's recommendation to sustain that claim for all of the reasons set forth in the Joint Objections, which are incorporated herein by reference. Joint Objections at 6–13.

The plaintiff in *Evergreen* asserted claims of concerted refusal to deal under Section 1 of the Sherman Act, not fraud-based antitrust claims. *Evergreen*, 720 F.3d at 51. Without reference to Rule 9(b), the district court nonetheless improperly applied a heightened pleading standard to the plaintiff's non-fraud based claims. The First Circuit unsurprisingly reversed, noting that heightened pleading standards do not apply to such antitrust claims. *Id.* at 50. But that holding does *not* apply in a case like this, where the antitrust claims are expressly based on allegations of fraud. It is true, of course, that antitrust claims are not categorically subject to Rule 9(b)'s heightened pleading standards, but they must be when, as here, such claims are premised on allegations of fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

While the First Circuit itself has not expressly stated that fraud-based antitrust claims must be pled with particularity pursuant to Rule 9(b), such a holding would be consistent with First Circuit Rule 9(b) jurisprudence, so there is no reason to think it would hold otherwise if given the occasion to do so. The First Circuit clearly holds that Rule 9(b)'s particularity requirement applies not only to claims denominated as fraud claims, but must be read "expansively" to also cover "associated claims where the core allegations effectively charge fraud." *N. Am. Catholic Educ. Programming Found., Inc.* v. *Cardinale*, 567 F.3d 8, 15 (1st Cir. 2009). And at least one court within the First Circuit has applied Rule 9's heightened pleading standard to antitrust claims involving fraud allegations. *See Norte Car Corp.* v. *FirstBank Corp.*, 25 F. Supp. 2d 9, 15 (D.P.R. 1998) ("As Norte Car appears to be alleging that FirstBank engaged in unjust and fraudulent business practices to induce Norte Car to pursue certain business options, Rule 9(b) is applicable to the present pleadings."). This is consistent with how other courts assess antitrust claims premised on allegations of fraud. *See, e.g.*, *Lum* v. *Bank of Am.*, 361 F.3d 217,

6

220 (3d Cir. 2004) ("Because, as in the RICO claim, plaintiffs' allegations of fraud did not comply with Rule 9(b), the antitrust claim would properly have been dismissed on these grounds."); *In re Netflix Litig.*, 506 F. Supp. 2d 308, 315 (N.D. Cal. 2007) (applying Rule 9(b) to fraud-based antitrust claim).

Fraud unquestionably is the basis of Plaintiffs' alleged antitrust violation. According to Plaintiffs, the alleged antitrust conspiracy sought to "misrepresent[] the dangers of the carbon-based products which [Defendants'] marketed and sold despite their unique early awareness of the devastation they would cause Puerto Rico." Am. Compl. ¶ 2. Because this claim essentially charges fraud, it must be pled with the particularity Rule 9(b) requires. Plaintiffs' failure to do so warrants dismissal. *See Norte Car Corp.*, 25 F. Supp. at 15. Plaintiffs cite no authority to support the position that Rule 9(b) does not apply to fraud-based antitrust claims.[6] In sum, Plaintiffs failed to plead their antitrust claim with the required particularity, and the Magistrate Judge erred in failing to recommend dismissal pursuant to Rule 9(b).

## II.     Conclusion

For the foregoing reasons, and those stated in ExxonMobil's Motion and supporting reply, and in the Joint Objections and joint motion to dismiss briefing, Plaintiffs' claims against ExxonMobil must be dismissed.

DATED:  March 21, 2025

>   By: */s/ Néstor M. Méndez Gómez*
>   Néstor M. Méndez Gómez
>   USDC-PR Bar No. 118409
>   */s/ María D. Trelles Hernández*
>   María D. Trelles Hernández

---

[6] The cases they do cite did not involve such claims. *See, e.g.*, *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007), *Picone* v. *Shire PLC*, 2017 WL 4873506, * at 48 (D. Mass. Oct. 20, 2017) (noting that "Rule 9(b) does not apply to an FDUTPA case based on antitrust violations" where establishing the "FDUTPA claim does not require a showing of fraud"); *Oxbow Carbon & Minerals LLC* v. *Union Pacific Rail Road Co.*, 81 F. Supp. 3d 1, 9 (D.D.C. 2015) (involving an alleged "conspiracy to increase revenue by" improperly implementing fuel surcharges on customers). By contrast, Plaintiffs' antitrust claims plainly sound in fraud.

USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (pro hac vice)
Daniel J. Toal (pro hac vice)
Yahonnes Cleary (pro hac vice)
Caitlin E. Grusauskas (pro hac vice)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*

We hereby certify that, on the above date, we filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the system.

*/s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409

*/s/ María D. Trelles Hernández*
María D. Trelles Hernández
USDC-PR Bar No. 225106

PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com