# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MUNICIPALITY OF BAYAMON et al.,** *Plaintiffs*, v. **EXXON MOBIL CORP. et al.,** *Defendants*. | **Case No. 3:22-cv-01550-DRD** |

## DEFENDANT BP P.L.C.'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION RE DEFENDANTS' MOTIONS TO DISMISS

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

LEGAL STANDARD ................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

I. THE REPORT ERRONEOUSLY CONCLUDES THAT PLAINTIFFS STATE VIABLE RICO CLAIMS AGAINST BP (COUNTS 4 & 7) ............................................ 2

    A. The Section 1962(c) Claim Fails Because Plaintiffs Do Not Allege Facts Showing BP "Directed" A RICO Enterprise (Count 4) .......................................... 2

    B. The Section 1962(d) Claim Fails Because Plaintiffs Do Not Allege Facts Showing BP Conspired To Violate The RICO Statute (Count 7) .......................... 4

II. INDEPENDENT GROUNDS EXIST FOR DISMISSING THE FRAUD CLAIMS AGAINST BP (COUNTS 1–3) .............................................................. 5

III. INDEPENDENT GROUNDS EXIST FOR DISMISSING THE FAILURE-TO-WARN CLAIM AGAINST BP (COUNT 10) .................................................................. 5

CONCLUSION ........................................................................................................................... 6


# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Canman v. Bonilla*,
    778 F. Supp. 2d 179 (D.P.R. 2011)............................................................................................2

*Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*,
    528 F.3d 1001 (8th Cir. 2008) ..................................................................................................2

*Goren v. New Vision Int'l, Inc.*,
    156 F.3d 721 (7th Cir. 1998) ....................................................................................................2

*Kufner v. Suttell*,
    No. 13-12864, 2016 WL 3636977 (D. Mass. June 30, 2016)....................................................4

*Quiles-Carrasquillo v. De Joy*,
    -- F. Supp. 3d --, 2025 WL 25672 (D.P.R. Jan. 3, 2025)............................................................1

*Ramos-Echevarría v. Pichis, Inc.*,
    698 F. Supp. 2d 262 (D.P.R. 2010)............................................................................................1

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993)...................................................................................................................2

*United States v. Velázquez-Fontanez*,
    6 F.4th 205 (1st Cir. 2021)....................................................................................................4, 5

**INTRODUCTION**

For the reasons set forth in Defendants' separately filed Joint Objections to the Magistrate's Report and Recommendation regarding motions to dismiss, the Court should dismiss the entire action as against BP p.l.c. ("BP"). BP writes separately to provide additional, BP-specific objections to the Report. In particular, BP objects to the Report's conclusion that Plaintiffs state viable RICO claims—specifically, counts 4 and 7—against BP. As explained below, these claims fail because the Amended Complaint does not allege *facts* sufficient to show that BP directed a RICO enterprise (count 4) or conspired to violate the RICO statute (count 7). In reaching a contrary conclusion, the Report (ECF No. 315) improperly credits conclusory and generic allegations that flunk baseline pleading requirements.

Finally, while the Report correctly dismisses Plaintiffs' fraud (counts 1–3) and failure-to-warn (count 10) claims, the Report does not address alternative, BP-specific grounds for dismissing those claims. To the extent needed, the Court should dismiss counts 1–3 and 10 as against BP for BP-specific reasons discussed herein and raised in BP's motion to dismiss.

**LEGAL STANDARD**

This Court reviews the Report's conclusions *de novo*. *See Quiles-Carrasquillo v. De Joy*, -- F. Supp. 3d --, 2025 WL 25672, at *2 (D.P.R. Jan. 3, 2025) ("A party that files a timely objection is entitled to a *de novo* determination of 'those portions of the report or specified proposed findings or recommendations to which specific objection is made.'") (quoting *Ramos-Echevarría v. Pichis, Inc.*, 698 F. Supp. 2d 262, 264 (D.P.R. 2010)).

**ARGUMENT**

I. **THE REPORT ERRONEOUSLY CONCLUDES THAT PLAINTIFFS STATE VIABLE RICO CLAIMS AGAINST BP (Counts 4 & 7)**

   A. **The Section 1962(c) Claim Fails Because Plaintiffs Do Not Allege Facts Showing BP "Directed" A RICO Enterprise (Count 4)**

Liability does not attach to every alleged participant in a RICO enterprise. Indeed, it is settled law that "mere participation in the activities of the enterprise is insufficient." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998). Far more is required for liability: a defendant "must have some part in *directing*" the RICO enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). That standard requires a plaintiff to allege facts showing "the defendant . . . participate[d] in the *operation* or *management* of the enterprise." *Goren*, 156 F.3d at 727 (emphases added).

