UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO,<br><br>Plaintiffs,<br><br>v.<br><br>EXXONMOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100,<br><br>Defendants. | Civil Case No. 3:22-cv-01550-SCC-HRV<br><br>Re:<br>Consumer Fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment |

**CHEVRON'S SEPARATE OBJECTIONS TO REPORT AND RECOMMENDATION**

- i -

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

LEGAL STANDARD ............................................................................................................ 2

ARGUMENT .......................................................................................................................... 2

    I.    The Amended Complaint Improperly Attempts To Hold Chevron Liable
For First-Amendment Protected Speech And Activity. ........................................... 2

    II.   The Amended Complaint's Allegations Against Chevron Do Not Satisfy
Rule 9(b)'s Heightened Pleading Standard. .............................................................. 4

    III.  The Amended Complaint Should Be Dismissed With Prejudice. .......................... 6

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*In re Colonial Mortgage Bankers Corp.*,
  324 F.3d 12 (1st Cir. 2003)........................................................................................7

*Foisie v. Worcester Polytechnic Inst.*,
  967 F.3d 27 (1st Cir. 2020).........................................................................................5

*NAACP v. Claiborne Hardware Co.*,
  458 U.S. 886 (1982)................................................................................................2, 3

*Sylva v. Culebra Dive Shop*,
  389 F.Supp.2d 189 (D.P.R. 2005)..............................................................................2

*Torres v. Hosp. San Cristobal*,
  831 F. Supp. 2d 540 (D.P.R. 2011)............................................................................2

*United States v. Raddatz*,
  447 U.S. 667 (1980)...................................................................................................2

**Statutes**

28 U.S.C. § 636................................................................................................................2

**Rules**

Fed. R. Civ. P. 9...................................................................................................1, 4, 5, 6

Fed. R. Civ. P. 12.............................................................................................................1

Fed. R. Evid. 201 .............................................................................................................7

Local Rule 72(d) ..............................................................................................................1

**Constitutional Provisions**

First Amendment ...............................................................................................1, 2, 3, 6

Pursuant to Fed. R. Civ. P. 72(b) and Local Rule 72(d), Chevron Corporation respectfully objects to the Magistrate Judge's Report & Recommendation ("R&R"). Chevron joins Defendants' Joint Objections To The Report & Recommendation, and now writes separately to address briefly the Magistrate Judge's R&R as it pertains to Chevron in particular.

## INTRODUCTION

In addition to joining the Joint Rule 12(b)(2) and 12(b)(6) Motions, Dkts. 234–35, Chevron filed a short, separate Motion To Dismiss, Dkt. 239. There, Chevron argued that (1) the First Amendment forbids Plaintiffs' attempt to hold Chevron liable for its First Amendment-protected speech, petitioning, and associational activities, (2) the Amended Complaint's "fraud" allegations against Chevron are wholly conclusory and do not satisfy any proper pleading standard, much less Rule 9(b)'s stringent requirements, and (3) the Amended Complaint should be dismissed with prejudice because any amendment would be futile, given the indications on the public record that Plaintiffs have been investigating their claims for many years and therefore could not amend their Complaint in good faith to allege contrary "facts" to rescue their case from its obvious time-bar. Dkt. 239. In support of this last point, Chevron also moved for judicial notice of a publicly available engagement agreement between Plaintiff Vega Baja and Plaintiffs' counsel dating from November 2022, noting it was "offered only for the purposes of showing that amendment [of the Amended Complaint] would be futile, not for the merits of the Motion to dismiss." Dkt. 241 at 2.

In his February 20, 2025 R&R, the Magistrate Judge largely did not address Chevron's arguments, though it recommended that this Court deny Chevron's separate Motion to Dismiss. Dkt. 315 at 66. The Magistrate Judge asserted broadly that Plaintiff had alleged "particularized facts regarding Chevro[n]," string-citing without discussion a number of supposedly relevant allegations. *Id.* at 44; *see also id.* at 66. The Magistrate Judge did not address Chevron's argument that

dismissal should be with prejudice, *id.* at 39 n.15, though he concluded judicial notice was inappropriate because the relevant portion of the contract was prepared by Vega Baja's counsel rather than Vega Baja itself. *Id.* at 35.

The Magistrate Judge failed to engage Chevron's separate arguments. This Court should address them and dismiss the Amended Complaint against Chevron, with prejudice.

