# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

THE MUNICIPALITIES OF BAYAMÓN, et al.

Plaintiffs,

v.

Case No. 3:22-CV-01550 (SCC)

EXXON MOBIL CORP, et al.

Defendants.

## MOTIVA ENTERPRISES LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S OMNIBUS REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72(d), Defendant

Motiva Enterprises LLC ("Motiva") objects to the Magistrate Judge's Omnibus Report and

Recommendation (Dkt. at 315) ("Report"), in addition to Defendants' Joint Objections to the

Report filed separately, and respectfully STATES:

### II.    ARGUMENTS AND AUTHORITIES

#### A.    THIS COURT LACKS PERSONAL JURISDICTION OVER MOTIVA.[1]

In the Report, the Magistrate erroneously found that the Municipalities satisfied the

relatedness and purposeful availment requirements of specific personal jurisdiction based on

conclusory allegations that defendants marketed, promoted, and sold products in Puerto Rico.

Report at 18, 23. As to Motiva, the Magistrate cited to a single paragraph (Am. Compl. at ¶163)

of conclusory allegations that Motiva "markets and sells its products in Puerto Rico."[2] Report at

---

[1] Neither the Municipalities nor the Report claim general jurisdiction is appropriate here; nor is there any basis for a finding of general jurisdiction.

[2] "'Motiva markets and sells its products in Puerto Rico through its joint ventures with codefendants. At all relevant times, The Municipalities of Puerto Rico and/or their citizens have been customers of Motiva.'" Report at 17 (quoting Am. Compl. at ¶163).

17. This conclusory paragraph is insufficient to support the Report's erroneous finding of personal jurisdiction over Motiva.[3]

The Municipalities' burden to prove relatedness and purposeful availment, even under the prima facie standard as the Magistrate applied, "must be made using affirmative proof of specific facts," and "mere references to unsupported allegations in the complaint are insufficient to establish personal jurisdiction" *Her-Vill Group Corp. v. Netser Computer Intern.*, 2007 WL 120770, at *2 (D.P.R. Jan. 10, 2007) (citing *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001). Similarly, the court should not "credit conclusory allegations or draw farfetched inferences." *Vargas-Santos v. Sam's West, Inc.*, 2021 WL 4768387, at *2 (D.P.R. Oct. 12, 2021) (cleaned up).

To satisfy the relatedness prong, the Municipalities must show a sufficient causal nexus between their claims and Motiva's alleged forum-based activities. *Rodriguez-Rivera v. Allscripts Healthcare Solutions, Inc.*, 43 F.4th 150, 159 (1st Cir. 2022). However, the Report fails to show how the conclusory allegations presented are sufficiently related to the Municipalities' claims.[4]

To satisfy the purposeful availment prong, the Municipalities must show that Motiva has a substantial connection to Puerto Rico such that it would be fair to require defense of the action within Puerto Rico. *See PREP Tours, Inc. v. American Youth Soccer Organization*, 913 F.3d 11,

---

[3] The "reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment) the less a defendant need show in terms of reasonableness to defeat jurisdiction." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994). This test is intended to be a tie breaker when the first two prongs are a close call. *Rodriguez-Rivera v. Allscripts Healthcare Solutions, Inc.*, 43 F.4th 150, 166 (1st Cir. 2022). Due to the Municipalities' failure to assert sufficient facts to establish either of the first two jurisdictional prongs, it is unnecessary to consider the five reasonableness factors. *See Ticketmaster*, 26 F.3d at 210.

[4] The Report also applies an inconsistent and erroneous analysis to find the causal nexus requirement for relatedness is met based on conclusory allegations, but it later finds that similar conclusory allegations (i.e., that Defendants' generation of greenhouse gas emissions has caused the extreme weather events plaguing Puerto Rico, thus interfering with the Municipalities' enjoyment of their property) fail to state a claim under Rule 12(b)(6) because the allegations fail to "show a causal nexus between Defendants' acts or omissions and the damages claimed." Report at 89.

19–20 (1st Cir. 2019). But the Report fails to identify any allegations or evidence supporting a finding that Motiva purposefully availed itself of Puerto Rico.

There are no facts in the Amended Complaint, nor evidence in the Municipalities' opposition, to support a finding of any Motiva contacts with Puerto Rico, let alone contacts that are related to the Municipalities' claims. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 621 (1st Cir. 2001) (noting that "there can be no requisite nexus between the contacts and the cause of action if no contacts exist"). The Municipalities do not even allege or provide evidence that Motiva is registered to do business in Puerto Rico.[5] And "[t]here are no allegations that Defendants are . . . burning fossil fuels in Puerto Rico, or operating facilities in the Municipalities." Report at 89. There are no allegations or evidence to support the conclusory allegations that Motiva marketed, promoted, or sold products in Puerto Rico—such as: (1) what Motiva products did the Municipalities purchase; (2) how did the Municipalities purchase Motiva products and was the purchase related to any marketing or promotion conducted by Motiva; or (3) what joint venture did Motiva participate in to market or sell products in Puerto Rico.

