UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100, <br><br> Defendants. | Civil Case No. 3:22-cv-01550 <br><br> Re: <br> Consumer fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment |

**DEFENDANT CONOCOPHILLIPS'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

# TABLE OF CONTENTS

I. The Report And Recommendation Suggests Impermissibly Holding ConocoPhillips Liable Based On Its Membership In Trade Associations ................................................................... 1

II. The Report And Recommendation Does Not Identify Any Wrongful Conduct By ConocoPhillips ................................................................................................................. 3

III. The Magistrate Judge's Recommendation That Plaintiffs' Claims Are Not Time Barred Is Erroneous As To ConocoPhillips ..................................................................................... 6

CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bush v. WellPet, LLC*,
    534 F. Supp. 3d 179 (D. Mass. 2021) ............................................................................4

*Ciminelli v. United States*,
    598 U.S. 306 (2023).........................................................................................................5

*Humana Inc. v. Biogen, Inc.*,
    126 F.4th 94 (1st Cir. 2025)........................................................................................2, 5

*In re Asbestos School Litigation*,
    46 F.3d 1284 (3d Cir. 1994)............................................................................................2

*McMillan v. Rodríguez-Negrón*,
    511 F. Supp. 3d 75 (D.P.R. 2020)...................................................................................6

*Moore v. Boating Industry Associations*,
    819 F.2d 693 (7th Cir. 1987) ..........................................................................................3

*North American Catholic Educuation Programming Foundation, Inc. v. Cardinale*,
    567 F.3d 8 (1st Cir. 2009)...............................................................................................5

*NAACP v. Claiborne Hardware Co.*,
    458 U.S. 886 (1982).........................................................................................................3

*Quality Cleaning Products R.C., Inc. v. SCA Tissue North American., LLC*,
    794 F.3d 200 (1st Cir. 2015) ..........................................................................................6

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993).........................................................................................................3

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 9(b) ....................................................................................................................5

U.S. Const. amend. I .................................................................................................................3

The Magistrate Judge's report and recommendation to allow Plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") and antitrust claims to proceed is deeply flawed. In addition to all the errors identified in Defendants' Joint Objections, the Magistrate Judge's recommendation is particularly flawed as to ConocoPhillips because the Amended Complaint ("FAC") does not allege either any pattern of racketeering acts by ConocoPhillips or any facts supporting an inference that ConocoPhillips entered into an agreement to engage in anticompetitive conduct. The Report and Recommendation ("R. & R.") nonetheless recommends allowing RICO and antitrust claims to proceed against ConocoPhillips based on (1) its membership and general participation in trade associations and (2) two statements (one of which Plaintiffs abandoned) which are not deceptive as a matter of law and, in fact, expressly acknowledge the role of fossil fuels in global climate change. The law precludes holding ConocoPhillips liable on either basis. What is more, the Amended Complaint itself shows that all of Plaintiffs' claims against ConocoPhillips are time barred. For the reasons set forth herein and in Defendants' Joint Objections, the Court should reject the Magistrate Judge's recommendation as to the RICO and antitrust claims and dismiss those claims with prejudice.

**I.     The Report And Recommendation Suggests Impermissibly Holding ConocoPhillips Liable Based On Its Membership In Trade Associations**

The Magistrate Judge recommended allowing RICO and antitrust claims to proceed against ConocoPhillips based on its membership and, at times, leadership positions in industry trade groups. Regarding the RICO claims, the Magistrate Judge found sufficient racketeering allegations in the Appendix to the Amended Complaint, but the Appendix's only allegations specific to ConocoPhillips either pertain to its membership in trade groups (App. ¶¶ 1, 2, 17, 80) or, as

1

discussed below (at pp. 3-5), do not plausibly allege racketeering activity (App. ¶¶ 64-65).[1] *See* R. & R. 56. Similarly, the Magistrate Judge found sufficient allegations that ConocoPhillips conducted the alleged RICO enterprise based on allegations that a ConocoPhillips executive was the Chairman of the Board of Directors of the American Petroleum Institute ("API") from 2020-2022 and that ConocoPhillips made financial contributions to and generally participated in API. R. & R. 57. And in concluding that Plaintiffs' antitrust claim was sufficiently pleaded, the Magistrate Judge pointed to allegations purportedly demonstrating an anticompetitive agreement, R. & R. 70, but, again, the only allegations mentioning ConocoPhillips pertain simply to its membership in API, *see* FAC ¶¶ 365, 530.[2]

