UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF BAYAMON, et al.<br><br>    *Plaintiffs*,<br><br>    v.<br><br>EXXON MOBIL CORP., et al.<br><br>    *Defendants*. | Case No. 3:22-cv-01550-SCC-HRV |

**RIO TINTO PLC'S PARTIAL OBJECTIONS TO
REPORT AND RECOMMENDATION (ECF NO. 315)**

TO THE HONORABLE COURT:

COMES NOW Rio Tinto plc ("Rio Tinto") and partially objects to the Magistrate Judge's Report and Recommendation (ECF No. 315) ("R&R") issued in response to the order dated November 27, 2023 (ECF No. 211).[1] Rio Tinto respectfully states and prays as follows:

**INTRODUCTION**

On February 20, 2025, Magistrate Judge Ramos-Vega issued the R&R, which recommended, *inter alia*, that Rio Tinto's Motion to Dismiss for Lack of Jurisdiction (ECF No. 246) ("Rio Tinto's 12(b)(2)") be denied, and—while *ignoring* Rio Tinto's *individual substantive arguments*—granted in part and denied in part Rio Tinto's Motion to Dismiss for Failure to State a Claim (ECF No. 247) ("Rio Tinto's 12(b)(6)") (together, "Rio Tinto's dismissal motions"). The R&R also recommended that Defendants' Joint Motion to Dismiss for Failure to State a Claim (ECF No. 235) be granted in part, with certain of Plaintiffs' RICO and antitrust claims surviving.

Rio Tinto objects to the R&R as contrary to law and not supported by the record before

---

[1] Pursuant to L. Civ. R. 7(f), Rio Tinto adopts and incorporates by reference Defendants' Joint Objections to Report and Recommendation (ECF No. 326).

1

this Court. The R&R repeatedly acknowledged that where Plaintiffs fail to address arguments made in a dismissal motion, their claims fail. Yet the R&R failed to apply this rule to Rio Tinto. In its motion, Rio Tinto made arguments challenging Plaintiffs' RICO and antitrust claims that were not made by any other Defendants—such as the insufficiency as a matter of law of using a daisy chain of alleged industry group memberships to show Rio Tinto's participation in a conspiracy, *see* Rio Tinto's 12(b)(6) at 12-14—which Plaintiffs did not address in their Omnibus Response in Opposition to Defendants' Motions to Dismiss ("Opposition"). Instead of treating Rio Tinto's arguments as conceded, the R&R ignored them. This was error and requires correction.

Moreover, the magistrate judge *entirely ignored Rio Tinto's 12(b)(6) arguments*, despite individually addressing those of every other Defendant. The Amended Complaint is deficient as against Rio Tinto because it lacks any Rio Tinto-specific allegations. This is unsurprising as Rio Tinto has for *decades* made public statements that rebut the Amended Complaint's core theory about Rio Tinto being a member of the alleged conspiracy. *See* Rio Tinto's 12(b)(6) at 2, 8-9.

Finally, as set forth in Rio Tinto's 12(b)(2) and the evidentiary declaration submitted in support, this Court lacks personal jurisdiction over Rio Tinto. Plaintiffs wholly failed to rebut that declaration with any evidence whatsoever. And yet, rather than credit Rio Tinto's evidence as the law requires, the magistrate judge improperly granted jurisdictional discovery that *Plaintiffs did not request* so that Plaintiffs could meet the pleading burden they were already required—but failed—to meet before receiving discovery.

Rio Tinto respectfully requests that this Court grant its dismissal motions.

## ARGUMENT

I. **Rio Tinto is Entitled to *De Novo* Review.**

A party that timely objects to a magistrate judges's report and recommendation is entitled to a *de novo* determination of "those portions [of the report] to which objection is made." L. CIV.

