# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MUNICIPALITY OF BAYAMON, *et al.*,

        *Plaintiffs*,

v.

EXXON MOBIL CORP., *et al.*,

        *Defendants*.

Case No. 3:22-cv-01550-SCC-HRV

ORAL ARGUMENT REQUESTED

---

## SHELL PLC'S INDIVIDUAL OBJECTIONS TO REPORT AND RECOMMENDATION

---

Carlos A. Valldejuly (USDC No. 209505)
José J. Colón García (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
(787) 764-8181
carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
mhan@kellogghansen.com
dseverson@kellogghansen.com
gknofczynski@kellogghansen.com

*Counsel for Defendant Shell plc (f/k/a Royal Dutch Shell plc)*

**COMES NOW,** Defendant, Shell plc ("Shell"), through its counsel, and respectfully states and requests as follows:

Shell plc joins Defendants' Joint Opposition to the Magistrate Judge's Report and Recommendation, Dkt. 326, and incorporates by reference all arguments therein. *See* Local Rule 7(f). As that Joint Opposition explains, the Magistrate was right to recommend that this Court dismiss each of the Puerto Rico law claims. *See* Joint Opp. 4 (discussing R&R 78-92, Dkt. 315). The Magistrate erred, however, in not also recommending the dismissal of the remaining claims, resting on antitrust and civil RICO theories, and in not dismissing all Defendants for lack of personal jurisdiction. *See id.* at 6-38 (discussing R&R 41-78). In addition to the objections contained in the Joint Opposition, Shell also objects to the Report and Recommendation's rejection of the arguments outlined in Shell's individual Motion To Dismiss. *See* Shell Mot. To Dismiss, Dkt. 244; Shell Reply Br., Dkt. 292. Most notably, the Report and Recommendation fails to properly address Shell's individual dispositive arguments as to (1) the RICO claims; (2) the antitrust claims; and (3) all claims against it under the First Amendment and *Noerr-Pennington*.

*First*, the Report and Recommendation failed to address the arguments in Shell's individual response to the RICO claims. Shell offered specific reasons why none of the "laundry list of activities" Shell allegedly participated in could support a RICO claim. Shell Mot. To Dismiss 14. Plaintiffs *conceded* that their RICO claims are subject to Rule 9(b)'s particularity pleading standard. *See* Shell Reply Br. 2 (citing Opp. 41, 79, Dkt. 280). But Plaintiffs failed to identify even a single false or misleading statement Shell made—much less to explain how any such statement could constitute mail or wire fraud. *See* Shell Mot. To Dismiss 14. Indeed, even if they *had* identified a false or misleading statement, Plaintiffs' RICO claims against Shell would still fail as a matter of law because the Amended Complaint contains no allegation—none whatsoever—that Shell obtained money or property by way of its "'use of the mails or interstate

1

wire communications in furtherance of [a] scheme'" to defraud (as Plaintiffs' only asserted RICO predicates require). *Id.* (quoting *United States v. Sawyer*, 85 F.3d 713, 723 (1st Cir. 1996)).

As for the RICO conspiracy claims, Plaintiffs' claims against Shell cannot survive because no allegations in the Amended Complaint so much as suggest that "'the defendant knowingly joined [a] conspiracy, agreeing with one or more coconspirators to further [an] endeavor which, if completed, would satisfy all the elements of a substantive [RICO] offense.'" *Id.* at 14-15 (quoting *United States v. Rodríguez-Torres*, 939 F.3d 16, 23-24 (1st Cir. 2019)) (internal quotation marks omitted; last alteration in original). So even if Plaintiffs successfully identified wrongdoing by GCC or API (and they have not), that would not suffice because Plaintiffs have not "include[d] any specific conduct by Shell" in their discussion of those groups. *Id.* at 15 (citing Am. Compl. ¶ 728, Dkt. 205).

