IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MUNICIPALITY OF BAYAMON, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>EXXON MOBIL CORP., et al.,<br><br>Defendants. | Case No. 3:22-cv-01550-SCC-HRV |

**DEFENDANT BHP GROUP LIMITED'S
PARTIAL OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 315)**

Defendant BHP Group Limited ("BHP") respectfully submits this partial objection to the Magistrate Judge's Omnibus Report and Recommendation, ECF No. 315 (the "R&R"). BHP joins the Defendants' Joint Objections to Report and Recommendation, ECF No. 326 (the "Joint Objection"), and files this individual objection because the R&R erred in recommending that the Court deny (1) BHP's Motion to Dismiss the Amended Complaint For Failure to State a Claim [ECF No. 243] ("BHP Merits Motion") as to Plaintiffs' federal claims, and (2) BHP's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction [ECF No. 245] ("BHP PJ Motion").

## I.    The R&R Erred in Not Dismissing Plaintiffs' Federal Claims Against BHP

BHP objects to the R&R's recommendation to deny the BHP Merits Motion as to Plaintiffs' RICO claims (Claims 4 and 7) and Sherman Antitrust Act claim (Claim 8). The R&R incorrectly concludes that Plaintiffs (1) "alleged specific acts of fraud against BHP," (2) "tied BHP to the alleged [RICO] enterprises," and (3) "adequately alleged that BHP was part of the RICO conspiracy." R&R at 65–66.

**Rule 9(b)'s Heightened Standard.** The R&R accepts that Rule 9(b) applies to Plaintiffs' federal claims, but incorrectly concludes, with no analysis, that Plaintiffs "alleged specific acts of fraud against BHP." R&R at 65 (citing Amended Complaint, ECF No. 205 ("Am. Compl.") ¶¶ 572–74, 725). But the statements pleaded in those paragraphs fail to satisfy Rule 9(b) because (i) none of those statements promoted or marketed fossil fuel products (even though the crux of Plaintiffs' claims is based on "Defendants' production, promotion, refining, marketing, and sale of fossil fuel-based consumer products"), *see Suna v. Bailey Corp.*, 107 F. 3d 64, 69 (1st Cir. 1997)); (ii) none were alleged to have been seen, read, or heard by anyone in Puerto Rico, *see Alt. Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 30 (1st Cir. 2004); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 578 F. Supp. 3d 267, 286 (D.P.R. 2021); and/or (iii) they all occurred *after* 2017, even

1

though Plaintiffs' alleged injuries stem from the 2017 hurricanes. *See Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 758 F. Supp. 64, 73 (D.P.R. 1991). Even more problematically, if it is established that Plaintiffs identified statements actually relevant to their fraud-based claims, they were not statements made by BHP, but instead statements made by non-party industry associations or attributed to Defendants collectively. Statements made by industry associations may not be imputed to BHP solely by virtue of BHP's alleged membership in such association without pleading a connection between BHP and the allegedly fraudulent statement, which Plaintiffs fail to do. *See Taylor v. Airco, Inc.*, 503 F. Supp. 2d 432, 446–47 (D. Mass. 2007). And references generally to fraudulent conduct committed by "Defendants" collectively is impermissible group pleading. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).[1]

**RICO Enterprise.** Plaintiffs allege two RICO enterprises—American Petroleum Institute ("API") and Global Climate Coalition ("GCC"). The R&R incorrectly concludes that Plaintiffs sufficiently tied BHP to the alleged RICO enterprises by alleging that "BHP had leadership roles and control and was also a funder of the enterprises." R&R at 65. To begin, Plaintiffs do not allege BHP was associated with the API Enterprise, since "Plaintiffs allege that only the Oil and Gas Defendants participate in the . . . API Enterprise's affairs," R&R at 49, and BHP is not an Oil and Gas Defendant—it is a Coal Defendant. Am. Compl. ¶ 76 n.24. As for GCC, Plaintiffs allege

---

[1] For the same reasons, the R&R's conclusion that Plaintiffs had alleged racketeering activity because it alleged specific acts of fraud by BHP also fails. The R&R does not address at all Plaintiffs' failure to adequately plead fraud by omission because (1) Plaintiffs did not allege any statement that BHP made to a consumer in Puerto Rico, much less one that omitted or concealed a material fact, *see Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 256 (6th Cir. 2012), and (2) BHP had no cognizable duty to warn that would give rise to liability since BHP's indirect subsidiaries were only 1/3 shareholders of the Cerrejón Entities and, as it was the Cerrejón Entities that sold coal to consumers in Puerto Rico. *See Guevara v. Dorsey Lab'ys, Div. of Sandoz, Inc.*, 845 F.2d 364, 366 (1st Cir.1988) (applying Restatement (Second) Torts § 402A to explain the extent of a seller's duty to warn). Indeed, the R&R concluded that BHP did not have a duty to warn and thus recommended dismissal of Plaintiffs' failure to warn cause of action. R&R at 87-88.

