**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF BAYAMON et al., *Plaintiffs,* v. EXXON MOBIL CORP. et al., *Defendants.* | Case No. 3:22-cv-01550-SCC |

**PLAINTIFFS' RESPONSE TO DEFENDANT AMERICAN PETROLEUM INSTITUTE'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................... 1
    I.    API's Jurisdictional Objection Misrepresents Its Role in the Enterprise and the Allegations in the Complaint ........................................................................ 1
    II.   API's National Messaging Was Designed to Influence Local Outcomes, Including in Puerto Rico ................................................................................... 2
    III.   The Complaint and R&R Properly Ground API's Liability in Detailed Allegations and Legal Authority ........................................................................ 2
CONCLUSION ................................................................................................................ 3

## **TABLE OF AUTHORITY**

**Cases**

*In re Neurontin Mktg. & Sales Pracs. Litig.,* 712 F.3d 21, 25–26 (1st Cir. 2013) ............. 2

**Statutes and Rules**

28 U.S.C. §636(b)(1) ........................................................................................................ 1

D.P.R. Local Civ. R. 72(d)................................................................................................. 1

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules, Plaintiffs, the municipalities of Bayamón, Caguas, Loíza, Lares, Barranquitas, Comerío, Cayey, Las Marías, Trujillo Alto, Vega Baja, Añasco, Cidra, Aguadilla, Aibonito, Morovis, Moca, Barceloneta, Camuy, Cataño, Salinas, Adjuntas, Arroyo, Culebra, Dorado, Guaynabo, Hormigueros, Juncos, Lajas, Manatí, Naguabo, Naranjito, Utuado, Villalba, Coamo, Orocovis, Vieques, and Yabucoa ("Plaintiffs"), respectfully submit their Responses to American Petroleum Institute's ("API") Objections to the Magistrate Judge's Omnibus Report and Recommendation ("R&R") regarding Defendants' Motions to Dismiss entered in this matter on February 20, 2025.

### I.   API's Jurisdictional Objection Misrepresents Its Role in the Enterprise and the Allegations in the Complaint

API claims it cannot be subject to jurisdiction because it does not sell fossil fuels or physically operate in Puerto Rico. *See* API's Objections, ECF 319, at 1. But this ignores the crux of Plaintiffs' allegations: API was the central coordinating entity in a decades-long, industry-wide disinformation campaign. *See* Am. Compl., ECF 205, ¶ 2. API served as the hub of the enterprise, producing misleading publications, coordinating member strategies, and directing messaging that targeted vulnerable communities—especially Puerto Rico. *Id.* ¶¶ 25, 207, 211(a)-(h), 362-392.

Whether API itself sold oil is irrelevant. What matters is that API orchestrated and disseminated the fraudulent messaging that misled the public and suppressed regulation. R&R, at 20-23. Plaintiffs allege—and the Magistrate Judge correctly found—that API's conduct gave rise to and is directly related to the injuries suffered in Puerto Rico. *Id.* Thus, jurisdiction over API is proper.

1

## II. API's National Messaging Was Designed to Influence Local Outcomes, Including in Puerto Rico

API protests that it only published materials on the internet or in national outlets, *see* API"s Objections, at 2, but courts have repeatedly rejected that defense where the communications form part of a targeted, fraudulent campaign. *See, e.g., In re Neurontin Mktg. & Sales Pracs. Litig.,* 712 F.3d 21, 25–26 (1st Cir. 2013). Plaintiffs allege that API's messaging was disseminated by its members and affiliates directly into Puerto Rico and that it played a key role in shaping public perception and delaying critical regulation. *See* Am. Compl., ECF 205, at ¶¶ 250-269 and 206; Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss for Failure to State a Claim, ECF 280, at 34; Am. RICO Case Statement, ECF 206, ¶¶ 2(h), 5, 8(a), 30, 31.

API recruited public relations firms, co-authored deceptive reports, and served as the mouthpiece of the fossil fuel industry. Am. Compl., ¶¶ 205-208; 297-300; 303-304; 307-309; 325; 343; 373; 383; 387; 405-406. Its so-called "advocacy" included outright falsehoods about the link between fossil fuels and climate change, despite knowing the truth. *Id.* These actions were not incidental—they were deliberate and had a profound impact on jurisdictions like Puerto Rico, an 'eggshell plaintiff'. *Id.* ¶ 4.

## III. The Complaint and R&R Properly Ground API's Liability in Detailed Allegations and Legal Authority

API's argument that Plaintiffs' RICO and antitrust claims against it lack merit ignores the well-pleaded allegations that it served as a central node in the climate deception enterprise. Am. Compl., ¶ 205-208. Plaintiffs identified dozens of fraudulent statements and outlined API's structure, funding, and strategy. *Id.* ¶¶ 205-208; 297-300; 303-304; 307-

309; 325; 343; 373; 383; 387; 405-406; 429. The Magistrate Judge correctly found that Plaintiffs stated claims that warrant discovery. R&R, at 20-25.

API's attempt to distinguish itself from its members fails because Plaintiffs alleged it acted as the enterprise's operational arm, directing the very conduct at issue. API was not a neutral trade group. It was the architect and amplifier of a calculated strategy to mislead the public.

## **CONCLUSION**

API's objections are an effort to obscure its central role in the enterprise and to avoid accountability for decades of calculated fraud. The Magistrate Judge correctly found that Plaintiffs alleged jurisdiction, causation, and substantive violations with clarity and precision. Plaintiffs respectfully request that the Court overrule API's objections and adopt the Report and Recommendation in full.

*By: /s/Roy L. Mason*
Roy L. Mason
USDC-PR Bar No. 308164
SMOUSE & MASON LLC
223 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-6620
Facsimile: (410) 269-1235
rlm@smouseandmason.com

Luis Valiente Almeida-Olivieri
USDC-PR Bar No. 308307
MILBERG COLEMAN BRYSON
PHILLIPS GROSMAN LLC
1311 Ponce de Leon Ave, Suite 700
San Juan, Puerto Rico 00907
Telephone: (866) 252-0878
lalmeida@milberg.com

*Attorneys for Plaintiffs*