**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF BAYAMON et al., | |
| *Plaintiffs,* | Case No. 3:22-cv-01550-SCC |
| v. | |
| EXXON MOBIL CORP. et al., | |
| *Defendants.* | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## <u>TABLE OF CONTENTS</u>

ARGUMENT ................................................................................................................ 1

    I.      Defendants' Joint Objections Are a Coordinated Attempt to Evade
           Accountability ................................................................................................ 1

    II.    The Allegations Are Not Only Plausible—They Are Devastating .................. 2

    III.   Defendants Mischaracterize the Causation Standards Under RICO and
           Antitrust Law ................................................................................................. 3

    IV.   Defendants' First Amendment and Noerr-Pennington Objections Have
           Already Been Properly Addressed .................................................................. 4

    V.    Defendants' Statute of Limitations Arguments Have Already Been
           Properly Addressed ........................................................................................ 5

    VI.   Defendants' Jurisdictional Objections Have Already Been Properly
           Addressed ....................................................................................................... 6

CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITY

## Cases

*Abarca Health, LLC v. PharmPix Corp.*, 915 F. Supp. 2d 210, 216 (D.P.R. 2012)........... 5

*Allied Tube v. Indian Head, Inc.*, 486 U.S. at 500, 108 S.Ct. 1931 ................................... 4

*Amphastar Pharms. Inc. v. Momenta Pharms., Inc.*, 850 F.3d 52, 56 (1st Cir. 2017) ....... 4

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006)................................................ 3

*Arcelay v. Sanchez*, 77 D.P.R. 824, 838 (1955)..................................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ....................................................................... 2

*Bonilla v. Trebol Motors Corp*, 913 F.Supp. 655, 659 (D.P.R. 1995).............................. 6

*Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Circuit 1986) ..................................................................................................................................... 8

*Casio Computer Co. Ltd. v. Savo*, 2000 WL 1877516, at *26 (S.D.N.Y. Oct. 13, 2000) ............................................................................................................................................... 7

*Guimerfe, Inc.,* 2009 WL 918933 ........................................................................................ 5

*Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) ................................................ 3

*IMS Health Inc. v. Ayotte*, 550 F.3d 42, 84 (1st Cir. 2008) ................................................ 4

*Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 496, 116 S. Ct. 1495, 1504, 134 L. Ed. 2d 711 (1996) ....................................................................................................................... 4

*M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc.*, 31 F. Supp. 2d 226, 240 (D.P.R.1998) ......................................................................................................................... 6

*Marrero-Rolón v. Autoridad de Energía Eléctrica de P.R.*, 2015 WL 5719801, at *3 (D.P.R. Sept. 29, 2015), report and recommendation adopted, (D.P.R. Mar. 31, 2016).... 7

*Sorrell v. IMS Health Inc.*, 564 U.S. 552, 131 S. Ct. 2653, 180 L. Ed. 2d 544 (2011) ...... 4

*Torres v. Hosp. San Cristobal*, 831 F. Supp. 2d 540, 544 (D.P.R. 2011).......................... 5

*Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981) .......................................................... 6

**<u>Statutes and Rules</u>**

18 U.S.C. § 1965(b) ........................................................................................................ 7

28 U.S.C. § 636(b)(1) ..................................................................................................... 1

D.P.R. Local Civ. R. 72(d) ............................................................................................. 1

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules, Plaintiffs, the municipalities of Bayamón, Caguas, Loíza, Lares, Barranquitas, Comerío, Cayey, Las Marías, Trujillo Alto, Vega Baja, Añasco, Cidra, Aguadilla, Aibonito, Morovis, Moca, Barceloneta, Camuy, Cataño, Salinas, Adjuntas, Arroyo, Culebra, Dorado, Guaynabo, Hormigueros, Juncos, Lajas, Manatí, Naguabo, Naranjito, Utuado, Villalba, Coamo, Orocovis, Vieques, and Yabucoa ("Plaintiffs"), respectfully submit their Responses to Defendants' Joint Objections to the Magistrate Judge's Omnibus Report and Recommendation ("R&R") regarding Defendants' Motions to Dismiss entered in this matter on February 20, 2025.

