**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF BAYAMON et al., *Plaintiffs,* v. EXXON MOBIL CORP. et al., *Defendants.* | Case No. 3:22-cv-01550-SCC |

**PLAINTIFFS' REPLY TO DEFENDANTS' JOINT RESPONSES TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION**

1

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules, Plaintiffs, the municipalities of Bayamón, Caguas, Loíza, Lares, Barranquitas, Comerío, Cayey, Las Marías, Trujillo Alto, Vega Baja, Añasco, Cidra, Aguadilla, Aibonito, Morovis, Moca, Barceloneta, Camuy, Cataño, Salinas, Adjuntas, Arroyo, Culebra, Dorado, Guaynabo, Hormigueros, Juncos, Lajas, Manatí, Naguabo, Naranjito, Utuado, Villalba, Coamo, Orocovis, Vieques, and Yabucoa ("Plaintiffs"), respectfully submit their Reply to the Defendants' Joint Responses to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## INTRODUCTION

Plaintiffs respectfully submit this limited reply to address certain incorrect assertions made in Defendants' Joint Response to Plaintiffs' Consolidated Objections. *See* ECF. 346, at 1-2. Specifically, Defendants incorrectly claim that the Court should disregard many of Plaintiffs' objections as waived because they failed to raise them in opposing Defendants' motions to dismiss and thus failed to raise before the Magistrate Judge. *Id.* To contrary, as explained in full below, Plaintiffs did not waive any arguments. Plaintiffs' objections are replete with cites to the pleadings, including Plaintiff's Oppositions, and are properly directed to specific findings and recommendations made for the first time by the Magistrate Judge, consistent with Federal Rule of Civil Procedure 72 and Local Rule 72.

## ARGUMENT

**I.    Plaintiffs Did Not Waive Their Arguments.**

Defendants incorrectly contend that Plaintiffs waived certain arguments by not raising them in their oppositions to Defendants' motions to dismiss. This is not accurate. In opposing Defendants' motions to dismiss, Plaintiffs addressed and thus preserved their essential arguments regarding, for example, their design defect claims and RICO Section 1962(a) and (b) claims.

2

As to their design defect claims, Plaintiffs argued that they pled viable state law claims, including design defect. ECF 280, at 69. Plaintiffs further argued, contrary to Defendants' contentions about lack of reference to the Amended Complaint, that their claims, including Claims 11 and 12, which are Plaintiffs' design defect claims, are each pled with requisite particularity to Defendants and founded upon sufficiently alleged facts in the Amended Complaint. *Id.* Moreover, as Defendants concede in their Joint Response (ECF 346, at 1), Plaintiffs detailed the applicable legal standards, including as they apply to acts or omissions alleged in the Amended Complaint that occurred before the effective date of the 2020 Puerto Rico Civil Code, such that the 1930 Puerto Rico Civil Code applies, and those that occurred after, such that the 2020 Puerto Rico Civil Code applies. *Id.* at 82-83. Plaintiffs then added case law interpreting the applicable standard, including *Barker v. Lull Engineering Co., Inc.*, 573 P.2d 443 (1978) and cases cited therein, before arguing that the design defect alleged meets the applicable standard because it is present in each of Defendants' fossil fuel products. *Id.* Accordingly, Plaintiffs did not waive these arguments. Defendants' assertion about waiver simply amounts to quibbling about the extent to which Plaintiffs addressed the arguments. As a result, Defendants' argument lacks merit.

The same is true of Defendants' arguments concerning Plaintiffs' RICO Section 1962(a) and (b) claims. ECF 346, at 2. Plaintiffs sufficiently alleged, under §1962(a), that Defendants reinvested racketeering proceeds into fraudulent disinformation campaigns, which directly harmed Plaintiffs by perpetuating fossil fuel consumption and climate-related destruction. *See* Am. Compl., ECF 205, at ¶¶ 738, 740, 742, 757, 758; Am. Racketeering Case Stmt., ECF 206, at ¶¶ 15, 16, 17, 18, 31. Additionally, Plaintiffs sufficiently alleged, under §1962(b), Defendants' control over the enterprise enabled them to sustain decades of deception, misleading Plaintiffs and the public. *See* Am. Compl. ¶¶ 726-763; Am. Racketeering Case Stmt. ¶¶ 16, 18. Plaintiffs made

these arguments in their Opposition filed in response to Defendants' arguments for dismissal, yet the Report disregarded these arguments and Plaintiffs' well-pleaded allegations. ECF 280, at 33-34, 47, and 49. Plaintiffs' allegations satisfy the pleading requirements for RICO claims, and the Court should allow these claims to proceed. Yet again, Defendants' assertion about waiver lacks merit.

## II.     Plaintiffs Did Not Raise New Arguments Improperly.

Defendants also incorrectly assert that Plaintiffs improperly raised new arguments in their Objections. *See* ECF. 346, at 1-2. In fact, Plaintiffs' Objections do not raise any fundamentally new arguments, but rather properly respond to the Magistrate Judge's reasoning and address points made in the Report and Recommendation. Plaintiffs' Objections are properly directed to specific findings and recommendations made for the first time by the Magistrate Judge, consistent with Federal Rule of Civil Procedure 72 and Local Rule 72.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiffs are entitled to de novo review of "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b); *see also* 2 8 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). To make a proper objection to a Magistrate Judge's recommendation, a movant "shall specifically identify the portions of the proposed… recommendations or report to which the objection is made and the legal basis for such objection." *Rosado-Lebron v. Commissioner of Social Security*, 193 F.Supp.2d 415, 418 (D. P.R. 2002) (quoting Rule 510.2, Local Rules, District of Puerto Rico). As detailed above, Plaintiffs have followed this instruction exactly.

In support of their argument that Plaintiffs' objections are improper, Defendants cite to cases that are plainly distinguishable from the one at hand. In *Patterson-Leitch Co., Inc, v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988), the movant was denied de novo review of a new claim that he attempted to advance through an objection to the Magistrate Judge's Recommendations that was not previously presented to the Magistrate Judge or included in the original complaint. *Paterson-Leitch Co., Inc*, 840 F.2d at 990. In stark contrast, Plaintiffs in this case simply state their legal reasoning for why the Magistrate Judge's recommendations on certain of their existing claims are unsound, and do not advance any additional claims that were not discussed in the proceedings before the Magistrate. Instead, in this case, Plaintiffs' objections seek to "explain to the reviewing Court, citing proper authority, why the magistrate judge's application of the law to facts is legally unsound." *Cortes-Rivera v. Department of Correction and Rehabilitation of Puerto Rico*, 617 F.Supp.2d 7, 14 (D. P.R. 2009). Plaintiffs' Objections are entirely consistent with Federal Rule of Civil Procedure 72 and Local Rule 72. Accordingly, the Court should consider Plaintiffs' Objections in full and reject Defendants' improper waiver and "new argument" contentions.

Respectfully submitted,

*By: /s/Roy L. Mason*
Roy L. Mason
USDC-PR Bar No. 308164
SMOUSE & MASON LLC
223 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-6620
Facsimile: (410) 269-1235
rlm@smouseandmason.com

Luis Valiente Almeida-Olivieri
USDC-PR Bar No. 308307
MILBERG COLEMAN BRYSON PHILLIPS

GROSMAN LLC
1311 Ponce de Leon Ave, Suite 700
San Juan, Puerto Rico 00907
Telephone: (866) 252-0878
lalmeida@milberg.com

*Attorney for Plaintiffs*