**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF BAYAMÓN, et al. | |
| *Plaintiffs*, | Case No. 3:22-cv-01550-SCC |
| v. | |
| EXXON MOBIL CORP., et al. | |
| *Defendants*. | |

**EXXONMOBIL'S REPLY BRIEF IN SUPPORT OF ITS OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

I.   Plaintiffs' Responses Mischaracterize the Law and ExxonMobil's Objections. ..................... 1

II.  Plaintiffs' Allegations Against ExxonMobil Do Not Satisfy Rule 9(b). ................................ 3

III. Conclusion.......................................................................................................................... 5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams* v. *City of Indianapolis*,
   742 F.3d 720 (7th Cir. 2014) .......................................................................................3

*Cooperativa de Ahorro y Credito Aguada* v. *Kidder, Peabody & Co*,
   758 F. Supp. 64 (D.P.R. 1991) ....................................................................................4

*Evergreen Partnering Group, Inc.* v. *Pactiv Corp.*,
   720 F.3d 33 (1st Cir. 2013)..........................................................................................3

*N. Am. Catholic Educ. Programming Found., Inc.* v. *Cardinale*,
   567 F.3d 8 (1st Cir. 2009)........................................................................................2, 3

*Norte Car Corp.* v. *FirstBank Corp.*,
   25 F. Supp. 2d 9 (D.P.R. 1998) ...................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 9(b)...........................................................................*passim*

**INTRODUCTION**

Exxon Mobil Corporation ("ExxonMobil") respectfully submits this reply brief in further support of its Objections to the portions of the Report & Recommendation recommending denial of ExxonMobil's individual motion to dismiss (the "Motion").[1] Dkt. 321. Plaintiffs' Response to ExxonMobil's Objections fails to meaningfully engage with ExxonMobil's arguments showing why the Magistrate Judge's recommendation that the Court deny its Motion was erroneous. Plaintiffs instead resort to the same misdirection that they accuse ExxonMobil of, make several incorrect or misleading statements, and repeatedly confuse the verbosity of their pleading with its legal sufficiency. But the length of the Amended Complaint notwithstanding, Plaintiffs' fraud-based allegations plainly fail to comply with the level of specificity and particularity Rule 9(b) requires. And Plaintiffs' attempts to sensationalize those deficient allegations will not somehow bring them in compliance with Rule 9(b).

As ExxonMobil has explained in its briefing supporting its Motion and its Individual Objections to the Report and Recommendation, Plaintiffs' fraud-based claims against it should be dismissed because they have not been pleaded with the requisite particularity.

**I.      Plaintiffs' Responses Mischaracterize the Law and ExxonMobil's Objections.**

In their Responses to ExxonMobil's Objections, Plaintiffs argue that ExxonMobil "attempts to modify antitrust law by creating 'fraud-based antitrust claims' that require heightened pleading." Dkt. 340 at 3. But noticeably absent from their Responses is any engagement with, or direct response to, the cases in which courts have held that Rule 9(b)'s heightened pleading standards apply to antitrust claims that essentially charge fraud. *See id.* ExxonMobil thus does not need to "modify antitrust law" because existing law supports its position: as explained in both

---

[1] ExxonMobil also joins in Defendants' concurrently filed Reply In Support Of Their Joint Objections To Report And Recommendation and incorporates those objections by reference.

its Motion and Individual Objections, courts routinely apply Rule 9(b)'s pleading standards to

antitrust claims that sound in fraud, and doing so is consistent with both Rule 9(b) and First Circuit

jurisprudence.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."); *N. Am. Catholic Educ.

Programming Found., Inc.* v. *Cardinale*, 567 F.3d 8, 15 (1st Cir. 2009) (noting that the First Circuit

and "other circuits read[] Rule 9(b) expansively to cover associated claims where the core

allegations effectively charge fraud").  *See also* Dkt. 242 at 5; Dkt. 321 at 6.

