# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100, <br><br> Defendants. | Civil Case No. 3:22-cv-01550 <br><br> Re: <br> Consumer fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment |

**DEFENDANT CONOCOPHILLIPS'S REPLY IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

# TABLE OF CONTENTS

I. Plaintiffs Continue To Rely On Insufficient Allegations To Support The Magistrate Judge's Imputation to ConocoPhillips of Alleged Trade Association Conduct ................................... 1

II. Plaintiffs Still Do Not Identify Any Wrongful Conduct By ConocoPhillips .......................... 2

III. Plaintiffs Fail To Support The Timeliness Of Their Claims .................................................... 4

IV. Plaintiffs' Argument That "ConocoPhillips's Constitutional Arguments Are a Red Herring" Is Itself A Red Herring ................................................................................................ 5

CONCLUSION .................................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Fin. Oversight & Mgmt. Bd. For Puerto Rico*, 578 F. Supp. 3d 267 (D.P.R. 2021), *aff'd*, 54 F.4th 42 (1st Cir.) ...................................................................................4

*United States v. Townley*, 665 F.2d 579 (5th Cir. 1982) ...............................................................3

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 9(b) ........................................................................................................................3

## OTHER AUTHORITIES

Columbia Center of Sustainable Development Sustainable Development, *How Much Have The Oil Supermajors Contributed To Climate Change* (2022), https://ccsi.columbia.edu/sites/ccsi.columbia.edu/files/content/docs/publications/ccsi-oil-supermajors-carbon-footprint-refining-sales-climate-change.pdf ...............................................................................................................................5

Plaintiffs' Response to ConocoPhillips's Objections to the Report and Recommendation only underscores the errors in the Magistrate Judge's decision allowing RICO and antitrust claims to proceed against ConocoPhillips. ConocoPhillips's Objections explained how that decision is erroneous because Plaintiffs did not allege any wrongful conduct either by ConocoPhillips or that could lawfully be attributed to it, and because the First Amended Complaint ("FAC") itself makes clear that the claims against ConocoPhillips are time barred. Plaintiffs' response does not dispute the legal principles outlined in ConocoPhillips's Objections, instead simply repeating the assertion that Plaintiffs pleaded sufficient conduct by ConocoPhillips to support their claims. But the paragraphs of the FAC to which Plaintiffs cite simple repeat the allegations already shown to be insufficient because they allege only membership or general participation in trade associations or statements that cannot, as a matter of law, support Plaintiffs' fraud-based claims. Plaintiffs' Response thus confirms that the Magistrate Judge's decision to allow RICO and antitrust claims to proceed against ConocoPhillips was erroneous.

**I.  Plaintiffs Continue To Rely On Insufficient Allegations To Support The Magistrate Judge's Imputation to ConocoPhillips of Alleged Trade Association Conduct**

As explained in ConocoPhillips's Objections (at 1-3), the Magistrate Judge recommended allowing RICO and antitrust claims to proceed against ConocoPhillips based on allegations of its membership and, at times, leadership positions in industry trade associations. That is improper because individual liability based on a trade association's conduct requires allegations that the individual participated in the association's supposedly unlawful activities, not simply that the individual was a member of a trade association or generally participated in its activities, even in a leadership capacity. *See* ConocoPhillips' Objs. to the Magistrate Judge's R. & R. ("COP Obj.") 2-3; ConocoPhillips's Mot. to Dismiss the Am. Compl. ("COP MTD") 3-7. Plaintiffs do not dispute that legal principle. Instead, they argue that "trade associations can be vehicles for

unlawful conspiracies," Pls.' Resp. to Def. ConocoPhillips's Objs. to the Magistrate Judge's R. & R. ("Resp.") 2, an irrelevant assertion that says nothing regarding what is required to hold individual entities liable for a trade association's allegedly unlawful acts.

