IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| MUNICIPALITY OF BAYAMÓN, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br><br> EXXON MOBIL CORP., ET AL., <br><br> Defendants. | CIV. NO.: 22-1550 (SCC) |

### ORDER

The Supreme Court in *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.* expressly "le[ft] open the question whether the Fifth Amendment imposes the same restrictions [as the Fourteenth] on the exercise of personal jurisdiction by a federal court." 582 U.S. 255, 269 (2017).

Since *Bristol-Myers*, every circuit court to consider the issue, including the First Circuit, has continued to apply to cases under the Fifth Amendment the familiar "minimum contacts" standard under the Fourteenth Amendment. *See SEC v. Gastauer*, 93 F.4th 1, 8 (1st Cir. 2024); *Lewis v. Mutond*, 62 F.4th 587, 592 (D.C. Cir. 2023); *Fuld v. Palestine Liberation*

Municipality of Bayamón, et al.　　　　　　　　　　　　　　　　　　　Page 2
v. Exxon Mobil Corp., et al.

*Organization*, 82 F.4th 74, 86 (2d. Cir. 2023); *Herederos de Roberto Gomez Cabrera, LLC v. Teck Resources Ltd.*, 43 F.4th 1303, 1308 (11th Cir. 2022); *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 235 (5th Cir. 2022) (en banc). Some judges voiced disagreement, arguing that the standard under the Fifth Amendment is not the same as that under the Fourteenth. *See id.* at 249 (Elrod, J., dissenting); *id.* at 282 (Higginson, J., dissenting); *id.* at 284 (Oldham, J., dissenting); *Fuld v. Palestine Liberation Organization*, 101 F.4th 190, 203 (2d. Cir. 2024) (Menashi, J., dissenting from the denial of rehearing en banc). *See also Mutond*, 62 F.4th at 596 (Rao, J., concurring).

　　　　Today, the Supreme Court, on certiorari from the Second Circuit, addressed the question it had reserved and held that "the Fifth Amendment does not impose the same jurisdictional limitations as the Fourteenth." *Fuld v. Palestine Liberation Organization*, 2025 WL 1716140, at * 9 (2025). The Supreme Court further held that the Fifth Amendment "necessarily permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Id.* The Supreme Court did not,

| Municipality of Bayamón, et al. | Page 3 |
| v. Exxon Mobil Corp., et al. | |

however, determine the Fifth Amendment's "outer limits on the territorial jurisdiction of federal courts." *Id.* at * 10.

By June 25, 2025, the parties shall on each side file one brief not exceeding 15 pages outlining how today's decision by the Supreme Court affects this case. Responses are due by June 30, 2025. Defendants' request at Docket No. 389 for oral argument on the objections to the Report and Recommendation at Docket No. 315 and the responses to the objections is held in abeyance.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of June 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE