# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO, <br><br> Plaintiffs, <br><br> v. <br><br> EXXONMOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100, <br><br> Defendants. | Civil Case No. 3:22-cv-01550-SCC-HRV <br><br><br> Re: <br> Consumer Fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment |

## DEFENDANTS' SUPPLEMENTAL BRIEF ON THE IMPLICATIONS OF *FULD v. PALESTINE LIBERATION ORGANIZATION*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 3

ARGUMENT ...................................................................................................................... 5

      I.     *Fuld* Does Not Affect Defendants' Personal Jurisdiction Arguments .................... 5

           A.     *Fuld* Does Not Affect Defendants' Arguments About RICO's Personal Jurisdiction Provision, 18 U.S.C. § 1965. ................................................. 6

           B.     *Fuld* Does Not Affect Defendants' Remaining Arguments About Personal Jurisdiction, Including As To The Puerto Rico Law Claims, Which Require A Showing Of Minimum Contacts Plaintiffs Cannot Meet ........... 8

           C.     Under *Fuld*, Rio Tinto Is Not Subject to Personal Jurisdiction Here ........ 11

      II.    *Fuld* Reaffirms The Constitutional Principles Underlying Defendants' 12(b)(6) Arguments. ................................................................................................... 14

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*,
  480 U.S. 102 (1987).................................................................................................12

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).................................................................................................12

*Carreras v. PMG Collins, LLC*,
  660 F.3d 549 (1st Cir. 2011).....................................................................................6

*Casio Computer Co. Ltd. v. Sayo*,
  2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000)...........................................................6

*City of New York v. Chevron Corp.*,
  993 F.3d 81 (2d Cir. 2021).................................................................................14, 15

*Daimler AG v. Bauman*,
  571 U. S. 117 (2014).................................................................................................6

*De La Rosa v. Philip Morris Prods., Inc.*,
  975 F. Supp. 161 (D.P.R. 1997)................................................................................8

*Examining Bd. of Engineers, Architects and Surveyors v. Flores de Otero*,
  426 U.S. 572 (1976).................................................................................................9

*Fuld v. Palestine Liberation Organization*,
  No. 24-151, 2025 WL 1716140 (U.S. June 20, 2025)
  .......................................................................1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14

*Goya de Puerto Rico, Inc. v. Rowland Coffee*,
  206 F. Supp. 2d 211 (D.P.R. 2002).....................................................................9, 10

*Hanson v. Denckla*,
  357 U.S. 235 (1958).................................................................................................4

*Indus. Siderúrgica v. Thyssen Steel Caribbean, Inc.*,
  114 D.P.R. 548, 558, 14 P.R. Offic. Trans. 708 (1983)..........................................10

*Jesner v. Arab Bank, PLC*,
  584 U.S. 241 (2018)........................................................................................1, 3, 14

*Laurel Gardens, LLC v. McKenna*,
  948 F.3d 105 (3d Cir. 2020)......................................................................................8

*Lorelei Corp. v. Cnty. of Guadalupe*,
  940 F.2d 717 (1st Cir. 1991)......................................................................................5

*Marrero-Rolón v. Autoridad de Energía Eléctrica de P.R.*,
  2015 WL 5719801 (D.P.R. Sept. 29, 2015), *report and recommendation
  adopted* (D.P.R. Mar. 31, 2016)...............................................................................6

*Negrón-Torres v. Verizon Commc'ns, Inc.*,
    478 F.3d 19 (1st Cir. 2007) ................................................................................10

*Peters Broadcast Engineering, Inc. v. 24 Capital, LLC*,
    40 F.4th 432 (6th Cir. 2022) ................................................................................8

*PT United Can Co. Ltd. v. Crown Cork & Seal Co.*,
    138 F.3d 65 (2d Cir.1998) ....................................................................................8

*Rodriguez v. Popular Democratic Party*,
    457 U.S. 1 (1982) .................................................................................................9

*Sawtelle v. Farrell*,
    70 F.3d 1381 (1st Cir. 1995) ..............................................................................13

*Shirokov v. Dunlap, Grubb & Weaver, PLLC*,
    No. CIV.A. 10-12043-GAO, 2012 WL 1065578 (D. Mass. Mar. 27, 2012).......7, 12

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
    960 F.2d 1080 (1st Cir. 1992) ..............................................................................7

*Vapotherm, Inc. v. Santiago*,
    38 F.4th 252 (1st Cir. 2022) ...............................................................................13

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .............................................................................................4

## Statutes

18 U.S.C. § 1965 ....................................................................................2, 6, 8, 12

## Rules

Fed. R. Civ. P. 4(k)(1)..........................................................................6, 8, 12

Fed. R. Civ. P. 81(d)(2)................................................................................5, 9

## Constitutional Provisions

PR Const., art. II, § 7 ..............................................................................10

**TO THE HONORABLE COURT:**

Pursuant to the Court's Orders of June 20, 2025, Dkt. 390, and June 25, 2025, Dkt. 396, Defendants respectfully submit this supplemental brief addressing the Supreme Court's decision in *Fuld v. Palestine Liberation Organization*, No. 24-151, 2025 WL 1716140 (U.S. June 20, 2025).