Here, BP demonstrated that the Amended Complaint does not allege such facts as to BP. ECF No. 236 at 16–17 (discussing RICO allegations). According to Plaintiffs, "Defendants" as a group participated in two alleged RICO enterprises, the American Petroleum Institute ("API") and the Global Climate Coalition ("GCC"). *See* Am. Compl. ¶¶ 718–23. But the Amended Complaint supports that claim as against BP only with "conclusory and generic" allegations, *see Canman v. Bonilla*, 778 F. Supp. 2d 179, 183 (D.P.R. 2011), such as Plaintiffs' assertion that BP "did knowingly cause to be sent and delivered by United States or private mails correspondence regarding the reorganization of the Global Climate Coalition (GCC) in furtherance of the common scheme to deceive consumers," Am. Compl. App'x Racketeering Act No. 17. The Amended Complaint repeatedly relies on such conclusory allegations—often against "Defendants" *en masse*—in direct conflict with the longstanding principle that "[t]he focus of § 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise," *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027–28 (8th

2

Cir. 2008) (citation omitted) (explaining that section 1962(c) "must be established as to each individual defendant").

Despite the well-settled prohibition against such pleading tactics, the Report concludes that Plaintiffs' allegations are adequate. According to the Report, the Amended Complaint "contains allegations about BP's membership and active participation in" purported RICO enterprises. Report at 63 (citing Am. Compl. ¶¶ 205, 211, 309, 327, 430, 520–21). But the cited allegations fall short of providing well-pleaded *facts* showing that *BP* directed a RICO enterprise. For instance, Plaintiffs generically assert that BP was one of many "members" of API and GCC, Am. Compl. ¶¶ 205, 211, 430; that an alleged predecessor of BP was one of multiple entities to attend a 1980 Climate and Energy Task Force presentation, *id.* ¶ 309; that an alleged predecessor of BP was one of many entities that "share[d] industry knowledge on climate research science," *id.* ¶ 327; and that BP and others are "members" of "trade associations" that "fight against environmental regulations in the US," *id.* ¶¶ 520–21. These allegations do not establish that BP directed a GCC or API RICO enterprise.

The Report also says that the Amended Complaint "make[s] allegations regarding the fraudulent information and theories that BP assisted in disseminating." Report at 63 (citing Am. Compl. ¶¶ 365–71, 386, 395, 412, 514, 516–17, 536, 541–45, 669, 724–25, 728). But again, the cited allegations are bereft of well-pleaded *facts* showing that *BP* directed a RICO enterprise. For instance, Plaintiffs allege (again) that BP was one of many "members" of GCC, Am. Compl. ¶¶ 365, 386; that "Defendants" collectively "were integral to the foundation and purpose of the GCC," *id.* ¶ 367; that BP and "other entities" formed the "International Emissions Trading Association," which purportedly took unspecified "actions to undermine climate mitigation policies," *id.* ¶ 395; that BP was one of many entities that "paid" Fred Singer, who Plaintiffs characterize as

3

"a climate change denier," at some unspecified time for some unspecified service, *id.* ¶¶ 412, 669; that BP was one of many "founding funders" of Energy In Depth, which Plaintiffs generically describe as a "campaign to combat new environmental regulations," *id.* ¶ 514 (internal quotation marks omitted); and that BP and others lobbied against "climate ballot initiatives," *id.* ¶¶ 516–17; *see also id.* ¶¶ 536, 541–45, 724–25, 728 (similar generic and conclusory allegations). Again, these scattershot allegations do not identify facts showing that BP directed a GCC or API RICO enterprise. The Court should sustain BP's objection and dismiss count 4 against BP.

**B.    The Section 1962(d) Claim Fails Because Plaintiffs Do Not Allege Facts Showing BP Conspired To Violate The RICO Statute (Count 7)**

To state a section 1962(d) claim, Plaintiffs must allege facts showing "that *each* defendant *knowingly agreed* that at least two racketeering acts would be committed in furtherance of" the purported RICO conspiracy. *United States v. Velázquez-Fontanez*, 6 F.4th 205, 213 (1st Cir. 2021) (emphases added).