## LEGAL STANDARD

A timely objection requires *de novo* review of "portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R. 2005) (citing *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980)). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Local Civ. R. 72(d).

## ARGUMENT

### I. The Amended Complaint Improperly Attempts To Hold Chevron Liable For First-Amendment Protected Speech And Activity.

Plaintiffs are improperly attempting to impose liability on Chevron based on its First-Amendment protected speech, petitioning activity, and membership in advocacy groups. *See* Dkt. 239 at 3-8. As outlined in the Joint Objections and motions, Chevron has a First Amendment right to speak out on issues of public concern such as climate change, to join and participate in advocacy groups involved in educating the public and policymakers regarding issues of public concern, and to petition the government on matters of public policy (and other topics). *See* Dkt. 239 at 5–8; *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907 (1982). In seeking to impose liability on Chevron based on First-Amendment protected speech and activities, Plaintiffs bear a heavy burden of demonstrating that (1) that *Chevron's* conduct, rather than that of a third-party trade or advocacy group, caused Plaintiffs' alleged harms, and (2) that Chervon's conduct was not protected by the

First Amendment. *Claiborne*, 458 U.S. at 934. Plaintiffs did not and cannot do so.

In response to Chevron's motion to dismiss, Plaintiffs made no meaningful attempt to identify specific allegations regarding Chevron that overcome the robust protections afforded to Chevron by the First Amendment.[1] Instead, Plaintiffs repeated the same generic and legally invalid arguments that they made in the omnibus portion of their opposition—asserting that *Noerr-Pennington* supposedly does not apply whenever a plaintiff baldly accuses a defendant of having spoken or undertaken actions that are vaguely alleged to have misled the public. Dkt. 280 at 27–28. But merely labeling a disfavored defendant a member of a "conspiracy" or having an unspecified deceptive "intent" is too conclusory to show that the speech, petitioning, or associational activities are outside the First Amendment's protections. *See* Joint Objections at 20–23; Dkt. 239 3–5.

Because the Amended Complaint alleges so little about Chevron, Plaintiffs can only attempt to impose derivative liability for Chevron's association with advocacy and trade groups—but that would also violate the First Amendment. *See* Dkt. 239 at 3. Although Plaintiffs offer a few scattershot citations to "Chevron's own speech," Dkt. 280 at 28 (emphasis omitted), they failed to explain how those few Chevron-specific allegations give rise to liability under any theory.

The Magistrate Judge nonetheless rejected Chevron's First Amendment arguments on the ground that Plaintiff, supposedly, "alleged particularized facts regarding Chevron's involvement in the RICO conspiracy." Dkt. 315 at 44 n.16 (citing allegations).[2] But even a cursory examination of the cited allegations confirms that they are inadequate—they lump Chevron into impermissible "group pleadings," violate *Noerr-Pennington*, or otherwise involve constitutionally-protected advocacy, expression, or association. Specifically, the Magistrate Judge cited allegations that:

---

[1] This also violated the Court's Order that Plaintiffs identify "clearly identify the specific Defendant motion being addressed" and "avoid to the extent possible incorporating by reference other sections of their brief." Dkt. 277.
[2] The Magistrate Judge did not make a separate recommendation specific to the antitrust or Puerto Rico law allegations.

- Chevron was a member and participant of the American Petroleum Institute, Dkt. 205 ¶ 205, Global Climate Coalition, *id.* ¶¶ 211(a), 365, 372, 386, and the Global Climate Science Communications Team, *id.* ¶ 406. But as Chevron argued, Chevron's membership in those organizations is not actionable unless the allegations demonstrate wrongful conduct by Chevron, which they do not. Dkt. 239 at 5–8.

- API (not Chevron) established a Climate and Energy Task Force and that task force included representatives from "various oil majors." Dkt. 205 ¶ 309. But these allegations do not mention Chevron.

- From 1979–83, API shared industry knowledge on climate research with various industry scientists, including Chevron. Dkt. 205 ¶ 327. But API's conduct cannot be imputed to Chevron, and, in any event, it is not alleged to have misled any member of the public or otherwise be tortious. In 1991, Chevron's now-indirect subsidiary Pittsburg & Midway Coal Mining allegedly provided unspecified "support" to a group of coal utilities forming the "Information Council for the Environment," but there's no allegation that Chevron was a member of ICE, provided support to ICE itself, or did something unlawful that harmed consumers. *Id.* ¶ 368–69.