Consequently, the Report erred in finding personal jurisdiction as to Motiva.

## B.    JURISDICTIONAL DISCOVERY IS NOT WARRANTED.

First, the Municipalities did not request jurisdictional discovery. Additionally, they did not make the necessary showing of (1) a colorable claim for specific personal jurisdiction and (2) why jurisdiction would be found if jurisdictional discovery were permitted. *See Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007). In a similar situation, the First Circuit upheld the district court's denial of jurisdictional discovery because the plaintiff's request for jurisdictional discovery failed "to explain why jurisdictional discovery was appropriate and what

---

[5] A search on the Puerto Rico Department of State's website (https://rcp.estado.pr.gov/en/search) does not reveal any business registration by Motiva Enterprises LLC.

relevant information it hoped to glean through such discovery." *Motus, LLC v. CarData Consultants, Inc.,* 23 F.4th 115, 128 (1st Cir. 2022). Here, the Municipalities fail to describe what information they seek in jurisdictional discovery (because they never requested discovery in the first place) or how it would help establish jurisdiction as to Motiva.

Second, the Report errs in ordering jurisdictional discovery as to Motiva's relationship with its distant foreign corporate parent, Saudi Arabia Oil Company ("Aramco"). Report at 31. As the Report acknowledges, Motiva is a wholly owned subsidiary of Saudi Refining, Inc. and Aramco Financial Services Co.—neither of which are mentioned in the Amended Complaint. *See* Motiva's Fed. R. Civ. P. 7(a) Corporate Disclosure Statement (Dkt. at 26); Report at 31. Nevertheless, the Report erroneously jumps across multiple distinct corporate entities (despite no allegations or law to justify such a jump) to order jurisdictional discovery concerning Aramco.

Notwithstanding the lack of any request for discovery by the Municipalities, the Municipalities' concession that they are "not attempting to pierce the corporate veil and attribute all of Saudi Aramco's actions to Motiva" (PJ Opp. at 28 (Dkt. 281)) is fatal to the Report's logic for ordering such discovery. Moreover, jurisdictional discovery related to Aramco is improper because (1) Aramco is not a party to this action, (2) the Municipalities concede there are no allegations to overcome the presumption that Motiva and Aramco are separate entities under the corporate separateness doctrine (PJ Opp. at 28)[6], and (3) notwithstanding any of the foregoing, Aramco is protected by sovereign immunity.[7]

---

[6] *Milan v. Centennial Comm. Corp.*, 500 F. Supp. 2d 14, 26 (D.P.R. 2007); *Mitsui & Co. v. Puerto Rico Water Res. Auth.*, 528 F. Supp. 768, 792 (D.P.R. 1981) (declining to hold subsidiary liable for actions of parent); *see also Beverly Enterprises, Inc. v. Herman*, 130 F. Supp. 2d 1, 22 (D.D.C. 2000) ("The relationship between a parent and subsidiary alone is not enough to render a subsidiary liable on a parent's contract.").

[7] The Fifth Circuit has held that Saudi Aramco is immune from suit in the courts of the United States under 28 U.S.C. § 1604. *Al -Qarqani v. Saudi Arabian Oil Co.*, 19 F.4th 794, 800 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2753 (2022), *reh'g denied*, 143 S. Ct. 54 (2022). Notwithstanding the Amended Complaint's failure to allege any basis to impute Aramco's conduct to Motiva, such conduct would not be actionable under 28 U.S.C. § 1604 (and Puerto Rico has not

Neither the Report nor the Municipalities cite any law to support the proposition that allegations concerning a non-party, distant foreign corporate parent entity (especially one protected by sovereign immunity) can be used to establish personal jurisdiction or that jurisdictional discovery would be warranted—particularly when the Municipalities have conceded they are not trying to pierce the corporate veil. As a result, jurisdictional discovery concerning Aramco (or the other nonparty foreign entities referenced in the Amended Complaint) is erroneous and futile because Municipalities cannot establish personal jurisdiction (or substantive liability) on Motiva through any Aramco allegations.

## C.     THE MUNICIPALITIES FAIL TO STATE A CLAIM AGAINST MOTIVA.

Finally, the Report errs in denying Motiva's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) because the Municipalities fail to state a plausible claim for relief against Motiva. Report at 61. To survive dismissal under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief" *Rodriguez Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007). Although all inferences must be made in the plaintiff's favor, when considering dismissal under Rule 12(b)(6), the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).