As explained in ConocoPhillips's Mot. to Dismiss ("COP MTD"), membership or even general participation in a trade association cannot support either RICO or antitrust liability. COP MTD 3-7. Rather, both RICO and antitrust liability require allegations of specific participation in the allegedly unlawful activity. *Id.* at 5-7. Mere membership in a trade association—including financial contributions, active participation, and even holding leadership positions—is not "sufficient to show that [a defendant] specifically intended to further any allegedly [unlawful] activities committed by the [association] or its other members." *In re Asbestos Sch. Litig.*, 46 F.3d

---

[1] Paragraph 58 of the Appendix also alleges that ConocoPhillips transmitted a purportedly deceptive advertisement for 76-brand gasoline. As explained in ConocoPhillips's Motion, however, "the 76 Gas Stations brand is owned by Phillips 66 Company," COP MTD 9 n.4 (quotation marks omitted), and, as the Amended Complaint alleges, Phillips 66 was spun off as a separate entity in 2012, FAC ¶ 149. The Report and Recommendation ignored these points. In any event, the allegation cannot support a RICO wire fraud claim as it does not "state the time [and] place … of the alleged . . . wire communication perpetrating th[e alleged] fraud," *Humana Inc. v. Biogen, Inc.*, 126 F.4th 94, 101 (1st Cir. 2025).

[2] Paragraph 527(e) of the Amended Complaint—among the allegations relied upon by the Magistrate Judge to support the antitrust claim, *see* R. & R. 71—again attributes to ConocoPhillips certain advertisements for 76-brand gasoline. But such advertisements cannot be attributed to ConocoPhillips (*see supra* n.1)—a point the Magistrate Judge again ignored.

1284, 1290 (3d Cir. 1994) (Alito, J.); *accord Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (RICO liability requires that the defendant itself "ha[d] some part in directing" the allegedly unlawful conduct); *Moore v. Boating Indus. Assocs.*, 819 F.2d 693, 712 (7th Cir. 1987) ("There must … be some evidence of actual knowledge of, and participation in, an illegal scheme in order to establish a violation of the antitrust laws by a particular association member."). Because the Amended Complaint alleges only that ConocoPhillips generally participated in the activities of trade associations, but not that it specifically participated in any allegedly ***unlawful*** activity, the Amended Complaint fails to state either a RICO or antitrust claim against ConocoPhillips.

The Magistrate Judge's contrary recommendation fails to grapple with (or even address) the relevant case law cited in ConocoPhillips's Motion. As explained, basing liability on mere membership or general participation in a trade association not only fails to satisfy the elements of either a RICO or antitrust claim, but also intrudes upon constitutionally protected associational rights. COP MTD 7. The First Amendment does not permit any theory of "guilt by association" or "guilt for association." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 925 (1982) (emphasis omitted). This Court should thus reject the recommendation to impose liability based on ConocoPhillips's constitutionally protected membership in trade associations.[3]

## II. The Report And Recommendation Does Not Identify Any Wrongful Conduct By ConocoPhillips

The Amended Complaint's few allegations specific to ConocoPhillips fail to support any claim. Plaintiffs' claims turn on allegations that Defendants "misrepresented the dangers of the carbon-based products which they marketed …. through a campaign of climate change denial." FAC ¶ 2. But the Amended Complaint alleges only two statements by ConocoPhillips, each of

---

[3] As explained in ConocoPhillips's Motion, mere membership or participation in a trade association is also insufficient to support tort liability, COP MTD 4-7, providing an independent basis to dismiss all of Plaintiffs' tort claims as to ConocoPhillips.