2

R. 72(d); *see also* 28 U.S.C. § 636(b)(1).

**II.    The RICO and Antitrust Claims as Against Rio Tinto Should be Dismissed.**

    A.    <u>The R&R Erred by Failing to Engage with Rio Tinto's 12(b)(6) Motion</u>

In its 12(b)(6), Rio Tinto showed that Plaintiffs' RICO and antitrust claims fail as against Rio Tinto specifically because Plaintiffs failed to meaningfully connect Rio Tinto to any enterprise or conspiracy as alleged in the Amended Complaint. *See* Rio Tinto's 12(b)(6) at 12-13. Plaintiffs failed to oppose or otherwise respond to these arguments in their Opposition. Thus, these arguments have been conceded, and Plaintiffs' RICO and antitrust claims against Rio Tinto must be dismissed. *See, e.g., Orellano-Laureano v. Instituto Medico del Norte, Inc.*, Civil No. 22-01322 (MAJ), 2023 WL 4532418, *8 (D.P.R. July 13, 2023) (holding that plaintiff waived an argument it did not address in its opposition to a motion to dismiss). The magistrate judge accepted this principle elsewhere in the R&R, repeatedly finding that Defendants' arguments to which Plaintiffs did not respond are conceded, *see, e.g.*, R&R at 58, 90. When it came to Rio Tinto, however, the magistrate judge ignored both the concession and the argument itself.[2] On this basis alone, the R&R is in error and the RICO and antitrust claims should be dismissed as against Rio Tinto.

    B.    <u>The Complaint Fails to Allege RICO or Antitrust Claims Against Rio Tinto</u>

Rio Tinto's substantive 12(b)(6) arguments are right as a matter of law and require dismissal for that reason as well. As against Rio Tinto, the Amended Complaint depends entirely on group pled allegations which are insufficient as a matter of law, particularly where, as here, Plaintiffs' allegations are governed by Rule 9(b). *See DiMuro v. Clinique Lab'ys, LLC*, 572 F.

---

[2]    By contrast, the R&R explicitly addressed the individual 12(b)(6) RICO and antitrust arguments made by every other Defendant who filed separate briefs. *See* R&R at 60 (acknowledging the independent RICO arguments of "Codefendants Motiva, API, Conoco, BP, Exxon, BHP, Chevron and Shell" but wholly failing to address those of Rio Tinto, or even acknowledge they had been made); R&R at 61-67 (same); R&R at 75 n. 24 (same, with respect to antitrust).

App'x 27, 30 (2d Cir. 2014) ("group-pleading . . . is inconsistent with Rule 9(b)'s particularity requirement"). Rio Tinto argued as much in its 12(b)(6) at 4, 14-15, and Plaintiffs plainly ignored the argument, necessitating dismissal of their claims. Rio Tinto's 12(b)(6) Reply at 1-2, 4.[3]

Plaintiffs also fail to allege a RICO conspiracy as to Rio Tinto. The R&R grounds its holding that Plaintiffs sufficiently alleged a conspiracy in Plaintiffs' allegations that *all* Defendants: (1) "formulated, funded and supported" the Global Climate Coalition ("GCC") and the American Petroleum Institute ("API"); and (2) "conspired to market[] false and misleading public statements" concerning climate change. R&R at 60. Either formulation of the conspiracy fails as against Rio Tinto, specifically: *first*, based on Plaintiffs' own allegations, Rio Tinto was never a member of the GCC or the API (*see* Rio Tinto's 12(b)(6) at 5); and *second*, Rio Tinto made myriad public statements for two decades about the harm of climate change (*see* Rio Tinto's 12(b)(6) at 8-9).

Plaintiffs do not and cannot allege that Rio Tinto was a member of either entity that the magistrate judge found comprised a RICO enterprise—the GCC or the API. The closest Plaintiffs get is alleging that Rio Tinto's membership in unrelated industry associations, such as the National Mining Association, is sufficient to establish that Rio Tinto participated in the GCC's operations and agreed to further its goals. However, the law on this point is clear and requires rejection of Plaintiffs' claim against Rio Tinto—mere membership or participation in a trade association is not a sufficient predicate on which to impose liability. *See Taylor v. Airco, Inc.*, 503 F. Supp. 2d 432, 446-47 (D. Mass. 2007), *aff'd sub nom. Taylor v. Am. Chemistry Council*, 576 F.3d 16 (1st Cir. 2009); *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1290 (3d Cir. 1994). Here, Plaintiffs' allegations are insufficient to connect Rio Tinto to any enterprise or conspiracy because, as Rio Tinto showed in its 12(b)(6), Plaintiffs fail to: (1) allege that Rio Tinto "participated in the operation or

---

[3] *Becher* discovery is inappropriate where, as here, Plaintiffs offer only threadbare allegations. *See* Rio Tinto's 12(b)(6) Reply at 7; Joint 12(b)(6) Reply at 17.