As Shell noted in its Reply Brief, Plaintiffs had no real answer to these points. Indeed, Plaintiffs offered only *three sentences* of response. They amounted to the bare assertion—without explanation or analysis—that "Shell is alleged to have engaged in 43 RICO acts that specify the time, place and content of the actions" and that "[f]ifteen of those RICO allegations identify[ ] Chevron [*sic*] as a lead or key player." Pls.' Omnibus Opp. 53, Dkt. 280; *see* Shell Reply Br. 9-10. Plaintiffs made, in other words, no effort to rehabilitate their RICO claims against Shell's specific challenges of legal and factual inadequacy. And as Shell noted, that failure to mount a meaningful defense means that Plaintiffs "constructively abandoned their claims against the company." Shell Reply Br. 1 (citing *Vélez-Vélez v. Puerto Rico Highway & Transp. Auth.*, 795 F.3d 230, 238 (1st Cir. 2015); *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011)).

In recommending denying Shell's Motion To Dismiss the RICO claims, the Report and Recommendation made the same errors that Plaintiffs made. The only stated reason for denying

2

Shell's motion echoed Plaintiffs' position: "Plaintiffs respond that it has [sic] alleged 43 specific predicate acts under RICO, 15 of which identify Shell (not Chevron) as also having a leadership role in the fraudulent acts," so "dismissal for failure to allege is not appropriate at this juncture." R&R 66-67. But as Shell explained, a string cite to certain Amended Complaint paragraphs does not suffice for purposes of Rule 9(b) particularity pleading. *See* Shell Mot. To Dismiss 14-15. Indeed, the Report and Recommendation elsewhere acknowledges that Plaintiffs' Amended Complaint "falls short" of "the specificity required of Rule 9(b)." R&R 54; *see id.* ("[M]ore information is needed to satisfy Rule 9(b)."). That conclusion is correct: Even viewing the allegations against Shell in the light most favorable to Plaintiffs, the RICO claims must be dismissed because key premises go entirely unsupported. Plaintiffs do not identify any specific activities that could amount to mail or wire fraud. That is because they could not. They have failed to identify a single false or misleading statement by Shell, much less allege how such a statement relates to a "scheme" to obtain money or property (as those RICO predicates require). Shell Mot. To Dismiss 14.

In failing to dismiss the RICO claims against Shell, the Report and Recommendation made three other errors, too. First, it would allow Plaintiffs' RICO conspiracy claims against Shell to proceed without acknowledging (much less addressing) Shell's conspiracy-specific points. *See id.* at 12-13 (explaining why the activities of trade associations cannot be attributed to Shell). Second, it did not address Shell's observation that Plaintiffs—by failing to mount a meaningful defense to Shell's motion in their Omnibus Opposition—constructively abandoned their claims against the company. *See* Shell Reply Br. 1. Third, it improperly recommended "limited discovery" on Plaintiffs' RICO claims against Shell. R&R 61. The Report and Recommendation cites (at 54) *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290-91 (1st Cir. 1987), for that relief. But the First Circuit has never applied "*Becher*" in a case, like this one, where the complaint fell

3

short not only of Rule 9(b)'s heightened particularity requirements but also of the ordinary plausibility standard." *Douglas v. Hirshon*, 63 F.4th 49, 59 (1st Cir. 2023), *cert. denied*, 144 S. Ct. 621 (2024). "Because 'it is not simply the details [the plaintiffs] lack, but the substance of a RICO claim,' *Becher* discovery is unwarranted." *Id.* (citation omitted; alteration in *Douglas*).