2

only that BHP was a member and funder. Am. Compl. ¶ 211. That is insufficient to establish the requisite leadership and control over the RICO enterprise. *See Whaley v. Auto Club Ins. Ass'n*, 1997 WL 720451, at *3 (6th Cir. Nov. 12, 1997); *Reves v. Ernst & Young*, 507 U.S. 170, 177–85 (1993); *Friendly Hotel Boutique Corp. v. ME & A Cap., LLC*, 2012 WL 4062795, at *2 (D.P.R. Sept. 14, 2012).

**RICO Conspiracy And Antitrust Claim.** Finally, the R&R's conclusion that Plaintiffs adequately alleged that BHP was part of a conspiracy because they alleged the existence of an illicit agreement between Defendants, R&R at 65–66, ignores that Plaintiffs plead no facts from which to infer that BHP specifically agreed to anything with the other defendants. *See In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007); *see also* Joint Objection at 12. For this same reason, the R&R's recommendation against dismissal of the antitrust claim against BHP is incorrect because Plaintiffs failed to plead the existence of any anticompetitive agreement. R&R at 75 n.24; Am. Compl. ¶¶ 757, 766–67; *see also* Joint Objection at 13-17.[2]

II.     **The R&R Applied the Wrong Standard in Light of BHP's Refutation of Jurisdictional Allegations With Respect to the BHP PJ Motion**[3]

The R&R also erred in not recommending that the BHP PJ Motion be granted. Because BHP submitted evidence rebutting Plaintiffs' jurisdictional allegations, as to which Plaintiffs did not seek jurisdictional discovery or refute, this Court should grant the BHP PJ Motion.

---

[2] Further, the R&R also errs by not dismissing BHP on personal jurisdiction grounds with respect to Plaintiffs federal claims. Plaintiffs are required to effect service on BHP within the United States but failed to do so. *Omni Video Games, Inc. v. Wing Co.*, 754 F. Supp. 261, 263 (D.R.I. 1991) ("RICO provides for nationwide service of process, not international service of process."). Thus, the District Court should find that Plaintiffs cannot use the RICO or antitrust claims to establish jurisdiction over BHP. *See Defendants' Joint Motion to Dismiss for Lack of Personal Jurisdiction*, ECF No. 234, at 21-22.

[3] The R&R correctly recommends dismissal of each of the Puerto Rican Law Claims on the merits, R&R at 91. Accordingly, if the Court adopts the recommendation to dismiss the Puerto Rican Law Claims on their merits, this Objection would be moot. *See N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 12 (1st Cir. 2009) ("[W]here an appeal presents a difficult jurisdictional issue, yet the substantive merits underlying the issue are facilely resolved in favor of the party challenging jurisdiction, the jurisdictional inquiry may be avoided") (internal citation omitted). BHP makes this objection, and asks the Court to rule on it, if the Court does not ultimately dismiss the Puerto Rican Law Claims or does so with leave to replead.

3

The BHP PJ Motion is directed to the Puerto Rico law claims, BHP PJ Motion at 2, for which the Plaintiffs must show that out-of-state Defendant BHP had sufficient "minimum contacts" with Puerto Rico such that exercising jurisdiction over BHP would not "offend traditional notions of fair play and substantial justice." *Rodríguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 160 (1st Cir. 2022). Plaintiffs do not meet that burden. The Amended Complaint alleges only three purported BHP contacts with the forum state: (1) BHP's 1/3 ownership of the Cerrejón Entities, (2) BHP's membership and participation in trade associations, and (3) Plaintiffs and their citizens' investments in BHP, a publicly traded company. *See* Am. Compl. ¶¶ 171–79. Each of these allegations is squarely rebutted by BHP's uncontested evidence or by black-letter law, and therefore cannot satisfy the purposeful availment or relatedness prongs for establishing specific jurisdiction. It would also be unreasonable for this Court to exercise jurisdiction over BHP. *See Vargas-Santos v. Sam's West, Inc.*, 2021 WL 4768387, at *3 (D.P.R. Oct. 12, 2021).