## I.    Defendants' Joint Objections Are a Coordinated Attempt to Evade Accountability

Defendants' sweeping objections are yet another attempt to rewrite the factual record and deflect from the well-supported findings of the Magistrate Judge. *See* Joint Objections, ECF 326, at 5-36. Plaintiffs alleged in extraordinary detail a decades-long, industry-wide scheme of deception orchestrated by Defendants, including the recruitment of the same strategists who built Big Tobacco's disinformation machine—before their RICO indictments. *See generally* Am. Compl., ECF 205; *Id.* ¶¶ 406, 411-413, 728(i). Defendants knew exactly what they were doing when they copied that playbook. *Id.* And they've continued to fund the fossil fuel deception campaign to this very day, as alleged in the Amended Complaint. *Id.* ¶¶ 501-619.

The Magistrate Judge reviewed the evidence and rightly found that Plaintiffs alleged plausible RICO and antitrust claims. R&R, at 41-67 and 68-78. Defendants' attempts to paint the allegations as vague or implausible fly in the face of over 200 paragraphs detailing their roles, coordination through trade associations, public messaging,

internal admissions, and concealment strategies. *See generally* Am. Compl., ECF 205; Appendix to Am. Compl., ECF 205-1; and Am. RICO Case Statement, ECF 206. These are not speculative claims—they are based on documents, testimony, and Defendants' own public conduct. *Id.*

## II.    The Allegations Are Not Only Plausible—They Are Devastating

The Amended Complaint outlines how Defendants, who are supposed to be market competitors, pooled resources and coordinated strategy to mislead the public, stifle climate science, and manipulate regulation. Am. Compl. ¶¶ 297-619. This is not 'quintessential procompetitive conduct' as Defendants assert—it's textbook collusion. *Contra*, Joint Objections, at 2. Rather, Plaintiffs alleged a shared enterprise whose goal was not to innovate, but to deceive. Am. Compl. ¶¶ 297-619. They engaged in parallel messaging, jointly targeted vulnerable markets, and funded the same discredited institutions. *Id.*

Defendants' arguments regarding the plausibility of causation in Plaintiffs' case rely on a misreading of the relevant law. In *Ashcroft v. Iqbal*, the Supreme Court discussed the plausibility of facts that could not be directly observed, specifically, the "discriminatory intent" of the Defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). In this case, the facts plead by Plaintiffs allege a directly observable scientific phenomenon: that increased fossil fuel use, facilitated by the Defendants, exacerbated and intensified hurricanes that caused damage to the Plaintiffs. Am. Compl. ¶¶ 213-296. Before proper discovery takes place, it is not appropriate to dismiss these directly observable allegations under *Iqbal*.

Defendants jointly focused their campaign on communities like Puerto Rico—one of the most climate-vulnerable places in the world, as acknowledged in the Complaint. *Id.* ¶ 4. Their campaign was strategic: maximize demand in high-risk, under-resourced markets

while avoiding regulation and litigation. *Id.* ¶ 414. The R&R correctly recognized that such allegations, when taken as true, meet and exceed the pleading threshold. R&R, at 60.

### III. Defendants Mischaracterize the Causation Standards Under RICO and Antitrust Law

Defendants continue to argue that Plaintiffs' claims are too attenuated to satisfy proximate cause, *see* Joint Objections at 9, but the Amended Complaint explicitly alleges direct harm stemming from a coordinated fraud. Am. Compl. ¶¶ 3, 7(h), 614, 652, 654. The idea that increased fossil fuel use, spurred by coordinated misinformation, could exacerbate storms and intensify climate-related damage is supported by both science and common sense—and the Amended Complaint pleads both. *Id.* ¶¶ 213-296.

In arguing that causation is too attenuated in this case, Defendants rely primarily on cases that involve remote causation as a result of third-party misconduct. *See, e.g., Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (holding that the failure of an online retailer to share data on it's customers, thereby allowing the customers to evade paying taxes to the city, did not cause the City's injuries for RICO purposes because the conduct directly responsible for the city's losses was tax evasion on behalf of the consumers). Defendants also cite cases in which the plaintiffs' injuries were the result of incidental or indirect acts by the Defendant. *See, e.g., Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (rejecting a RICO causation theory that alleged that the Defendant's failure to charge proper sales tax, and therefore artificially lower prices, caused them to outcompete the plaintiff because the plaintiff an incidental and remote victim of the harm). These cases are plainly distinct from the instant case because there is no third-party misconduct, incidental, or indirect causation alleged in the Amended Complaint. Instead, Plaintiffs' Amended Complaint alleges that the Defendants undertook a large-scale campaign of

3

misinformation and fraud aimed at the Plaintiffs that resulted in the increased consumption

of fossil fuels, and the concomitant intensification of storms in the Atlantic that caused the

Plaintiffs' injuries. Am. Compl. ¶¶ 213-296. Therefore, contrary to Defendants' assertions,

the alleged violations led directly to the Plaintiff's injuries.