Rather than confronting the cases ExxonMobil has cited, Plaintiffs instead argue that

ExxonMobil's reliance on an on-point District of Puerto Rico case is improper because it was

decided on a motion for summary judgment.  *See* Dkt. 340 at 3–4.  This assertion is both incorrect

and fundamentally mischaracterizes the decision.  The relevant portions of *Norte Car Corp.* v.

*FirstBank Corp.*, 25 F. Supp. 2d 9, 15 (D.P.R. 1998), involved the court's discussion of the

sufficiency of the complaint's allegations against the requirements of Rules 8 and 9 of the Federal

Rules of Civil Procedure.  The court noted that Rule 9(b) applies "in all averments of fraud or

mistake," and because the plaintiff seemed to be alleging unjust and fraudulent business practices

on defendant's part, it held that plaintiff was required to comply with both Rule 8 and Rule 9.

*Norte Car Corp.*, 25 F. Supp. 2d at 15.  Upon review of the complaint, the court concluded that

plaintiff had failed to do so.  The court consequently dismissed those claims without prejudice.

*See id.*  That holding directly supports ExxonMobil's argument and is the portion of the decision

that ExxonMobil cited.  Dkt. 321 at 6.  Only then did the court go on to conduct a summary

judgment analysis—because it was considering documents outside the pleadings—on the

remaining claims.  ExxonMobil did not cite to, and is not relying on, this latter portion of the decision.  Plaintiffs' attempt to argue otherwise is misleading at best.[2]

Plaintiffs also argue that ExxonMobil "recognizes" that "the First Circuit has held that [Rule 9(b)'s] heightened pleading standard is not applicable in § 1 claims."  *See* Dkt. 340 at 3.  But ExxonMobil's Objections recognize nothing of the sort because the First Circuit made no such ruling.  As clearly set forth in ExxonMobil's Objections, this erroneous conclusion was reached by the Magistrate Judge based on a misunderstanding of the First Circuit's decision in *Evergreen Partnering Group, Inc.* v. *Pactiv Corp.*, 720 F.3d 33, 50 (1st Cir. 2013).  *See* Dkt. 321 at 5–6.  *Evergreen* did not involve a fraud-based antitrust claim, and it did not announce a *per se* rule that Rule 9(b) is categorically inapplicable to antitrust claims.  *See Evergreen*, 720 F.3d at 51; Dkt. 321 at 6.  Such a ruling would run afoul of Rule 9(b)'s mandate that *all* claims that essentially charge fraud—whether or not denominated as fraud claims—must be pleaded with particularity.  *See* Fed. R. Civ. P. 9(b).  *See also N. Am. Catholic Educ. Programming Found., Inc.*, 567 F.3d at 15.

## II.      Plaintiffs' Allegations Against ExxonMobil Do Not Satisfy Rule 9(b).

As set forth in ExxonMobil's Objections, all Plaintiffs' claims sound in fraud.  As such, Plaintiffs are required to plead their claims with particularity in accordance with Rule 9(b).  *See* Dkt. 321 at 1–7.  This means that Plaintiffs must allege with particularity each misrepresentation allegedly made by ExxonMobil—including identifying who made the alleged misrepresentation, to whom it was made, and its specific contents.  But Plaintiffs have not done so here.  The Amended Complaint fails to specify anyone, much less anyone in Puerto Rico, who was allegedly deceived

---

[2] Moreover, even if the summary judgment discussion in *Norte* had contained the discussion of the applicable legal standard, Plaintiffs' contention that the case should not be considered now is a peculiar red herring.  Of course courts can rely on "summary-judgment cases at the pleading stage to explain the substantive legal standards that apply to the case."  *Adams* v. *City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Even the Supreme Court in *Twombly*—the seminal pleading-standards case—looked to an opinion rendered at the summary-judgment stage to determine the substantive legal standard to apply at the pleading stage.").