Plaintiffs also assert that they "alleged more than mere membership" in trade associations, *id.* at 1, but the paragraphs of the FAC to which they cite still do not identify any participation by ConocoPhillips in any trade association's purportedly unlawful conduct. Plaintiffs cite paragraphs 2, 5, 206, and 211, but those paragraphs do not mention ConocoPhillips at all. Plaintiffs also cite paragraphs 327, 365, 372, 430, 522, 530, and 746(b), but those paragraphs allege only that ConocoPhillips was a member of certain trade associations and trade-association subgroups and that its CEO was at one time the chairman of API. As already explained, even active participation in a trade association generally, including by holding leadership positions, is insufficient to impose individual liability for the association's alleged acts. *See* COP Obj. 2-3. Finally, Plaintiffs cite paragraphs 500, 569, 592, and 604, but those paragraphs simply allege certain statements or conduct by ConocoPhillips itself, with no allegation linking that conduct to any trade association. Plaintiffs therefore once again fail to identify any allegations sufficient to support the Magistrate Judge's imputation to ConocoPhillips of conduct by trade associations.

## II. Plaintiffs Still Do Not Identify Any Wrongful Conduct By ConocoPhillips

That leaves Plaintiffs with only their sparse allegations of statements by ConocoPhillips itself, which do not support their claims. Plaintiffs, for example, continue to hinge their claims on a statement by ConocoPhillips *acknowledging* that emissions "can lead to adverse changes in global climate," FAC ¶ 500. Plaintiffs contend that the statement was a "half-truth," Resp. 2, because it observed that "[w]hile uncertainties remain," ConocoPhillips "manage[s] greenhouse gas emissions in [its] operations" and "integrate[s] climate change related activities and goals into [its] business planning," FAC ¶ 500. But Plaintiffs offer no response to ConocoPhillips's

explanation that the statement cannot support Plaintiffs' fraud-based claims because Plaintiffs do not, as Rule 9(b) requires, allege facts suggesting that ConocoPhillips knew any part of that statement to be false. That alone warrants dismissal. Even aside from Rule 9(b), the statement does not support Plaintiffs' claims because, as the case on which Plaintiffs rely recognizes, "half truths" are actionable only where they are likely to "deceive persons of ordinary prudence," *United States v. Townley*, 665 F.2d 579, 585 (5th Cir. 1982). As already explained, no reasonable person could be deceived regarding the connection between emissions and climate change by a statement acknowledging just such a connection and noting that ConocoPhillips is taking action to manage emissions. *See* COP Obj. 4-5; Reply in Supp. of ConocoPhillips's Mot. to Dismiss the Am. Compl. ("COP MTD Reply") 6-7. Plaintiffs have no response.

Plaintiffs also contend that ConocoPhillips may be held liable for the alleged effects of climate change because it "funded and facilitated campaigns to suppress science, sow doubt, and delay meaningful climate action." Resp. 2. But, again, the paragraphs of the FAC to which they cite support no such contention. Several of the allegations (FAC ¶¶ 2, 5, 206) do not mention ConocoPhillips at all; others allege only that ConocoPhillips was a member of certain trade associations and trade-association subgroups (*id.* ¶¶ 327, 365, 372, 430) and that its executives have at times held leadership positions (*id.* ¶¶ 522, 530, 746(b)). As already discussed, such allegations do not support imputing allegations of any purported group wrongdoing to ConocoPhillips specifically. The only allegations of statements by ConocoPhillips itself underscore the lack of any basis for Plaintiffs' claims. Aside from the statement regarding "uncertainties" just discussed, Plaintiffs point only to allegations that ConocoPhillips has "acknowledge[d]" the connection between fossil-fuel emissions and climate change, FAC ¶¶ 569, 592, and that, in 1966, ConocoPhillips's predecessor obtained a patent for "a process to remove

carbon from natural gas and gasoline streams," *id.* ¶ 604(b). None of those allegations support Plaintiffs' unfounded assertion that ConocoPhillips "facilitated" a "campaign[]" to "sow doubt."