## INTRODUCTION

*Fuld* confirms that this Court lacks personal jurisdiction over Defendants and that Plaintiffs' claims are barred on the merits. The Court made clear that "[i]nterstate federalism concerns" are evident throughout the Constitution's structure and that the "Constitution confers upon the *Federal* Government—and it alone—both nationwide and extraterritorial authority." *Id.* at *8 (emphasis added). In particular, the Court reaffirmed that "[i]nterstate federalism concerns . . . may be *decisive*" in determining whether a court has personal jurisdiction. *Id.* at *9. And the Court confirmed that matters of foreign policy (which Defendants here contend includes global climate change) involve "delicate judgments" that are "the prerogative of the political branches to make," not courts or juries. *Id.* at *11 (quoting *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 273 (2018) (plurality opinion)).

In *Fuld*, the Supreme Court analyzed the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA")—a unique and narrow federal statute that expressly authorizes federal courts to exercise personal jurisdiction over two specific, named foreign entities. The Supreme Court held that the statute does not violate the defendants' rights under the Fifth Amendment's Due Process Clause for two reasons: (i) "interstate federalism concerns" are not implicated in evaluating the reach of federal jurisdictional statutes, and (ii) the "Constitution confers upon the *Federal* Government—and it alone—both nationwide and extraterritorial authority." *Id.* at *8 (emphasis added). The Supreme Court did not (i) change the analysis for evaluating a federal court's ability to exercise jurisdiction over state-law claims, (ii) set a generally applicable

standard for personal jurisdiction under the Fifth Amendment, or (iii) extend its holding to all cases filed in federal court or all claims asserted under federal law. On the contrary, the Court emphasized that its holding is "implicated in only a subset of federal cases, such as those in which personal jurisdiction is . . . authorized by a federal statute." *Id.* at *6.

The Supreme Court's holding does not change the outcome of Defendants' personal jurisdiction motions: This Court lacks personal jurisdiction over Defendants as to all claims.

*First*, the only federal statute that Plaintiffs argue authorizes personal jurisdiction is RICO's nationwide service of process provision, 18 U.S.C. § 1965. Defendants have not argued that statute is unconstitutional (although Rio Tinto does argue that the Complaint's failure to allege sufficient suit-related connections between Rio Tinto and the United States makes the exercise of personal jurisdiction against it unconstitutional). Defendants instead argued that Section 1965 does not apply because Plaintiffs cannot satisfy its requirements. In this respect, *Fuld* is inapplicable because Defendants are not challenging the constitutionality of the federal statute at issue here, the RICO Act, but instead assert that Plaintiffs' allegations are insufficient to meet that statute's requirements. In any event, *Fuld* analyzed the PSJVTA, not the RICO Act, and thus does not alter the interpretation and application of Section 1965 in this action. Moreover, Section 1965 applies only to federal RICO claims.

*Second*, the *Fuld* decision does not affect Defendants' remaining arguments about personal jurisdiction, including as to the Puerto Rico law claims. To exercise personal jurisdiction over these claims, this Court is required to determine whether the defendant has sufficient minimum contacts with Puerto Rico, applying the well-established test under Puerto Rico's long-arm statute. Indeed, *Fuld* confirmed that "[i]nterstate federalism concerns," which underly the minimum contacts standard, "may be *decisive*" in determining whether a court has personal jurisdiction to adjudicate claims under Rule 4(k)(1)(A). *Id.* at *9 (emphasis added). Here, no Defendant has suit-

2

related contacts with Puerto Rico, so the claims must be dismissed for lack of personal jurisdiction.

*Third*, Rio Tinto plc, an entity registered in England and Wales with its principal place of business in England, argued that exercising jurisdiction over Rio Tinto would violate the Fifth Amendment given Rio Tinto's lack of alleged contacts with the United States. *Fuld* does not alter this analysis either. As a threshold matter, in *Fuld*, the Supreme Court considered the constitutionally of the PSJVTA, which expressly authorizes the exercise of jurisdiction over foreign defendants even in the absence of suit-related conduct between those defendants and the United States. By contrast, RICO does not contain any such grant of jurisdiction over foreign defendants. Moreover, whether measured by the traditional minimum contacts analysis or under the rubric of "reasonableness," Rio Tinto's alleged contacts with the United States are so meager that the exercise of personal jurisdiction here would be improper. Therefore, here too, *Fuld* does not alter the outcome of Rio Tinto's jurisdictional motion.

Finally, on the merits, *Fuld* supports Defendants' argument that non-federal governments cannot apply their laws to certain interstate and international conduct. Indeed, the Court confirmed that matters of foreign policy (which Defendants contend includes global climate change) involve "delicate judgments" that are "the prerogative of the [federal] political branches to make," not courts or juries. *Id.* at *11 (quoting *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 273 (2018) (plurality opinion)). This argument independently warrants dismissal of Plaintiffs' Complaint.