As BP demonstrated, the Amended Complaint does not allege such facts as to BP. ECF No. 236 at 17–18. Indeed, in direct conflict with the purported RICO conspiracy's aim "to deceive the public" about "climate change," Am. Compl. ¶ 757, Plaintiffs concede that BP publicly acknowledged the link between fossil fuels and climate change decades ago, *id.* ¶¶ 401, 601. Plaintiffs' conclusory assertion that "Defendants agreed and conspired to violate" the RICO statute, *see id.* ¶ 757, is insufficient. *See Kufner v. Suttell*, No. 13-12864, 2016 WL 3636977, at *6 (D. Mass. June 30, 2016) ("To state a claim of conspiracy, the complaint must set forth facts that suggest a conspiracy rather than set out conclusory allegations that the defendants made an unlawful agreement." (citation omitted)).

The Report, however, wrongly concludes that Plaintiffs state a section 1962(d) claim against BP. In "find[ing] that Plaintiffs proffer sufficient facts to support a cause of action for

4

RICO violations against BP," Report at 64, the Report overlooks the need for allegations of fact showing that BP "knowingly agreed that at least two racketeering acts would be committed in furtherance of" the purported RICO conspiracy. *Velázquez-Fontanez*, 6 F.4th at 213. The Report nowhere identifies such facts, *see* Report at 63–64, and for good reason: they are not alleged. The Court should sustain BP's objection and dismiss count 7 against BP.

## II.   INDEPENDENT GROUNDS EXIST FOR DISMISSING THE FRAUD CLAIMS AGAINST BP (Counts 1–3)

The Report correctly dismisses Plaintiffs' fraud claims on the ground that the claims are not "cognizable." Report at 85 n.32. In light of that rationale, the Report does not address alternative BP-specific arguments that were raised. *Id.* (noting "Defendants," including BP, "proffer[ed] additional arguments" for dismissing the fraud claims that the Report does not address). As BP demonstrated, in addition to not being cognizable, the fraud claims fail against BP because the Amended Complaint does not identify a single fraudulent BP statement. ECF No. 236 at 8–15. To the extent needed, the Court should dismiss counts 1–3 against BP for this additional reason.

## III.  INDEPENDENT GROUNDS EXIST FOR DISMISSING THE FAILURE-TO-WARN CLAIM AGAINST BP (Count 10)

The Report correctly dismisses Plaintiffs' failure-to-warn claim on the ground that the "expansive" duty to warn Plaintiffs urge is not cognizable. Report at 88. In reaching that conclusion, the Report acknowledges, but does not address, alternative BP-specific arguments for dismissing the claim. *See id.* at 88 n.34. As BP demonstrated, in addition to not being cognizable, the failure-to-warn claim fails against BP because Plaintiffs do not allege facts sufficient to show that *BP* failed to warn them. ECF No. 236 at 15. To the contrary, Plaintiffs concede that BP publicly warned of the risks of climate change decades before the 2017 hurricanes giving rise to this suit. *Id.* To the extent needed, the Court should dismiss count 10 against BP for this additional reason.

5

## **CONCLUSION**

The Court should sustain BP's objections and dismiss the RICO claims (counts 4 and 7) as against BP with prejudice. In addition, to the extent needed, the Court should dismiss the fraud claims (counts 1–3) and the failure-to-warn claim (count 10) as against BP with prejudice for the BP-specific reasons set forth herein.

Dated: March 21, 2025

ADSUAR
*/s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206314
epo@amgprlaw.com

/s/ *Luis A. Oliver-Fraticelli*
Luis A. Oliver-Fraticelli
USDC-PR No. 209204
loliver@amgprlaw.com

/s/ *Sharlene Malavé Vallines*
Sharlene Malavé Vallines
USDC-PR 227409
smalave@amgprlaw.com

P.O. Box 70294
San Juan, P.R. 00936-8294
Telephone: 787.281.1813
Facsimile: 787.756.9010

**ARNOLD & PORTER KAYE SCHOLER LLP**

Diana E. Reiter, *pro hac vice*
diana.reiter@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

John D. Lombardo, *pro hac vice*
john.lombardo@arnoldporter.com
Sean Morris, *pro hac vice*
sean.morris@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844

Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Jonathan W. Hughes, *pro hac vice*
jonathan.hughes@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3156
Facsimile: (415) 471-3400

*Attorneys for Defendant*
*BP p.l.c.*