- In 2018—*after* the 2017 hurricanes at issue—Chevron produced a report titled "Climate Change Resilience" that truthfully described the IPCC Fifth Assessment Report as stating global warming was caused in part by humans. *Id.* ¶ 498.

Those allegations confirm, rather than refute, that Plaintiffs do not target Chevron for its *own* speech or conduct—much less for any "commercial" conduct—but rather for the constitutionally protected activities of trade associations and advocacy groups with which Chevron is directly or indirectly associated. *See* Joint Objections at 20–23; *see id.* at 12 n.7.

## II. The Amended Complaint's Allegations Against Chevron Do Not Satisfy Rule 9(b)'s Heightened Pleading Standard.

The Magistrate Judge erred in finding that Plaintiffs alleged "particularized facts regarding Chevro[n]." Dkt. 315 at 44; *see id.* at 66. They did not. Indeed, the Amended Complaint sets forth hardly any allegations pertaining to Chevron at all. In addition to being error, this recommendation is facially inconsistent with the Magistrate Judge's simultaneous conclusion that Plaintiffs failed to satisfy Rule 9(b) regarding *any* Defendant because the alleged "general scheme to defraud" "falls short" of "the specificity required of Rule 9(b)." As noted by the Magistrate Judge, Plaintiffs failed to allege the "who, what, when, where of the communications" Dkt. 315 at 54 (citation omitted). This is especially true respecting Chevron.

- 4 -

The Amended Complaint contains no actionable allegations against Chevron and certainly no Chevron-specific allegations satisfying Rule 9(b)'s heightened pleading standard for claims that "effectively" or explicitly "charge fraud." *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 49 (1st Cir. 2020); *see* Dkt. 239 at 8. Plaintiffs' Opposition largely ignored this argument. Dkt. 280. What little Plaintiffs did say amounted to a request to turn the admittedly "heightened pleading standard" into a less "stringent" one "due to the complex and extensive nature of the case." Dkt. 280 at 48. But there is no "complexity" exception to Rule 9(b)'s pleading requirements. In fact, the more convoluted the claims—as here—the more searching the Court's inquiry should be.

Notwithstanding Plaintiffs' waiver of any meaningful argument, the Magistrate Judge cited various inapposite allegations as supposedly supporting liability. For instance, the Magistrate Judge asserted "Plaintiffs' pleadings include allegations identifying Chevron, not only as a member, but as a key player in these entities" and that "Plaintiffs have alleged that Chevron was involved in crafting the narrative that the enterprises used to further their goals." *Id.* at 66. The Magistrate Judge provided no further explanation and instead simply cited various allegations from the Amended Complaint and the attachment thereto. *Id.* (citing Dkt. No. 205-1, ¶¶1, 14-15, 17, 51, 56, 61, 64-65, 80 and Dkt. No. 205, ¶¶ 498, 527(c), 536, 546-548, 565-567).

But the cited allegations are wholly conclusory and they are not specific to Chevron:

- Allegations that *other* Defendants (not Chevron) "cause[d] to be sent and delivered by United States or private mails research on fossil fuel's effects on climate." Dkt. 205-1 ¶ 1.
- Allegations that trade associations (not Chevron) published ads. *Id.* ¶¶ 14-15.
- Allegations that Defendants (*including* Chevron) sent mail "regarding the reorganization of the Global Climate Coalition" trade association without disclosing GCC's funding sources, but without any further detail the content of the communication or how it may have deceived consumers. *Id.* ¶ 17;
- Allegations that Chevron *received* a memorandum from a trade association discussing strategies to address climate policies, but identifying no acts or omissions by Chevron. *Id.* ¶ 51.

- Allegations that Chevron advertises a gasoline additive, Techron, as being "cleaner" than alternatives, but without any explanation of how that advertisement is false, misleading, or deceived any consumers. *Id.* ¶ 56; Dkt. 205 ¶ 527(c).

- Allegations that Chevron made public policy statements "claiming to support carbon taxes but actively supporting a campaign that worked against such taxes" with no particularity as to how Chevron worked against the campaign and without any explanation as to why those activities are not protected by *Noerr-Pennington*. Dkt. 205-1 ¶ 61,

- Allegations that Chevron "cause[d] to be transmitted via the United States wires false commitments and pledges to the Paris Agreement" or "pledges to become net-zero" despite "beginning practices and/or projects that actively go against the goals," but without *any* allegation that those assertions were false, misleading, or deceived any consumers or are otherwise legally actionable. *Id.* ¶¶ 64-65; *see* Dkt. 205 ¶¶ 565–67.