Additionally, complaints alleging fraud are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires that the complaint includes "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *City & Cnty of S.F. v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 646 (N.D. Cal. 2020) (quoting *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Rule 9(b)'s "heightened pleading requirements apply not only to claims of fraud simpliciter but

---

alleged any potential exceptions), thus the Amended Complaint fails to state a claim against Motiva based on any Aramco-related conduct and such conduct cannot be the basis of asserting personal jurisdiction against Motiva.

also to related claims as long as the central allegations of those claims effectively charge fraud." *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 49 (1st Cir. 2020) (cleaned up).[8]

The Municipalities assert fourteen causes of action collectively against Defendants, all of which are based on an alleged decades long "campaign of deception." *See, e.g.,* Am. Compl. at ¶¶ 2, 3, and 6. As such, all of the Municipalities' claims are subject to Rule 9(b)'s pleading requirements. *Foisie*, 967 F.3d at 49. However, in the Report, the Magistrate fails to identify sufficient allegations against Motiva that meet Rule 9(b)'s particularity requirements or Rule 12(b)(6)'s pleading requirements.

In the Report, the Magistrate denies Motiva's motion to dismiss by relying on Motiva's alleged membership in API and API's role in the creation of the Global Climate Science Communications Team ("GCSCT") to allegedly disseminate misleading, or withhold, scientific information on climate change. Report at 60. Specifically, the Magistrate cites to paragraphs 429 and 430 of the Amended Complaint, which rely on an April 3, 1998 memorandum concerning the creation of GCSCT (i.e., Exhibit 34 – Dkt. at 205-6, at 48–57).

However, the creation of GCSCT as outlined in the memorandum preceded the date of Motiva's formation (i.e., July 1, 1998) by several months; thus, Motiva could not have participated in GCSCT's creation. *See* Exhibit A, Motiva Certificate of Formation. Likewise, none of the 834 paragraphs or 39 exhibits in the Amended Complaint specify any Motiva-specific conduct in API, GCSCT, or otherwise as part of the alleged deception campaign on which the Amended Complaint is based. Thus, the Report relies on Motiva's alleged membership in API to satisfy Rule 9(b) and

---

[8] *See also City & Cnty of S.F.*, 491 F. Supp. 3d at 646 (applying Rule 9(b) to RICO actions); *Lum v. Bank of Am.*, 361 F.3d 217, 229, *abrogation on other grounds recognized by In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 323 n.22 (3d Cir. 2010). (3d Cir. 2005) (Rule 9(b) applies where "fraud [is] the basis of [an] antitrust claim."); *see In re Fin. Oversight Mgmt. Bd. for Puerto Rico*, 54 F.4th 42, 53–54 (1st Cir. 2022) (applying Rule 9(b) to claims under Puerto Rico law).

12(b)(6), which runs afoul of the First Amendment and fails to plausibly plead the elements that Motiva was a participant in any alleged conspiracy. *See Libertad v. Welch,* 53 F.3d 428, 443 (1st Cir. 1995), *abrogated on other grounds as recognized by United States v. Velazquez-Fontanel,* 6 F.4th 205 (1st Cir. 2021); *see also United States v. Rodriguez-Torres,* 939 F.3d 16, 24 (1st Cir. 2019).

Therefore, the Municipalities do not satisfy the particularity requirements of Rule 9(b) because the Amended Complaint lacks specific factual allegations of Motiva's alleged misconduct (e.g., the time, place, specific content, and recipient of any alleged false representation, or knowing participation in a conspiracy). *City & Cnty. of San Francisco*, 491 F. Supp. 3d at 646. Additionally, the allegations identified in the Report, and the Amended Complaint, contain no Motiva-specific facts sufficient to satisfy rule 12(b)(6). *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009) (The question before the Court is "whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted.") (emphasis original). A Delaware court presented with similar allegations concerning alleged misrepresentations about climate change dismissed such claims because the plaintiff had failed to allege specific misrepresentations for each defendant. *See Delaware ex rel. Jennings v. BP Am. Inc.*, 2024 WL 98888, at *17 (Del. Super. Ct. Jan. 9, 2024) ("[T]he State has failed to specifically identify alleged misrepresentations for each individual defendant."), *appeal denied*, 2024 WL 2044799 (TABLE) (Del. May 8, 2024).

Accordingly, the Municipalities failed to allege sufficiently plausible facts to state a claim as to Motiva specifically, and their claims against Motiva should be dismissed.

**RESPECTFULLY SUBMITTED**, in the City of San Juan, Puerto Rico, on this 21st day of March, 2025.

By: *s/Kenneth C. Suria*
Kenneth C. Suria

USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone:  (787) 977-5050
Facsimile: (787) 977-5090
E-mail:  kcsuria@estrellallc.com

By: *Tracie J. Renfroe*
Tracie J. Renfroe (*Pro Hac Vice*)
KING & SPALDING LLP
1100 Louisiana, Suite 4100
Houston, TX 77002
Telephone:  (713) 751-3200
Facsimile:  (713) 751-3290
E-mail:  trenfroe@kslaw.com

By: *Oliver Thoma*
Oliver Thoma (*Pro Hac Vice*)
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Ph: (979) 694-7000
Fax: (979) 694-8000
oliver.thoma@westwebblaw.com