which *acknowledges* the role of fossil fuels in climate change. Specifically, the Amended Complaint points to a statement in ConocoPhillips's 2012 Sustainable Development Report "recogn[izing]" that "the burning of fossil fuels[]" can contribute to "adverse changes in global climate." FAC ¶ 568. The Amended Complaint also points to a statement from ConocoPhillips's website again acknowledging that fossil-fuel combustion "can lead to adverse changes in global climate" and stating that "[w]hile uncertainties remain, we continue to manage greenhouse gas emissions in our operations and to integrate climate change related activities and goals into our business planning." FAC ¶ 500. Plaintiffs' Opposition notably failed to respond to ConocoPhillips's argument that the former statement could not support any claim, thereby abandoning any claim based on that statement. Pls.' Omnibus Resp. in Opp'n to Defs.' Mot. to Dismiss for Failure to State a Claim ("Pls.' Opp'n") 49-50; Reply in Supp. of ConocoPhillips's Mot. to Dismiss the Am. Compl. 5-6. And in any event, neither statement supports any claim against ConocoPhillips.

The Magistrate Judge recommended that "the falsity of the[se] statements should not be addressed at the motion to dismiss stage." R. & R. 63. But as ConocoPhillips explained (MTD 12), motions to dismiss fraud-based claims may, and should, be granted where a complaint fails to plausibly allege that reasonable people would be misled by a statement. *See Bush v. WellPet, LLC*, 534 F. Supp. 3d 179, 185 (D. Mass. 2021). That is the case here. Neither the Amended Complaint nor the Magistrate Judge explained how the alleged statements could mislead a reasonable consumer into thinking that fossil fuels do not contribute to climate change, when they state the exact opposite. Plaintiffs argued that the statement that "uncertainties remain" "is misleading because it instills doubt in the public and in consumers" regarding the need to address climate change, Pls.' Opp'n 50, but that is simply implausible, given the statement's explanation that,

4

despite uncertainties, ConocoPhillips "continue[s] to" address climate change by "manag[ing] greenhouse gas emissions in [its] operations" and "integrat[ing] climate change related activities and goals into [its] business planning," FAC ¶ 500. Additionally, these statements cannot constitute a pattern of racketeering activity because, as explained in Defendants' Joint Objections (at 7-8), Plaintiffs do not allege they were deprived of property as a result of the statements. *See Ciminelli v. United States*, 598 U.S. 306, 309 (2023).

The Amended Complaint's allegations regarding ConocoPhillips also fail to satisfy Rule 9(b). "Rule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter." *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009). Thus, "general averment of the defendant's 'knowledge' of material falsity" are "inadequate" "unless the complaint *also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Id.* (quotation marks omitted; emphasis in original). *See also* COP MTD 9-10. The Amended Complaint nowhere alleges facts suggesting that ConocoPhillips has ***not*** taken actions to reduce its own greenhouse gas emissions or that there are ***no*** uncertainties regarding climate change—let alone that anyone at ConocoPhillips had such knowledge. As discussed in Defendants' Joint Objections, the Magistrate Judge's recommendation that Plaintiffs be allowed the opportunity to conduct discovery in order to satisfy Rule 9(b), R. & R. 54, is erroneous. The Amended Complaint's allegations with respect to ConocoPhillips are insufficient as a matter of law, and Plaintiffs' claims against ConocoPhillips should be dismissed.[4]

---

[4] As ConocoPhillips explained (MTD 7-12), all of Plaintiffs' claims turn on allegations of fraud, and thus Plaintiffs' failure to plead any deceptive statement by ConocoPhillips—let alone with the particularity required under Rule 9(b)—again provides an independent basis to dismiss all claims against ConocoPhillips. *See, e.g.*, *Humana Inc. v. Biogen, Inc.*, 126 F.4th 94, 103-04 (1st Cir. 2025) (applying Rule 9(b) to RICO claim).