4

management of the enterprise," *Reves v. Ernst & Young*, 507 U.S. 170, 179, 183 (1993); or (2) put forth well-pleaded allegations that Rio Tinto specifically agreed to further any wrongful objective in a different manner than other Defendants.[4] Moreover, membership in one industry group that is then a member of another industry group is doubly insufficient—a point Plaintiffs did not dispute and therefore conceded. *See* Rio Tinto's 12(b)(6) Reply at 1.

Plaintiffs' antitrust claim fails against Rio Tinto for the same reason as the RICO claims: Plaintiffs fail to allege that Rio Tinto was a party to any conspiracy. *See* Rio Tinto's 12(b)(6) at 14-15. Moreover, the R&R contends that the antitrust conspiracy is adequately pled because Plaintiffs allege Defendants "maintained their energy monopoly in Puerto Rico by conspiring, and succeeding, in keeping [oil, gas, and coal] prices low." R&R at 72 n.21. Yet that theory fails against Rio Tinto, as the Amended Complaint does not—and cannot—allege that Rio Tinto sold any products in Puerto Rico.[5] As such, the antitrust claim against Rio Tinto must be dismissed.

### III.  The Report and Recommendation Improperly Proposed Jurisdiction Over Rio Tinto

In addition to failing on the merits, Plaintiffs also fail to establish jurisdiction over Rio Tinto for at least four reasons. Courts have long recognized that "[a]s its name reflects, personal jurisdiction is ***personal to each defendant***," and have thus understood that they must apply jurisdictional analysis to each defendant in turn. *Perry v. Markman Capital Mgmt.*, No. 02-744, 20002 WL 31248038, at *3 (E.D. Pa. Oct. 4, 2002) (emphasis added). That did not happen here.

---

[4] Plaintiffs cannot allege that Rio Tinto conducted an enterprise of which it was not a member. The magistrate found that Plaintiffs plausibly alleged that Defendants, as a group, were more than mere associates in the GCC and API enterprises. R&R at 56-57. However, he cites to zero factual allegations against Rio Tinto specifically, who (per Plaintiffs' own sources) was not *even* a member of the GCC or API. *See* Rio Tinto's 12(b)(6) at 1-2, 5.  A point the Plaintiffs concede.

[5] It is for this same reason that Plaintiffs cannot establish the requisite proximate cause to support their RICO claim against Rio Tinto. *See* Defendants' Joint Objections to R&R at 10-11.

5

*First*, to rely on RICO to establish jurisdiction, Plaintiffs' RICO theory *as against Rio Tinto* must be colorable. *See In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. 2019); *World Depot Corp. v. Onofri*, No. CV 16-12439-FDS, 2017 WL 6003052, at *5 (D. Mass. Dec. 4, 2017) ("Because of the broad jurisdictional reach of the RICO statute, the courts should be particularly vigilant not to permit a plaintiff to assert a spurious RICO claim in order to try to obtain personal jurisdiction over other defendants . . . ."). But as to Rio Tinto, there is no colorable RICO claim, nor do Plaintiffs or the R&R demonstrate otherwise. *See infra* Point II.B.

*Second,* even under the federal claims that Plaintiffs allege, Plaintiffs are required to effect service on Rio Tinto within the United States. *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla.), *aff'd sub nom. Gen. Cigar Holdings v. Altadis*, S.A., 54 F. App'x 492 (11th Cir. 2002) (to trigger nationwide service of process provision, "a plaintiff must actually serve the defendant pursuant to that provision"). Thus, Plaintiffs cannot use RICO or antitrust claims to establish jurisdiction over Rio Tinto, which cannot be and was not served in the US.

*Third*, Plaintiffs have failed to establish the nationwide contacts required for jurisdiction over Rio Tinto under RICO or federal antitrust statutes. The jurisdictional provisions of 18 U.S.C. § 1965 do not eliminate the need for a court to conduct the constitutional analysis required to establish personal jurisdiction. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 307 F. Supp. 2d 145, 149 (1st Cir. 2004). Here, that analysis requires dismissal of Rio Tinto.