*Second*, beyond the RICO claims, the Report and Recommendation erred in not crediting Shell's additional, individual arguments for dismissal of the antitrust claim. Shell "move[d] for dismissal of the antitrust claims in [its] individual motion[ ]," R&R 75 n.24, noting that (1) antitrust claims based on fraud are subject to Rule 9(b)'s particularity pleading standard, *see* Shell Mot. To Dismiss 4 (citing *Norte Car Corp. v. FirstBank Corp.*, 25 F. Supp. 2d 9, 15 (D.P.R. 1998)); and (2) Plaintiffs' antitrust claims all sound in fraud, *see id.* (citing Am. Compl. ¶¶ 726-763). The Report and Recommendation did not acknowledge that Shell made this Rule 9(b) argument, attributing it only to Exxon. *See* R&R 75 n.24. Nor did it properly respond to it. The Report and Recommendation states that "the First Circuit has held that the heightened pleading standard is not applicable in § 1 claims." *Id.* That is incorrect. The only case it cites, *Evergreen Partnering Group, Inc. v. Pactiv Corp.*, 720 F.3d 33, 50 (1st Cir. 2013), did not involve § 1 antitrust claims based on fraud. As a result, no party in *Evergreen* argued Rule 9(b) should apply. Nor did the First Circuit's decision even *address* Rule 9(b)—much less carve § 1 antitrust claims out from that Rule. And the Report and Recommendation nowhere addresses *Norte Car*, where this Court specifically held that Rule 9(b) *does* apply to antitrust claims based on fraud. *See* Shell Mot. To Dismiss 4 (citing 25 F. Supp. 2d at 15). And this Court should dismiss the antitrust claims against Shell even under Rule 8 because, as noted above, Plaintiffs have failed to identify even a single false or misleading statement attributable to Shell that could support that theory of liability.

*Third*, the Report and Recommendation shortchanges Shell's individual arguments under the First Amendment and *Noerr-Pennington* as to both the law and the facts. As to the law, it

4

asserts that Shell's individual arguments "mirror those in the Joint Motion," R&R 44 n.16—overlooking decisions Shell cited from within the First Circuit (and not found in the Joint Brief) that specifically refute Plaintiffs' guilt-by-trade-association theory. *See* Shell Mot. To Dismiss 12-13 (citing *Taylor v. Airco, Inc.*, 503 F. Supp. 2d 432, 446-47 (D. Mass. 2007), *aff'd sub nom. Taylor v. Am. Chem. Council*, 573 F.3d 16 (1st Cir. 2009); *Payton v. Abbott Labs*, 512 F. Supp. 1031, 1038 (D. Mass. 1981)). Plaintiffs cannot impose liability on Shell for alleged wrongful conduct by others unless Shell "'*held a specific intent to further those illegal aims*,'" and Plaintiffs make no such allegation. *In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1289 (3d Cir. 1994) (Alito, J.) (quoting *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982)) (emphasis in *Asbestos Sch. Litig.*). As to the facts, it erroneously states that "[o]nly Chevron raised specific arguments regarding the insufficiency of the allegations as to its participation in the alleged scheme at the heart of this suit." R&R 44 n.16. Shell explained—at length—why Plaintiffs' allegations failed to connect it to any illegality, including alleged schemes by trade associations and other groups. *See* Shell Mot. To Dismiss 2-3, 5-13. Giving those explanations their due weight, each of Plaintiffs' claims against Shell founder on the pleadings.

**WHEREFORE,** this Court should dismiss all claims against Shell with prejudice.

Dated:  March 21, 2025

Respectfully submitted,

By:  /s/ *Carlos A. Valldejuly*

Carlos A. Valldejuly (USDC No. 209505)
José J. Colón García (USDC No. 308010)
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
(787) 764-8181
carlos.valldejuly@oneillborges.com
jose.colon@oneillborges.com

5

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Minsuk Han (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dfrederick@kellogghansen.com
jwebster@kellogghansen.com
mhan@kellogghansen.com
gknofczynski@kellogghansen.com
dseverson@kellogghansen.com

*Counsel for Defendant
Shell plc (f/k/a Royal Dutch Shell plc)*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 21, 2025, the document above was electronically filed with the Clerk of Court using the CM/ECF system, which automatically sent notification to all parties of record.

*/s/ Carlos A. Valldejuly*
Carlos A. Valldejuly

O'NEILL & BORGES LLC

*Counsel for Defendant*
*Shell plc (f/k/a Royal Dutch Shell plc)*