A. *The Cerrejón Entities' Contacts with Puerto Rico May Not be Imputed to BHP*

Plaintiffs' allegation that the Carbones del Cerrejón Norte ("Cerrejón") coal mine's sales of coal to the Guayama power plant in Puerto Rico may be attributed to BHP, Am. Compl. ¶ 172, fails. With its PJ Motion, BHP submitted evidence that: (i) indirect subsidiaries of BHP ("BHP Subsidiaries")—not BHP—were minority shareholders in the Cerrejón Entities, (ii) the relevant BHP Subsidiaries, who were 1/3 shareholders, did not control or operate the Cerrejón Entities, (iii) BHP did not own any of the coal produced by the Cerrejón Entities, nor did any of the relevant BHP Subsidiaries, and (iv) the Cerrejón Entities themselves are not subsidiaries of BHP. *See* PJ Motion at 4–7, 10–13; *see also* Declaration of Robert Gareca and accompanying 13 exhibits [ECF Nos. 245-1–18] ("Gareca Decl."). Yet, despite Plaintiffs' decision not to request any jurisdictional discovery in their Opposition to the BHP PJ Motion, ECF No. 281 (the "Opposition"), the R&R recommends that "at this stage, limited discovery is needed regarding the extent of BHP's activities

4

in Puerto Rico to determine where it had sufficient minimum contacts on the forum." R&R at 30–31. However, where a plaintiff does not seek discovery and "fail[s] to counter [the evidence submitted by a defendant], the jurisdictional facts stated [by the defendant] are controlling." *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 906 (1st Cir. 1980) (finding plaintiff failed to sustain his burden to rebut defendants' evidence that they lacked contacts with the forum); *Vitin Garment Mfg. Corp. v. Schreck Wholesale, Inc.*, 827 F. Supp. 847, 850 (D.P.R. 1993) (granting defendant's motion to dismiss where plaintiff failed to provide "any facts that would tend to rebut the sworn statement submitted by [defendant]"). Because BHP controverted the Amended Complaint's jurisdictional allegations regarding the Cerrejón Entities with evidence, the Court should apply *Escude* and credit BHP's uncontroverted jurisdictional facts as controlling and assess the propriety of exercising jurisdiction over BHP based on the evidentiary record, not Plaintiffs' allegations.

Here, however, the R&R *sua sponte* grants Plaintiffs another bite at the apple to correct their strategic choice not to seek jurisdictional discovery. The cases cited in the R&R on page 18 to support the assertion that the Court has "broad discretion to determine whether to grant jurisdictional discovery," R&R at 18, are inapplicable because in each case, the plaintiff had made a specific request to the court to authorize jurisdictional discovery before the court ruled on the defendant's personal jurisdiction motion. The "broad discretion" of the Court discussed in those cases applies to whether to grant the plaintiff's timely submitted request to pursue discovery, not "discretion" to order such discovery on the court's initiative when the plaintiff never sought it and never identified any factually disputed issue such "limited" discovery would resolve.

The R&R acknowledges BHP's "detailed explanation of the corporate governance and structure of the entities, affiliates and subsidiaries," R&R at 29, but fails to properly credit this

5

unrebutted evidence, which makes clear BHP did not control the Cerrejón Entities as is required to attribute the Cerrejón Entities' Puerto Rico contacts to BHP, *see* Gareca Decl. ¶¶ 8–15 and Exs. 3–11.[4] Since Plaintiffs did not refute BHP's submission, Plaintiffs failed to meet the high standard to pierce the multiple corporate veils between the Cerrejón Entities and BHP to establish jurisdiction over BHP based upon the Cerrejón Entities' contacts with Puerto Rico. *See Situ v. O'Neill*, 124 F. Supp. 3d 34, 50 (D.P.R. 2015); *Velazquez v. P.D.I. Enters., Inc.*, 141 F. Supp. 2d 189, 193 (D.P.R. 1999); *Allscripts*, 43 F.4th at 161.

### B. BHP's Membership and Participation in Trade Associations and Other Global or U.S. Contacts Are Not a Sufficient to Establish Specific Personal Jurisdiction with Puerto Rico

To the extent the Court considers (even though the R&R did not) Plaintiffs' allegations about (1) BHP's purported membership in certain industry trade associations and alleged actions or statements of **those associations**, *see* Am. Compl. ¶¶ 211, 364, 365, 372, 381, 395, 483, (2) statements made in press releases on BHP's globally available website, *see* Am. Compl. ¶¶ 556, 572–574, and (3) BHP's contacts with the U.S. generally, *see* Am. Compl. ¶¶ 175, 176, to establish jurisdiction over BHP in Puerto Rico, such allegations are insufficient to establish jurisdiction. Those allegations do not establish that BHP made statements "designed specifically for the [Puerto Rico] market, or that [the statements] are heavily or predominantly distributed in [Puerto Rico]." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 460 (9th Cir. 2007); *Cossaboon v. Me. Med. Ctr.*, 600 F.3d 25, 35 (1st Cir. 2010) ("mere existence of a website [that gives information about a company and its products] that is visible in a forum" is not enough); *Groma, LLC v. BuildRE, LLC*, 668 F. Supp. 3d 40, 51–52 (D. Mass. Apr. 3, 2023) (mere membership in industry