In sum this was not a case of incidental emissions, passive conduct, or third-party

fault. This was a conscious, well-funded campaign by Defendants to manipulate the public

and regulators, precisely to increase fossil fuel reliance in communities like Puerto Rico,

tantamount to at least 39.6% of carbon in the atmosphere. *Id.* ¶ 591. That is RICO

causation. *See* R&R, at 48. That is a valid antitrust injury. *See* R&R, at 78. And that is why

discovery must proceed.

## IV. Defendants' First Amendment and Noerr-Pennington Objections Have Already Been Properly Addressed

Defendants' invocation of First Amendment and *Noerr-Pennington* protections is

meritless. Joint Objections, at 20. Fraud and conspiracy to mislead the public are not

protected speech. *IMS Health Inc. v. Ayotte*, 550 F.3d 42, 84 (1st Cir. 2008), *abrogated by

Sorrell v. IMS Health Inc.*, 564 U.S. 552, 131 S. Ct. 2653, 180 L. Ed. 2d 544 (2011) ("Such

communications—e.g., insider information about securities, fraudulent statements, or

speech that would violate intellectual property laws—are routinely regulated without First

Amendment inquiry."); *Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 496, 116 S. Ct.

1495, 1504, 134 L. Ed. 2d 711 (1996) (The Supreme Court has held that the First

Amendment "protect[s] the dissemination of truthful and nonmisleading commercial

messages about lawful products and services."); *Allied Tube v. Indian Head, Inc.*, 486 U.S.

at 500, 108 S.Ct. 1931; *see also Amphastar Pharms. Inc. v. Momenta Pharms., Inc.*, 850

F.3d 52, 56 (1st Cir. 2017) (finding the district court erred in dismissing the complaint

under *Noerr-Pennington* because the plaintiff's allegations, if proven, were sufficient to establish an intentional misrepresentation.).

Rather than engage with the facts as alleged, Defendants continue to discuss "core political speech". Joint Objections, at 20. That is not what Plaintiffs have alleged. Plaintiffs pled that they directly suffered the consequences of Defendants' intentional misrepresentations. Am. Compl. 205, ¶¶ 3, 7(h), 614,652, 654. Plaintiffs' allegations are far from "core political speech"; as such, Defendants arguments miss the mark.

Defendants also continue to ignore the highly factual nature of the analysis. Assuming arguendo that Defendants are correct, which they are not, their arguments are premature. This District has taken the position that assessing the applicability of Noerr-Pennington amounts to a "highly factual determination[ ] inappropriate for a dismissal motion." *Abarca Health, LLC v. PharmPix Corp.*, 915 F. Supp. 2d 210, 216 (D.P.R. 2012)(citing *Guimerfe, Inc.*, 2009 WL 918933, at *3–4 ). "Whether this is, in fact, the case, and whether or not defendant fall within the immunity provided by the Noerr–Pennington doctrine, are highly factual determinations inappropriate for a dismissal motion." *Guiferme*, 2009 WL 918933, at *4.

## V.   Defendants' Statute of Limitations Arguments Have Already Been Properly Addressed

Defendants' objections merely rehash arguments already properly rejected at this stage of litigation. Joint Objection, at 23-31. The Magistrate Judge correctly found that the continuing tort doctrine and equitable tolling apply, relying on robust allegations of a pattern of deceitful actions on Defendants' part that continue to this day. R&R, at 37-40 (citing Docket No. 205, ¶6, 23-25, 429, 501, and 557).  A continuous tort arises from ongoing unlawful conduct, and that is exactly what Plaintiffs have alleged. *See Torres v.*

5

*Hosp. San Cristobal*, 831 F. Supp. 2d 540, 544 (D.P.R. 2011), *M.R. (Vega Alta), Inc. v. Caribe Gen. Elec. Prods., Inc.*, 31 F. Supp. 2d 226, 240 (D.P.R.1998) (citing *Arcelay v. Sanchez*, 77 D.P.R. 824, 838 (1955)). Crucially, Puerto Rican law states that a continuous tort "is occasioned by continual unlawful acts, not by continual ill effects from an original violation. *Bonilla v. Trebol Motors Corp*, 913 F.Supp. 655, 659 (D.P.R. 1995) (quoting *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981)). In this case, while certain of Defendants' acts toward their continued campaign of deception as alleged in the Amended Complaint will not further exacerbate the injury caused to Plaintiffs by the 2017 storms, Defendants are continuing the illegal acts that are the subject of the Amended Complaint. Am. Compl. ¶¶ 501-585. Therefore, Defendants are committing a continuous tort, and the statute of limitations is tolled.