by any of the purportedly misleading statements. *Id.* at 5–6. Plaintiffs have also failed to allege who in particular detrimentally relied on any of those statements—a failure particularly fatal to their claims. *See Cooperativa de Ahorro y Credito Aguada* v. *Kidder, Peabody & Co*, 758 F. Supp. 64, 73 (D.P.R. 1991); Dkt. 242 at 6–8; Dkt. 321 at 2. For example, Plaintiffs claim that "the Complaint and record show" that ExxonMobil has, "[t]hrough decades of targeted disinformation" "long marketed and sold its fossil fuel products in Puerto Rico," and that ExxonMobil has "targeted" the Puerto Rico "market knowing full well it lacked the infrastructure to withstand the impacts" of climate change. Dkt. 340 at 2. But the paragraphs Plaintiffs cite do not support these assertions. *See id.* at 2 (citing Compl. ¶¶ 90–107, 346–619). The Amended Complaint contains no allegations that ExxonMobil "targeted" Puerto Rico, made any statements in or directed at Puerto Rico, or that Plaintiffs even were aware of ExxonMobil's alleged statements, much less that Plaintiffs purchased ExxonMobil products as a result or otherwise relied on a statement made by ExxonMobil in Puerto Rico to their detriment.

Further, Plaintiffs' attempts to impose liability on ExxonMobil for statements made by others also falls short of Rule 9(b) because the Amended Complaint does not allege with the requisite particularity the supposed connection between ExxonMobil and those statements. *See* Dkt. 242 at 8–11; Dkt. 321 at 2–3.

With respect to Plaintiffs' RICO claims against ExxonMobil, the Magistrate Judge incorrectly concluded that the Amended Complaint complies with Rule 9(b). This was error, particularly because the Magistrate Judge concluded elsewhere in the Report and Recommendation that those same allegations fall short of what Rule 9(b) requires. Repeating the same mistake they made in opposition to ExxonMobil's Motion, Plaintiffs point to their litany of allegations, arguing that they satisfy Rule 9(b) based on sheer numerosity. *See* Dkt. 340 at 1–2. But as ExxonMobil

explained in its Objections, length is not to be confused with substance or particularity.  Plaintiffs'

RICO allegations do not satisfy Rule 9(b) because they are not pleaded with specificity.  The

allegations also fail to explain ExxonMobil's specific role in any alleged scheme.  Dkt. 321 at 3–

4.  Plaintiffs' claims are therefore subject to dismissal pursuant to Rule 9(b) and the Magistrate

Judge erred in failing to recommend dismissal on that basis.

### III.    Conclusion

For the foregoing reasons, and those set forth in ExxonMobil's Motion, supporting reply,

and Individual Objections to the report and recommendation, Plaintiffs' claims against

ExxonMobil should be dismissed.


DATED:  May 2, 2025

By: */s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
*/s/ Mariana L. García Velázquez*
Mariana L. García Velázquez
USDC-PR Bar No. 309611
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com
Email: mgarcia@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas

New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant EXXON MOBIL*
*CORPORATION*

We hereby certify that, on the above date, we filed this document with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to all counsel of record

registered in the system.

>*/s/ Néstor M. Méndez Gómez* _
>Néstor M. Méndez Gómez
>USDC-PR Bar No. 118409
>
>*/s/ María D. Trelles Hernández*_
>María D. Trelles Hernández
>USDC-PR Bar No. 225106
>
>*/s/ Mariana L. García Velázquez*
>Mariana L. García Velázquez
>USDC-PR Bar No. 309611
>
>PIETRANTONI MENDEZ & ALVAREZ LLC
>Popular Center, 19th Floor
>208 Ponce de León Ave.
>San Juan, Puerto Rico 00918
>Telephone: (787) 274-1212
>Facsimile: (787) 274-1470
>Email: nmendez@pmalaw.com
>Email: mtrelles@pmalaw.com
>Email: mgarcia@pmalaw.com