**III.   Plaintiffs Fail To Support The Timeliness Of Their Claims**

Plaintiffs also fail to defend the Magistrate Judge's erroneous application of the continuing tort doctrine and equitable tolling as to the claims against ConocoPhillips. Regarding the continuing tort doctrine, Plaintiffs assert their claims are timely because they "alleged an ongoing fraudulent scheme," but they still do not identify any actionable statement by ConocoPhillips within the limitations period. Instead, Plaintiffs primarily rely on conclusory allegations that "Defendants" generally have engaged in a "campaign of deception." FAC ¶ 6; *accord id.* ¶¶ 23-25, 429, 501, 557. That is insufficient; "where there are multiple defendants," stating a claim against any one requires that its "specific role … be alleged." *In re Fin. Oversight & Mgmt. Bd. For Puerto Rico*, 578 F. Supp. 3d 267, 285 (D.P.R. 2021), *aff'd*, 54 F.4th 42 (1st Cir.) (quotation marks and alteration omitted). Regarding conduct by ConocoPhillips, Plaintiffs allege that the statement regarding "uncertainties" was made "as recently as 2020," *see* Resp. 3 (citing FAC ¶ 500), but offer no response to ConocoPhillips's explanation that that statement cannot support application of the continuing tort doctrine with respect to Plaintiffs' alleged harms in 2017, *see* COP Obj. 6. Plaintiffs also point to the allegation that ConocoPhillips's CEO was the chairman of API from 2016-2018, *see* Resp. 3 (citing FAC ¶ 530), but do not identify any statement attributable to ConocoPhillips during that time. Finally, Plaintiffs point to advertisements for 76-brand gasoline, *see* Resp. 3 (citing FAC ¶ 527(e)), ignoring ConocoPhillips's explanation that the 76 Gas Stations brand is not owned by ConocoPhillips. *See* COP MTD 9 n.4; COP Obj. 2 n.1.

Regarding equitable tolling, Plaintiffs assert, without citation, that they could not have "know[n] the full extent of Conoco's role" (in what exactly, they do not say) until certain unidentified disclosures and reports emerged at some unidentified time. Resp. 3. Assuming

4

Plaintiffs are referring to the same 2022 report purporting to estimate the carbon emissions of various entities on which they relied in their Opposition to Defendants' Motions to Dismiss (at p.7), that fails to support equitable tolling as to ConocoPhillips for two reasons. First, the report does not concern ConocoPhillips, mentioning it only once and only to say that "ConocoPhillips is only seldom included in the list of [oil] supermajors since it spun off its downstream operations." Columbia Center of Sustainable Development, *How Much Have The Oil Supermajors Contributed To Climate Change* 9 n.2 (2022), https://ccsi.columbia.edu/sites/ccsi.columbia.edu/files/content/docs/publications/ccsi-oil-supermajors-carbon-footprint-refining-sales-climate-change.pdf. Second, Plaintiffs ignore ConocoPhillips's earlier explanation that similar information was available years earlier in a similar report issued in 2017, *see* COP MTD Reply at 9 n.2.

## IV. Plaintiffs' Argument That "ConocoPhillips's Constitutional Arguments Are a Red Herring" Is Itself A Red Herring

Finally, Plaintiffs contend that ConocoPhillips's First Amendment arguments should be rejected because the Constitution does not protect fraud or commercial misrepresentations. Resp. 3-4. That does not save Plaintiffs' claims, for two reasons. First, it is unresponsive to ConocoPhillips's First Amendment arguments, which focused on associational rather than speech rights. Second, it is wrong in any event because, as already discussed, Plaintiffs have not alleged any fraudulent statement or deceptive marketing by ConocoPhillips. The few statements alleged as to ConocoPhillips—generally discussing greenhouse gas emissions and climate change—therefore are precisely the kinds of statements that the First Amendment protects. *See* Defs.' Joint Objs. to Magistrate Judge's R. & R. 20-23.

## CONCLUSION

The Court should reject the Magistrate Judge's recommendations regarding Plaintiffs' RICO and antitrust claims against ConocoPhillips and should dismiss all claims with prejudice.

Dated: May 2, 2025                    Respectfully submitted:

/s/ *Heriberto J. Burgos-Pérez*
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
Ricardo F. Casellas
USDC-PR No. 203114
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco, Suite 400
San Patricio, PR 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
Email: rcasellas@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street,
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

# CERTIFICATE OF SERVICE

I certify that on May 2, 2025, a copy of the foregoing Reply in Support of ConocoPhillips's Objections to the Magistrate Judge's Report and Recommendation was served by filing that document with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants, and paper copies were mailed by first class mail, postage prepaid, to those identified as nonregistered participants.

*/s/ Heriberto J. Burgos-Pérez*
Heriberto J. Burgos-Pérez