## BACKGROUND

*Fuld* concerned the constitutionality of a provision of the PSJVTA, which provides that two specific entities (the Palestine Liberation Organization and Palestinian Authority) shall be deemed to have consented to personal jurisdiction of the United States in certain terrorism-related civil suits if they engage in specific terrorism-related predicate conduct. *Id.* at *1. The Supreme Court considered whether this grant of personal jurisdiction violates the Due Process Clause of the

Fifth Amendment. *Id.* The Court held that it did not.

The Court began by noting that its modern personal jurisdiction cases "grappled only with the limitations imposed by the Fourteenth Amendment on state courts." *Id.* at *6. It explained that the familiar and generally applicable constitutional personal jurisdiction standards are "a consequence of territorial limitations on the power of the respective States." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)). Indeed, constitutional personal jurisdiction standards are designed to "ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

The Court went on to hold that the "interstate federalism concerns" that limit the power of states to hale out-of-state and foreign defendants into state courts do not apply to the *federal* government because "[t]he Constitution confers upon the Federal Government—and it alone—both nationwide and extraterritorial authority." *Id.* at *8. Accordingly, the Court rejected the argument that, under the Fifth Amendment, the federal government's power over foreign defendants is no greater than the states' power under the Fourteenth Amendment, and explained that the "Due Process Clauses of the Fourteenth and Fifth Amendment" limit the jurisdictional authority of courts "with respect to the distinct sovereignties from which those courts derive their authority." *Id.*

The Supreme Court did not ultimately delineate the outer limits of the Fifth Amendment's standards for personal jurisdiction. The Supreme Court declined to articulate a generally applicable standard beyond noting that, even for the Federal Government, the Fifth Amendment "might entail a similar inquiry into the reasonableness of the assertion of jurisdiction in the particular case," which is a familiar aspect of the personal jurisdiction analysis under the Fourteenth Amendment. *Id.* at *12. In addition, the Court noted the limits of its holding. Because, under the Federal Rules of Civil Procedure, "[f]ederal courts ordinarily follow state law in determining the bounds

of their jurisdiction over persons," "[a]ny difference between the Fifth and Fourteenth Amendments is . . . implicated in only a subset of federal cases, such as those in which personal jurisdiction is . . . authorized by a federal statute." *Id.* at *6 (quotation marks omitted).

The Supreme Court found that the PSJVTA's jurisdictional provision is not unreasonable because, after extensive Congressional factfinding, the law narrowly and "reasonably ties the assertion of federal jurisdiction over the PLO and PA to conduct that involves the United States and implicates sensitive foreign policy matters within the prerogative of the political branches." *Id.* at *13. The Supreme Court further suggested that the provision was reasonable because the statute's "jurisdiction triggering predicates are . . . narrow"—focused on just two specific entities, and only when they engage in two specific types of conduct, and on specific statutory claims. *Id.* at *11.

## ARGUMENT

### I.    *Fuld* Does Not Affect Defendants' Personal Jurisdiction Arguments

The Constitution limits a federal district court's exercise of personal jurisdiction through the Fifth Amendment. *See Lorelei Corp. v. Cnty. of Guadalupe*, 940 F.2d 717, 719 (1st Cir. 1991). But, in the absence of a federal statute that provides for personal jurisdiction, a federal district court's authority to exercise personal jurisdiction is determined by whether the state in which the federal court sits could properly exercise personal jurisdiction over the challenging party, which necessarily requires an analysis under the Fourteenth Amendment. Specifically, under Federal Rule of Civil Procedure 4(k)(1), personal jurisdiction can be established over a person "when authorized by federal statute" or when the person is "subject to the jurisdiction of a court of general jurisdiction in the state [or Puerto Rico] where the district court is located." *Id.*; *see* Fed. R. Civ. P. 81(d)(2) (defining "[s]tate" to include U.S. commonwealths and territories). Courts considering personal jurisdiction under Puerto Rico's long-arm statute have accordingly required sufficient minimum contacts related to the claims at issue, consistent with decades of personal-jurisdiction jurisprudence. *See Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011).

*Fuld* does not alter this analysis. Indeed, it confirms it: "[U]nder the Federal Rules of Civil Procedure, '[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.'" *Fuld*, 2025 WL 1716140, * 6 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Rule 4(k)(1)(A) and applying Fourteenth Amendment analysis to evaluate personal jurisdiction in federal district court)). As relevant here, Section 1965—the only federal statute plaintiffs assert grants this Court jurisdiction—does not provide an alternative source of personal jurisdiction for the RICO claims because Plaintiffs have failed to adequately plead the requirements of that statute. Defendants' remaining arguments are similarly unaffected, since Plaintiffs have failed to plead—against any Defendant—the requisite suit-related minimum contacts with Puerto Rico. Finally, given the dearth of alleged contacts between Rio Tinto and the United States, it would be unreasonable for this Court to exercise jurisdiction over Rio Tinto.