- Allegations that Defendants (including Chevron) "cause[d] to be transmitted payments to API to continue climate disinformation," but with no indication how this participation differed from routine trade association activities that are protected by the First Amendment. Dkt. 205-1 ¶ 80.

- Allegations that Chevron promoted its *other* products and research efforts involving renewable resources that ultimately turned out to be unsuccessful, but failing to explain how that was false, misled consumers, or was otherwise unlawful. Dkt. 205 ¶¶ 546–48.

- Allegations of conduct *after the 2017 hurricanes* that are, in any event insufficiently particularized, such as allegations that (1) Chevron supposedly "mischaracterize[d]" the conclusions of an IPCC report in 2018 even though the allegation merely contains a truthful statement that the IPCC determined climate warming "is due in part to human activity," Dkt. 205 ¶ 498, and (2) Chevron "conceal[ed] and obstruct[ed] [a] House Committee's investigation in order to protect fossil fuel interests and conceal necessary information from the public" in 2022, *id.* ¶ 536. Neither allegation explains how those alleged actions retroactively caused the 2017 storms or misled Puerto Rico consumers.

None of these allegations satisfies Rule 8 pleading standard much less Rule 9(b)'s heightened standard. Plaintiffs do not plead with specificity that *Chevron* allegedly made a single fraudulent statement. They do not plead when any such statements were made, where they were made, how they were transmitted, or why they were false. Such allegations are insufficient to state a claim for relief under Rule 9(b). *See* Joint Objections at 6–7 (objecting to surviving RICO claims).

### III. The Amended Complaint Should Be Dismissed With Prejudice.

The Magistrate Judge appeared to misunderstand Chevron's argument that the Amended Complaint should be dismissed *with prejudice*, because any attempt to amend to cure the untimeliness of the claims would be futile. *See* Dkt. 315, at 39 n.15 (construing Chevron's argument as simply

a limitations argument). Chevron argued—and provided evidence—that public documents, including a contract between Plaintiff Vega Baja and its counsel, demonstrate that Plaintiffs have been investigating potential claims against Defendants—including Chevron—since at least 2019 and, thus, Plaintiffs cannot plausibly allege that they did not "discover" their claims within the limitations period. Dkt. 239 at 11–12.[3]

Chevron argued the contract was appropriate for judicial notice because the contract was an addendum to an official government document available on a government website and the information at issue contained therein is not subject to reasonable dispute, thereby meeting the standards of Fed. R. Evid. 201(b)(2). Dkt. 241 at 2. The R&R recommended against judicially noticing the contract on the ground that the "[t]he information that Defendants allude to is contained in a proposal and brochure that are attached to the [c]ontract and seems to have been prepared by the law firm." Dkt. 315 at 35. But Plaintiffs never made that argument—they never disputed the authenticity of the document or accuracy of the assertion that an investigation had been ongoing since at least 2018, Dkt. 282 at 6–7, which are the relevant standards for judicial notice under Rule 201. Plaintiffs' only argument against judicially noticing the contract was that it is supposedly improper to use judicially noticed materials for statute of limitations issues. *Id.* But that is incorrect. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003); *Torres v. Hosp. San Cristobal*, 831 F. Supp. 2d 540, 542 (D.P.R. 2011). In any event, Chevron used the document to show that any attempt to amend to avoid the statute of limitations would be futile. The Magistrate Judge never addressed whether dismissal should be with prejudice. *See generally* Dkt. 315.

## CONCLUSION

The Court should dismiss the Amended Complaint as to Chevron with prejudice.

---

[3] Notably, Plaintiffs' assertion that they did not discover their claims until 2022 does not appear in the Amended Complaint, and it was only raised by Plaintiffs in their 12(b)(6) Opposition. *See* Joint Objections at 28.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing joint motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of March, 2025.

By: <u>/s/ Roberto C. Quiñones-Rivera</u>
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
MCCONNELL VALDES LLC
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-2631
Facsimile: (787) 474-9201
Email: rcq@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: nmanne@susmangodfrey.com
Email: eharris@susmangodfrey.com

*Attorneys for Defendant CHEVRON CORPORATION*