### III. The Magistrate Judge's Recommendation That Plaintiffs' Claims Are Not Time Barred Is Erroneous As To ConocoPhillips

Finally, the Magistrate Judge's recommendation that Plaintiffs' claims are not time barred is erroneous as to ConocoPhillips because the Amended Complaint fails to allege any wrongdoing by ConocoPhillips within the limitations periods and shows that Plaintiffs were on notice of their claims against ConocoPhillips at least by 2013—five years before the four-year limitations period on Plaintiffs' federal claims and eight years before the one-year limitations period on Plaintiffs' Puerto Rico law claims. Plaintiffs' claims against ConocoPhillips are therefore time barred.

First, the Magistrate Judge's application of the continuing tort doctrine, R. & R. 35-38, is improper as to ConocoPhillips. As the Magistrate Judge acknowledged, that doctrine applies only where there is "ongoing unlawful conduct," rather than merely "continuing harmful effects" from conduct predating the limitations period. *Id.* at 36. While the doctrine allows a plaintiff to file suit based on pre-limitations-period conduct, it still requires that "a related act falls *within the limitations period*." *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 205 (1st Cir. 2015) (emphasis added). As discussed, the Amended Complaint alleges just two statements by ConocoPhillips, one in 2013, FAC ¶¶ 569, 606, and one in 2020, *id.* ¶ 500. The first—made nine years before the original Complaint was filed—is plainly beyond either applicable statute of limitations. And the second cannot justify application of the continuing tort doctrine because the doctrine applies only where continued conduct "produce[d] the harm" alleged. *McMillan v. Rodríguez-Negrón*, 511 F. Supp. 3d 75, 83 (D.P.R. 2020). Plaintiffs here allege harm from hurricanes in 2017, *see, e.g.*, FAC ¶¶ 687, 699, 715, 770, which could not possibly have been caused by statements after 2017, *see* COP MTD 11.

Second, while the Magistrate Judge's application of equitable tolling was erroneous for the reasons explained in Defendants' Joint Objections, it is particularly erroneous as to ConocoPhillips

6

because the Amended Complaint itself makes clear that Plaintiffs' claims against ConocoPhillips are time barred. As the Magistrate Judge recognized, equitable tolling applies only where "a plaintiff exercising reasonable diligence could not have discovered the information essential to the suit." R. & R. 40 (quotation marks omitted). Plaintiffs argued that Defendants "conceal[ed] and misrepresent[ed] the risks associated with their fossil fuel products" and concealed their alleged deception through the use of "front organizations." Pls.' Opp'n 9-11. But with respect to ConocoPhillips, the very statements on which Plaintiffs' claims are based put Plaintiffs on notice of their claims by at least 2013. The Amended Complaint alleges that in ConocoPhillips's 2012 Sustainable Development Report, ConocoPhillips acknowledged that "the burning of fossil fuels[] is contributing to increased concentrations of greenhouse gases (GHG) … that can lead to adverse changes in global climate." FAC ¶ 569. The Amended Complaint also alleges that the Sustainable Development Report's asserted commitment to "[r]educing [ConocoPhillips's] GHG emissions" was false in light of disclosures in ConocoPhillips Form 10-K filing from that same year. *Id.* The Amended Complaint itself thus shows that by 2013, Plaintiffs both knew or reasonably should have known of ConocoPhillips's alleged misrepresentation and that any purported fraudulent concealment by ConocoPhillips had ended. Because Plaintiffs waited until 2022 to file this action, all their claims against ConocoPhillips are time-barred.

## CONCLUSION

For all these reasons, as well as those stated in Defendants' Joint Objections, the Court should reject the Magistrate Judge's recommendations regarding Plaintiffs' RICO and antitrust claims against ConocoPhillips and should dismiss all claims with prejudice.

Dated:  March 21, 2025                   Respectfully submitted:

                                         */s/ Heriberto J. Burgos-Pérez*
                                         Heriberto J. Burgos-Pérez
                                         USDC-PR No. 204809

Ricardo F. Casellas
USDC-PR No. 203114
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street,
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

9

**CERTIFICATE OF SERVICE**

  I certify that on March 21, 2025, a copy of the foregoing Objections to the Magistrate Judge's Report and Recommendation was served by filing that document with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants, and paper copies were mailed by first class mail, postage prepaid, to those identified as nonregistered participants.

                        /s/ *Heriberto J. Burgos-Pérez*

9