Rio Tinto's 12(b)(2) asserted that Rio Tinto does not have any contacts with Puerto Rico or the US. Plaintiffs did not address, and so conceded, Rio Tinto's arguments.[6] That alone warrants dismissal. *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 119, 123 (1st Cir. 2022) (holding that if challenged, plaintiff must ensure that the record before the court contain *evidence*

---

[6] Rio Tinto showed, and Plaintiffs conceded, that investments made by Municipalities and/or its citizens are, as a matter of law, insufficient to establish jursidiction. Rio Tinto's 12(b)(2) at 5.

sufficient to exercise personal jurisdiction). Here, Plaintiffs' threadbare allegations also were contradicted by the sworn testimony of Rio Tinto's declarant. Plaintiffs failed to rebut that declaration or to provide any affirmative proof that supports a finding of personal jurisdiction. *Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 56 (1st Cir. 2020).

*Fourth*, the R&R erred by recommending jurisdictional discovery. While acknowledging the Declaration of Michael Pasmore, the R&R failed to engage with it. Rather, the magistrate judge threw up his hands, stated he was unable to decide "without more," and granted jurisdictional discovery. R&R at 32. That is error. Jurisdictional allegations—especially when challenged, as they were by Rio Tinto—need to have sufficient *evidentiary* support before discovery can be granted. Granting such discovery merely to see if Plaintiffs can *find* the requisite evidentiary support turns pleading rules on their head. *See Canatelo, LLC v. NUVICO, Inc.*, Civ. No. 12-1430 (JAG), 2013 WL 4546017, at *5-6 (D.P.R. Aug. 27, 2013) (denying jurisdictional discovery because plaintiff proffered conclusory allegations rather than evidence, thus failing to make a colorable case for personal jurisdiction). Jurisdictional discovery is especially improper where, as here, Plaintiffs did not request it. Courts in this Circuit have repeatedly stated that a plaintiff must be diligent in preserving its right to jurisdictional discovery by requesting it in a timely manner and specifying facts going to the three elements of personal jurisdiction that would be found if discovery was granted. *See, e.g.*, *Grand Encampment of Knights Templar of U.S. v. Conf. of Grand Masters of Masons in N. Am., Inc.*, No. 11-CV-463-JD, 2012 WL 33017, at *1 (D.N.H. Jan. 5, 2012). Plaintiffs failed to do so and there is no basis for jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, Rio Tinto respectfully requests that this Honorable Court reject the magistrate judges's recommendations to deny Rio Tinto's 12(b)(2) and to deny in part Rio Tinto's 12(b)(6), and that it dismiss all remaining claims against Rio Tinto with prejudice.

7

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

Respectfully submitted on March 21, 2025.

        Roberto A. Cámara-Fuertes
        */s/ Roberto A. Cámara-Fuertes*
        USDC-PR Bar No. 219002
        Jaime A. Torrens-Dávila
        USDC-PR Bar No. 223810
        Mónica Ramos Benítez
        USDC-PR Bar No. 308405
        FERRAIUOLI LLC
        PO Box 195168
        San Juan, Puerto Rico 00919-5168
        Telephone: (787) 766-7000
        Facsimile: (787) 766-7001
        E-mail: rcamara@ferraiuoli.com
        E-mail: jtorrens@ferraiuoli.com
        E-mail: mramos@ferraiuoli.com

        Linda H. Martin (*pro hac vice*)
        David Y. Livshiz (*pro hac vice*)
        Noelle L. Williams (*pro hac vice*)
        Jennifer E. King (*pro hac vice*)
        FRESHFIELDS US LLP
        3 World Trade Center
        175 Greenwich St., 51st Floor
        New York, NY 10007
        Telephone: (212) 277-4000
        Facsimile: (212) 277-4001
        E-mail: linda.martin@freshfields.com
        E-mail: david.livshiz@freshfields.com
        E-mail: noelle.williams@freshfields.com
        E-mail: jennifer.king@freshfields.com

        Jennifer Loeb (*pro hac vice*)
        FRESHFIELDS US LLP
        700 13th Street, NW, 10th Floor
        Washington, DC 20005
        Telephone: (202) 777-4500
        Facsimile: (202) 777-4555
        E-mail: jennifer.loeb@freshfields.com

*Attorneys for Defendant Rio Tinto*