---

[4] The Cerrejón Entities had their own board of directors and management who directed their day-to-day operations and were required to operate independently of the shareholders. *See* Gareca Decl., Ex. 9, §§ 3.3, 6.2, 9.3, 10, 13; Ex. 10, §§ 3.3, 6.1, 9.2, 10, 13. BHP could not unilaterally dictate the Cerrejón Entities' actions as it could only vote in proportion to its 33.33% shareholder stake and all decisions required more than a 33.33% vote in favor. *See id*, Ex. 9, § 3.3, 6.3; Ex. 10, §§ 3.2, 3.3, 6.2, 6.3, 8.2. BHP did not receive the proceeds from the Cerrejón Entities' sale of Cerrejón coal. *See id.*, Ex. 10, §§ 1.1, 11.

6

association is not enough); *González Cantón v. Mad Ruk, Ent., Inc.*, 2023 WL 4546545, at *7 (D.P.R. July 13, 2023) (contacts with U.S. jurisdictions other than Puerto Rico are not enough).

### C. Investments of Plaintiffs and their Citizens in BHP Are Not Relevant

The Amended Complaint further alleges that "Municipalities of Puerto Rico and/or their citizens have invested in BHP as a publicly traded company," Am. Compl. ¶ 179, and while not explicitly alleged in the Amended Complaint, Plaintiffs' Opposition also asserts that Plaintiffs' alleged reliance on BHP's purportedly false assertions and misrepresentations is also a contact with Puerto Rico. Opp. at 27. Although the R&R did not clearly address these allegations,[5] it is black-letter law that such contacts are not sufficient for the purposes of specific jurisdiction over a foreign defendant. A *plaintiff*'s own forum contacts cannot serve as the basis for personal jurisdiction over a defendant without more. *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014) ("the plaintiff cannot be the only link between the defendant and the forum.").[6]

The Court should thus grant the BHP PJ Motion.

## CONCLUSION

For all the foregoing reasons and the reasons stated in the Joint Objection, BHP respectfully objects to the R&R. The BHP PJ Motion and the BHP Merits Motion should be granted in full and BHP should be dismissed from this action in its entirety.

---

[5] The R&R's statement that Plaintiffs alleged BHP conducted sales, marketing, and promotion activities in Puerto Rico does not include a cite to any evidence or allegation in the Amended Complaint and there is none other than the Cerrejón Entities' sales of coal to Guayama. R&R at 30.

[6] Further, the R&R ignores BHP's argument that Plaintiffs' alleged contacts with respect to BHP fall outside the applicable limitations period for Plaintiffs' Puerto Rican Law Claims. Where the exercise of jurisdiction is premised on an aggregation of contacts over a long period time, at least one jurisdictionally significant contact must occur within the limitations period. Yet BHP submitted unrebutted evidence that the Cerrejón Entities last exported coal to the Guayama plant in 2009, clearly more than one year prior to September 2017, when hurricanes Irma and Maria hit Puerto Rico. *See, e.g.*, *Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 588 (E.D. Pa. 2015); *Ciolli v. Iravani*, 651 F. Supp. 2d 356, 369 (E.D. Pa. 2009); *Wilder v. News Corp.*, 2015 WL 5853763, at *11 n.6 (S.D.N.Y. Oct. 7, 2015).

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the case participants appearing in said system.

Dated: March 21, 2025
San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| */s/ Carlos A. Rodriguez-Vidal* | */s/ Victor L. Hou* |
| Carlos A. Rodriguez-Vidal | Victor L. Hou (*pro hac vice*) |
| (USDC No. 201213) | (vhou@cgsh.com) |
| (crodriguez-vidal@gaclaw.com) | Boaz S. Morag (*pro hac vice*) |
| GOLDMAN ANTONETTI & | (bmorag@cgsh.com) |
| CORDOVA, LLC | CLEARY GOTTLIEB STEEN & |
| American International Plaza | HAMILTON LLP |
| 250 Muñoz Rivera Avenue, Suite 1500 | One Liberty Plaza |
| San Juan, Puerto Rico 00918 | New York, New York 10006 |
| T: 787-759-4117 | T: 212-225-2000 |
| F: 787-767-9177 | F: 212-225-3999 |
| | |
| | *Attorneys for Defendant* |
| | *BHP Group Limited* |