The Magistrate could have stopped the statute of limitations analysis at the continuous tort doctrine, but the Report and Recommendation continued its thorough, well-reasoned analysis in addressing equitable tolling. R&R, at 38-40. As the Report and Recommendation rightfully noted, Plaintiffs have alleged that they pursued their rights diligently, conducting investigations prior to filing. *Id.* at 40. They also alleged that extraordinary circumstances exist because Defendants conducted a well-organized campaign of deceit. *Id.* Those allegations are sufficient, and discovery will further confirm them.

## VI.    Defendants' Jurisdictional Objections Have Already Been Properly Addressed

The Magistrate Judge correctly found jurisdiction over the Defendants, relying on robust allegations that include anchor defendants with direct ties to Puerto Rico and the broader conspiracy's impact on the forum. R&R, at 13-25. Defendants' objection merely

rehashes arguments already rejected and ignores the standard at this stage of litigation. Joint Objection, at 32-35.

The Amended Complaint included allegations that fossil fuel products were marketed, distributed, and sold in Puerto Rico. Am. Compl. ¶ 73-211. It also alleged that Puerto Rico was a primary target of the enterprise's messaging and deception strategy. *Id.* ¶¶ 7(d), 25, 99, 101-103, 111, 113, 123, 126, 128, 137, 140-141, 150, 153, 163, 169, 174, 176, 179, 184, 186, 207, 211(a)-(h), 346, 362-385, 586, 616, 643, 652, 697, 711, 783-797; ECF 205-1, ¶¶ 3(b), 8(b)(xii), 8(d)(ii)(a)-(c), 8(e), 9, 18, 30. Those allegations are sufficient, and discovery will further confirm them.

Additionally, this Court may exercise personal jurisdiction over out-of-forum defendants under RICO § 1965(b) once it finds minimum contacts exist for at least one anchor defendant. *Marrero-Rolón v. Autoridad de Energía Eléctrica de P.R.*, 2015 WL 5719801, at *3 (D.P.R. Sept. 29, 2015), report and recommendation adopted, (D.P.R. Mar. 31, 2016); *see also Casio Computer Co. Ltd. v. Savo*, 2000 WL 1877516, at *26 (S.D.N.Y. Oct. 13, 2000). Per the Report and Recommendation, Plaintiffs identified several such Defendants—including fossil fuel producers with decades-long commercial activity in Puerto Rico—and made detailed factual allegations connecting the RICO enterprise and fraudulent acts to Puerto Rico. R&R, at 17-25. These allegations were accepted as sufficient by the Magistrate Judge under all three prongs of the specific jurisdiction test: relatedness, purposeful availment, and reasonableness. *Id.* at 25.

Accordingly, Plaintiffs have alleged sufficient facts jurisdiction under RICO § 1965(b), and § 1965(b) jurisdiction is compelled by the statute's purpose: to ensure that sprawling conspiracies like this one—coordinated across continents to deceive the

public—can be brought to justice in a single forum. *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Circuit 1986) ("Congress intended the 'ends of justice' provision to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial.").

## <u>CONCLUSION</u>

The Magistrate Judge's R&R was thorough, well-reasoned, and legally sound. Defendants' joint objections are an attempt to escape liability for an enterprise that has devastated the most climate-impacted communities in the world—including Puerto Rico. Plaintiffs respectfully request that this Court adopt the Report and Recommendation in full and deny all objections. In the alternative, the Plaintiffs reserve the right to amend their Complaint to include additional factual allegations to support their claims.

*By: /s/Roy L. Mason*
Roy L. Mason
USDC-PR Bar No. 308164
SMOUSE & MASON LLC
223 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-6620
Facsimile: (410) 269-1235
rlm@smouseandmason.com

Luis Valiente Almeida-Olivieri
USDC-PR Bar No. 308307
MILBERG COLEMAN BRYSON
PHILLIPS GROSMAN LLC
1311 Ponce de Leon Ave, Suite 700
San Juan, Puerto Rico 00907
Telephone: (866) 252-0878
lalmeida@milberg.com

*Attorneys for Plaintiffs*