### A. *Fuld* Does Not Affect Defendants' Arguments About RICO's Personal Jurisdiction Provision, 18 U.S.C. § 1965.

By its terms, *Fuld* applies only in a narrow subset of cases, such as where federal statutes expressly provide for personal jurisdiction. *Fuld*, 2025 WL 1716140 at *6. Here, Plaintiffs point to a single federal statute that they claim authorizes personal jurisdiction over their RICO claims, 18 U.S.C. § 1965. As Defendants have explained, Plaintiffs failed to meet the three basic requirements to invoke Section 1965's jurisdiction provision.[1]

*First*, Section 1965 provides for personal jurisdiction over a defendant only if a plaintiff pleads a viable RICO claim as to that defendant. *See Casio Computer Co. Ltd. v. Sayo*, 2000 WL 1877516, at *26 (S.D.N.Y. Oct. 13, 2000). Plaintiffs failed to do so here for any Defendant. *See,*

---

[1] Plaintiffs did not contend before the Magistrate Judge that the Sherman Act or Clayton Act independently provide this Court with personal jurisdiction, and thus any such argument has been forfeited. *See Orellano-Laureano v. Instituto Médico del Norte, Inc.,* 2023 WL 4532418, at *8 (D.P.R. July 13, 2023) (noting that "Plaintiff waived any opposition to [an] argument" plaintiff failed to address in opposition to defendants' motion to dismiss). In any event, as with the RICO claim, *Fuld* does not change the analysis that would apply to the antitrust claim.

*e.g.*, Dkt. 234 at 22, Dkt. 235 at 17–38.

*Second*, Section 1965 permits the exercise of personal jurisdiction *only* if at least one defendant has minimum contacts with the forum State. *Marrero-Rolón v. Autoridad de Energía Eléctrica de P.R.*, 2015 WL 5719801, at *3 (D.P.R. Sept. 29, 2015), *report and recommendation adopted* (D.P.R. Mar. 31, 2016).  Here Plaintiffs have not established such contacts for any Defendant.  Each Defendant has shown that it is not subject to jurisdiction in Puerto Rico, so none can be subject to personal jurisdiction under Section 1965.  *See, e.g.*, Dkt. 234 at 10–21; Dkt. 246.

*Third*, even assuming RICO's nationwide service-of-process provision authorizes jurisdiction over Defendants incorporated or headquartered in the United States (it does not), this provision cannot authorize jurisdiction over Shell plc, BP p.l.c., Rio Tinto plc, or BHP Group Limited (collectively, the "Foreign Defendants"), all of which are incorporated in and headquartered outside the United States, as Plaintiffs acknowledge.  Am. Compl. ¶¶ 108, 133, 171, 180.  Section 1965 authorizes nationwide, but not *international*, service of process.  Plaintiffs have not, because they could not have, complied with this provision as it pertains to the Foreign Defendants.  *See* Dkt. 234 at 21–22.  The First Circuit has held that "service of process constitutes the vehicle by which the court obtains jurisdiction."  *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) (citations omitted).  As such, "RICO's nationwide service of process provision does not allow the . . . exercise of jurisdiction over [an extraterritorial] defendant."[2]  *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. CIV.A. 10-12043-GAO, 2012 WL 1065578, at *9–10 (D. Mass. Mar. 27, 2012).  In analyzing the text of RICO, courts in this Circuit

---

[2] Rio Tinto does not operate in the United States and has no offices or employees or agents for service within the United States.  Pasmore Decl. ¶ 8.  Thus, Rio Tinto could not be served within the United States. Rio Tinto ultimately agreed to accept service of the summons by mail in London as part of an overall scheduling agreement, while explicitly preserving its rights to raise any and all jurisdictional defenses.  Dkt. 25 ¶ 3, n.1.  The other Foreign Defendants took receipt of the summons and complaint under similar preservation of rights and jurisdictional defenses.

and beyond have consistently understood that RICO's jurisdictional reach extends no farther than the territorial bounds of the United States.  *Fuld* does not change this limitation.

Each of these requirements arises from the plain text of Section 1965 and caselaw interpreting it.[3]  Plaintiffs cannot meet these requirements, and thus, Section 1965 does not confer personal jurisdiction over Defendants, regardless of due process limits or the holding in *Fuld*.

## B.  *Fuld* Does Not Affect Defendants' Remaining Arguments About Personal Jurisdiction, Including As To The Puerto Rico Law Claims, Which Require A Showing Of Minimum Contacts Plaintiffs Cannot Meet.

*Fuld* has no effect on this Court's analysis of Defendants' other personal jurisdiction arguments, including those regarding Plaintiffs' Puerto Rico law claims.  For these, the Court is required to determine whether Defendants have sufficient claim-related minimum contacts with Puerto Rico.  As Defendants have demonstrated, *see, e.g.*, Dkts. 232, 234, 240, 245–46, Plaintiffs have failed to do so, requiring dismissal for lack of personal jurisdiction.

Absent a federal statute providing for personal jurisdiction, federal courts in Puerto Rico generally exercise personal jurisdiction commensurate with the jurisdiction of a Puerto Rico court. *See* Fed. R. Civ. P. 4(k)(1)(A).  *Fuld* does not grant Puerto Rico courts jurisdiction to hale out-of-state or foreign defendants into court.  Irrespective of whether the *Constitution* limits Puerto Rico courts' exercise of personal jurisdiction through the Fifth Amendment or the Fourteenth Amendment (or both), it has long been clear that the same limits on personal jurisdiction applicable to state courts through the Fourteenth Amendment are applicable to Puerto Rico federal courts.  *See,*

---

[3] Even the requirement that a court first have personal jurisdiction based on minimum contacts over at least one defendant, which Plaintiffs rely on, Dkt. 281 at 1, 8–10, is based on the interpretation of Section 1965, not the Constitution.  As explained in *Marrero-Rolón* and *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir.1998), courts applying the minimum contacts test have held that Section 1965 incorporates the Fourteenth Amendment's standard for state courts.  18 U.S.C. § 1965; *see PT United*, 138 F.3d at 70; *see also Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 117–118 (3d Cir. 2020) (explaining that this is the majority approach); *Peters Broadcast Engineering, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 439 (6th Cir. 2022) (same).

*e.g.*, *De La Rosa v. Philip Morris Prods., Inc.*, 975 F. Supp. 161, 167 (D.P.R. 1997). Nothing in *Fuld* displaces these applicable standards; indeed, *Fuld* confirms them.

Even assuming the Fifth and not the Fourteenth Amendment limits Puerto Rico courts' exercise of personal jurisdiction, *Fuld* does not change the analysis here. *Fuld*'s holding was expressly narrow and limited to the specific federal statute at issue in that case, *see* 2024 WL 1716140, at *10. Nothing in the Court's analysis suggests the constitutional limits on a commonwealth court's authority under the Fifth Amendment should change. To the contrary, *Fuld*'s rationale for distinguishing between the due-process limitations on the jurisdiction of State courts (as opposed to *federal* courts applying *federal* jurisdictional laws) is premised on the fact that "[t]he Constitution confers upon the Federal Government—and it alone—both nationwide and extraterritorial authority" whereas principles of federalism and State sovereignty require "territorial limitations on the power of the respective States." *Id.* at *7–8 (quotation marks omitted). Because the authority of Puerto Rico's Constitution and laws extends only to the outer limits of Puerto Rico's borders and not extraterritorially, *see Goya de Puerto Rico, Inc. v. Rowland Coffee*, 206 F. Supp. 2d 211, 215 n.4 (D.P.R. 2002), its jurisdictional reach—whether assessed under the Fifth or Fourteenth Amendment—is (like a State's) similarly constrained. Accordingly, nothing in *Fuld*'s analysis of the reach of federal courts applying federal law provides a basis to relax due process limitations on the reach of Puerto Rico courts or law.[4]

---

[4] The application of the same standards to Puerto Rico as to the states should not be surprising. In many contexts—including civil procedure contexts—Puerto Rico is treated identically to states. *See* Fed. R. Civ. P. 81(d)(2) (defining "[s]tate" to include U.S. commonwealths and territories). And the Supreme Court has recognized that the Federal Government "relinquished its control over [Puerto Rico's] local affairs[,] grant[ing] Puerto Rico a measure of autonomy comparable to that possessed by the States." *Examining Bd. of Engineers, Architects and Surveyors v. Flores de Otero*, 426 U.S. 572, 597 (1976). Indeed, the Supreme Court has held that "Puerto Rico, like a State, is an autonomous political entity, sovereign over matters not ruled by the [Federal] Constitution." *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 8 (1982) (quotation omitted).

Even if *Fuld* did support the proposition that Puerto Rico has the authority to hale out-of-state and foreign defendants into court on par with the federal government—it does not—it would be improper for this Court to re-interpret Puerto Rico's long-arm statute as doing so.  To be sure, Puerto Rico's long-arm statute has been interpreted to reach "up to the point allowed by the Constitution."  *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 24 (1st Cir. 2007) (quoting *Indus. Siderúrgica v. Thyssen Steel Caribbean, Inc.*, 114 D.P.R. 548, 558, 14 P.R. Offic. Trans. 708, 721 (1983)).  But the caselaw makes clear that holding is based on Puerto Rico's long-arm statute having a similar requirement for minimum contacts and purposeful availment as the Fourteenth Amendment imposes on state courts, not because Puerto Rico's long-arm statute applies indiscriminately or as broadly as the Federal government can legislate.  *See Indus. Siderúrgica*, 14 P.R. Offic. Trans. at 721 (interpreting statute to apply where an endeavor "deliberately designed, or conscientiously used, by the nonresident to obtain an economic benefit in our jurisdiction.").  It would be anomalous to apply the statute so broadly because it its "well settled that Puerto Rico's laws" lack "extraterritorial effect."  *See Goya de Puerto Rico*, 206 F. Supp. 2d at 215 n.4.  If that were not enough, the Puerto Rico Constitution itself also imposes a due process requirement.  PR Const., art. II, § 7.  This Court should interpret that provision consistent with the longstanding principle that the Fourteenth Amendment's test for personal jurisdiction (or an identical one) applies to Puerto Rico's long-arm statute.  *Fuld* recognizes that even under the Fifth Amendment, due process limitations on personal jurisdiction "might entail a similar inquiry into the reasonableness of the assertion of jurisdiction in the particular case" as has traditionally been applied under the Fourteenth Amendment.  2025 WL 1716140, at *12 (quotation omitted). There is, therefore, no reason for this Court to upend decades of Puerto Rico personal-jurisdiction jurisprudence.

Plaintiffs have not alleged sufficient suit-related minimum contacts with Puerto Rico against any Defendant, and for this reason alone, the claims relying on Puerto Rico's long-arm

statute must be dismissed for lack of personal jurisdiction.  *See* Dkt. 234 at 10-17.  In fact, Plaintiffs failed to allege any minimum contacts at all against multiple Defendants, much less suit-related contacts.  *See* Dkt. 232 at 8-10; Dkt. 240 at 8; Dkt. 245 at 8-13;[5] Dkt. 246 at 4-8; Dkt. 319 at 1–3.

### C.  Under *Fuld*, Rio Tinto Is Not Subject to Personal Jurisdiction Here.

In its motion papers, Dkt. 246 at 9, Dkt. 306 at 7, and objections to the R&R, Dkt. 330 at 6, Rio Tinto showed that exercising jurisdiction over Rio Tinto violates the Due Process Clause of the Fifth Amendment because plaintiffs have failed to plead that Rio Tinto has any dispute-related contacts with the United States and the exercise of jurisdiction would be unreasonable.  The Supreme Court's decision in *Fuld* does not change this conclusion.

As a threshold matter, *Fuld* turned on the language of a specific federal statute that expressly granted federal courts personal jurisdiction over two specific defendants in two narrow sets of circumstances, and even then, only for a specific claim under the Anti-Terrorism Act.  *Id.* at 10-12.  Defendants argued that this grant of jurisdiction was unconstitutional because they lacked suit-related contacts with the United States.  The Supreme Court rejected this argument, finding that Congress could extend the jurisdictional reach of U.S. courts to foreign defendants provided that it did so explicitly, and given that the decision implicated the "foreign policy concerns" of the United States.  *Id.* at *13 (PSJVTA is constitutional because it "reasonably ties the assertion of federal jurisdiction over the PLO and PA to conduct that involves the United States and implicates sensitive foreign policy matters"); *id.* at 12 (highlighting "the United States' "exceedingly compelling interest . . . to deter international terrorism").  Moreover, the PSJVTA contains "triggering predicates"—payments to terrorists, and maintaining an office or conducting activity in the United

---

[5] In addition to joining the joint motion, BHP also (i) argued that any alleged global or U.S. contacts are insufficient to establish jurisdiction over BHP with respect to the Puerto Rico law claims, and (ii) provided unrebutted evidence that BHP in fact has no contacts with Puerto Rico.  Dkt. 245 at 7-15 & n.1; Dkt. 332 at 6-7 (raising the same arguments in its Objections).

States—that by statute "ties jurisdiction to specific and narrow conduct that directly implicates . . . [the PLO's] relationship with the United States." *Id.* at *5, 11.

In other words, the Court in *Fuld* took pains to note that the PSJVTA is unique because it contains an explicit grant of jurisdiction that is narrowly tailored to statutory predicates demonstrating a "relationship with the United States." *Id.* The Court cautioned against applying its ruling to cases where there was *no* such statutory grant: "[a]ny difference between the Fifth and Fourteenth Amendments is . . . implicated in *only* a subset of federal cases, such as those in which personal jurisdiction is—as in the PSJVTA—'authorized by a federal statute.'" *Id.* at *6 (emphasis added) (citing Fed. R. Civ. P. 4(k)(1)(C)).

The federal statute implicated here—RICO[6]—does not contain any jurisdictional grant like the one found in the PSJVTA. If anything, the opposite is true. As shown above, RICO specifically limits its service of process provision to defendants that are found *within* the United States. 18 U.S.C. § 1965(b); *Shirokov*, 2012 WL 1065578, at *9–10 ("RICO's nationwide service of process provision does not allow the . . . exercise of jurisdiction over [an extraterritorial] defendant."). There is therefore no basis to suggest that RICO authorizes the kind of extraterritorial grant of jurisdiction that the Supreme Court confronted in *Fuld*. Moreover, the Supreme Court in *Fuld* intentionally did not authorize the exercise of extraterritorial jurisdiction every time a plaintiff brought a claim pursuant to a federal statute. 2025 WL 1716140, at *6.

The Supreme Court in *Fuld* also indicated that the exercise of jurisdiction over a defendant would be improper under the Fifth Amendment where the exercise of such jurisdiction would be unreasonable. *Id.* at 12 ("[T]he prospect remains that the Fifth Amendment might entail a similar inquiry into the reasonableness of the assertion of jurisdiction in the particular case." (citing *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 115 (1987))); *see also id.*

---

[6] Plaintiffs have not contended that the Sherman Act grants this Court jurisdiction.

at 12 (evaluating PSJVTA using traditional reasonableness factors).

An "inquiry into the reasonableness of the assertion of jurisdiction" against Rio Tinto supports dismissal. The traditional "reasonableness" inquiry presupposed that a defendant had sufficient suit-related connection to the United States. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 466 (1985) (reasonableness comes into play "[o]nce it has been decided that a defendant purposefully established minimum contacts"); *Asahi*, 480 U.S. at 114 (reasonableness comes into play "[w]hen minimum contacts have been established"). The First Circuit has also held that "failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness." *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995); *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 263 (1st Cir. 2022) (no need to "reach the reasonableness analysis" absent sufficient contacts). Thus, absent an express grant of jurisdiction tied to a defendant's "relationship with the United States," the exercise of personal jurisdiction will only be reasonable where, unlike here, the defendant has sufficient suit connected contacts. *See Id.* at *5, 11

As previously explained, *see* Dkt. 246 at 9, Dkt. 306 at 7, Dkt. 330 at 6, Rio Tinto has no such contacts. Rio Tinto is a foreign corporation with its headquarters in London. Am. Compl. ¶ 180. It does not sell or market products anywhere in the United States. Pasmore Decl. ¶ 7. It is not subject to income tax, does not have bank accounts, does not maintain a register agent for service of process, or maintain employees in the U.S. *Id.* It has *never sold* oil or gas in the U.S., and no Rio Tinto affiliate has produced, marketed, sold, or even held U.S. coal reserves in the U.S. since 2013. *Id.* ¶¶ 8-9. Rio Tinto's alleged conduct is thus extremely attenuated from Plaintiffs' alleged injury, meaning the United States has little interest in regulating that conduct. *Id.*

Unable to refute Rio Tinto's lack of contacts with the United States, Plaintiffs' hang their jurisdictional hat on Rio Tinto's generalized "membership and participation" in certain industry groups. Dkt. 315 at 32 (R&R) (citing Dkt. 281 at 11-12 (Plaintiffs' Omnibus Response to

Defendants' 12(b)(2) Motions.  But, as explained at length in Rio Tinto's prior papers, that cannot support the exercise of jurisdiction, and nothing in *Fuld* changes that analysis. Dkt. 246 at 11-13; Dkt. 306 at 6-7; Dkt. 330 at 4-5, 6; Dkt. 371 at 2-5.

This Court, then, should refrain from "blessing [the] attenuated assertions of jurisdiction," made by Plaintiffs here, *Fuld* at *10, and instead respect the Supreme Court's command to limit its new interpretation of the Fifth Amendment to "only a subset of federal cases, such as those in which personal jurisdiction is—as in the PSJVTA—'authorized by a federal statute.'" *Id.* at *6.

## II.    *Fuld* Reaffirms The Constitutional Principles Underlying Defendants' 12(b)(6) Arguments.

With regard to the merits of this case, *Fuld* provides affirmative support for Defendants' argument that the structure of the United States Constitution precludes and preempts the application of Puerto Rico law to claims involving interstate and international emissions.

First, *Fuld* reaffirmed that there are "[i]nterstate federalism concerns" embedded in the Constitution and its structure, and that the "Constitution confers upon the *Federal* Government— and it alone—both nationwide and extraterritorial authority." *Id.* at *8 (emphasis added). "State sovereign authority is bounded by the States' respective borders." *Id.* While *Fuld* applied these principles to a personal jurisdiction analysis, the same principles underlie Defendants' argument that Plaintiffs' Puerto Rico claims are barred because Puerto Rico law cannot constitutionally be applied.  As shown in Defendants' Motion to Dismiss, Response to Plaintiffs' Objections to the R&R, and related materials, the same interstate federalism concerns preclude and preempt state law claims seeking redress for alleged injuries from interstate and international emissions.  *E.g.*, 235 at 44–48, Dkt. 346 at 9–17.

Second, *Fuld* held that federal statutes on matters of foreign policy represent "delicate judgments" that are "the prerogative of the political branches to make." *Id.* at *11 (quoting *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 273 (2018) (plurality opinion)).  This is aligned with the long

line of cases that teach that "federal courts must proceed cautiously when venturing into the international arena so as to avoid stepping on the toes of the political branches." *City of New York v. Chevron Corp.*, 993 F.3d 81, 102–03 (2d Cir. 2021) (collecting cases).

The statutes at issue in *Fuld* involve terrorism and national security, a quintessentially federal issue, just like global climate change, national and international energy policy, and related national security and foreign policy issues, all of which Plaintiffs' claims here implicate. As Defendants have argued, because Plaintiffs seek to impose liability for Defendants' global exploration, production, marketing, sale, and third-party combustion of fossil-fuel products in other nations because of their purported effect on a global phenomenon, they would necessarily affect the relations of the United States with other countries. *E.g.*, Dkt. 235 at 48–50; Dkt. 297 at 39–41. As the Second Circuit held in a materially identical climate change case, "[c]learly, the concerns animating [foreign affairs] decisions are present in" climate change tort cases. *City of New York*, 993 F.3d at 103. Where Plaintiffs' claims purport to "require [energy companies] to internalize the costs of climate change" caused by third-party consumers and other end-users around the world, they "would presumably affect the price and production of fossil fuels abroad" and "would also bypass the various diplomatic channels that the United States uses to address this issue." *Id.* As there, "[s]uch an outcome would obviously sow confusion and needlessly complicate the nation's foreign policy, while clearly infringing on the prerogatives of the political branches." *Id.* But— as *Fuld* reaffirmed—the Constitution and our federal structure allocates the power to control foreign relations solely to the federal government.

## CONCLUSION

*Fuld* reaffirms longstanding constitutional principles that support Defendants' arguments with regard to personal jurisdiction and on the merits. This Court should therefore dismiss all claims against all Defendants.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 27th day of June 2025.

**CERTIFICATE OF SERVICE:** We hereby certify that, on this same date, the foregoing joint motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

By: */s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
MCCONNELL VALDES LLC
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-2631
Facsimile: (787) 474-9201
Email: rcq@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: nmanne@susmangodfrey.com
Email: eharris@susmangodfrey.com

*Attorneys for Defendant*
*CHEVRON CORPORATION*


By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com



Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant*
*EXXON MOBIL CORPORATION*

17

By: s/*Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
Email: kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email: trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, TX 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*

By: s/ *David Indiano*
David Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912

Duke K. McCall, III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington D.C. 20004

*Attorneys for Defendant OCCIDENTAL PETROLEUM*
*CORPORATION*

By: *s/Carlos A. Rodriguez Vidal*
Carlos A. Rodriguez Vidal
USDC-PR Bar No. 201213
GOLDMAN ANTONETTI & CORDOVA, LLC
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 759-4117
Facsimile: (787) 767-9177
Email: crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: vhou@cgsh.com
Email: bmorag@cgsh.com

*Attorneys for Defendant BHP GROUP LIMITED*


By: *s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR Bar No. 219002
Jaime A. Torrens-Dávila
USDC-PR Bar No. 223810
Mónica Ramos Benítez
USDC-PR Bar No. 308405
FERRAIUOLI LLC
P.O. Box 195168
San Juan, Puerto Rico 00919
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
Email: jtorrens@ferraiuoli.com
Email: mramos@ferraiuoli.com

David Y. Livshiz (*pro hac vice*)
Noelle L. Williams (*pro hac vice*)
Jennifer E. King (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: david.livshiz@freshfields.com
Email: noelle.williams@freshfields.com

Email: jennifer.king@freshfields.com

Jennifer Loeb (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: jennifer.loeb@freshfields.com

*Attorneys for Defendant RIO TINTO PLC*


By: *s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
ADSUAR
P.O. Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: (787) 756-9000
Facsimile: (787) 756-9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

*Attorneys for Defendant BP P.L.C.*

By:  *s/ Carlos A. Valldejuly-Sastre*
Carlos A. Valldejuly-Sastre
USDC No. 209505
José J. Colón García
USDC No. 308010
O'NEILL & BORGES LLC
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: carlos.valldejuly@oneillborges.com
Email: jose.colon@oneillborges.com

Josh A. Cohen (*pro hac vice*)
David Sarratt (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
Fax: (415) 644-5628
jacohen@debevoise.com
dsarratt@debevoise.com

Maura K. Monaghan (*pro hac vice*)
Alexander Costin (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
mkmonaghan@debevoise.com
ajcostin@debevoise.com

*Attorneys for Defendant SHELL PLC*
*(f/k/a ROYAL DUTCH SHELL PLC)*

By:  *s/Ricardo F. Casellas Sánchez*
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco Street, Suite 400
San Patricio, Puerto Rico 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: rcasellas@cabprlaw.com
Email: hburgos@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: hallie.levin@wilmerhale.com

21

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*


By:  */s/ Ramon Dapena*
Ramón Dapena
Bar No. 125005
Iván Lladó
Bar No. 302002
MORELL CARTAGENA & DAPENA
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-1233
Facsimile: 787-723-8763
Email: ramon.dapena@mbcdlaw.com
Email: ivan.llado@mbcdlaw.com

Jeremiah J. Anderson (*pro hac vice*)
MCGUIREWOODS LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
Email: jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Email: bschmalzbach@mcguirewoods.com
*Attorneys for Defendant American Petroleum Institute*