# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO, <br><br> Plaintiffs, <br><br> v. <br><br> EXXONMOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100, <br><br> Defendants. | Civil Case No. 3:22-cv-01550-SCC-HRV <br><br> Re: <br> Consumer Fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment <br><br><br> ORAL ARGUMENT REQUESTED |

## DEFENDANTS' INFORMATIVE MOTION
## CONCERNING SUPPLEMENTAL AUTHORITY

**TO THE HONORABLE COURT:**

    **COME NOW** the undersigned Defendants, through their respective counsel, and respectfully inform this Honorable Court of the *Amicus* Brief the United States recently submitted in a climate change case pending before the Supreme Court of Maryland. In that case, captioned *Mayor*

1

*and City Council of Baltimore et al. v. B.P. P.L.C. et al.,* the United States supports affirming the dismissal of state law claims for injuries allegedly caused by global climate change against many of the same Defendants here. The United States argues—like Defendants here—that the plaintiffs' state-law claims are precluded by the structure of the United States Constitution and preempted by the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*. (the "CAA"). The federal constitutional and statutory grounds that the United States urges require affirmance are squarely presented in Defendants' Rule 12(b)(6) briefing here before the Magistrate Judge and in Defendants' Objections to the Magistrate Judge's Report and Recommendations to this Court. A true copy of the *Amicus* Brief is attached hereto as Exhibit A.

The action before the Maryland Supreme Court is the consolidation of three separate appeals from Maryland circuit courts dismissing climate change cases filed by the Mayor and City Council of Baltimore, the City of Annapolis, and the County of Anne Arundel (the "Maryland Plaintiffs"). The Maryland Plaintiffs asserted claims under Maryland state law for public and private nuisance, strict liability and negligent failure to warn, and trespass. *Amicus* Brief at 7. They alleged the defendants engaged in deceptive marketing, misrepresentations, and failed to warn of emission-related risks of using fossil fuel products, and were therefore responsible for an increase in the overall amount of greenhouse gas emissions in the atmosphere, which in turn exacerbated global climate change, which in turn caused harmful weather effects in Maryland. *Id*. at 7, 15. The Maryland circuit courts each dismissed those cases on the grounds that, *inter alia*, the claims are precluded by the structure of the U.S. Constitution and preempted by the CAA. *Id*. at 8. The Maryland Plaintiffs appealed those dismissals to the Maryland appellate court, after which both parties petitioned for the Maryland Supreme Court to bypass the court of appeals and hear the case directly. That petition was granted. The United States filed the *Amicus* Brief to

explain why the dismissal of the Maryland Actions should be affirmed. *Id*. at 3.

In its *Amicus* Brief, the United States explains that "[n]o one can plausibly dispute that states lack authority to decide how much greenhouse gas emissions in a neighboring state or foreign country are too much." *Id.* at 1. "Given that Plaintiffs' claims take aim at worldwide activities, these consolidated appeals implicate substantial federal interests." *Id.* at 2. "Extending Maryland law to redress climate-related harms caused by activities that overwhelmingly occurred beyond state and international borders would override policy choices made by the federal government and Maryland's sister states." *Id.* The United States' *Amicus* Brief demonstrates that the Constitution bars the Maryland Plaintiffs' claims because (1) the Constitution prohibits states from regulating extraterritorial activities that occur wholly within other states and countries, and (2) the claims would conflict with the nation's energy and foreign policies. *Id.* at 18-27. It also explains that the CAA preempts the claims because the CAA "occupies the field of interstate air pollution" and the claims conflict "with the text, structure, and objectives of the CAA's comprehensive regulatory framework." *Id.* at 9; *see id.* 8-17.

**Defendants here make the same arguments, showing that the Constitution's structure precludes and preempts the application of Commonwealth law in disputes involving interstate and international emissions.** Dkt. 235 at 43-50 (Defs' Jt. Rule 12(b)(6) Mot.); Dkt. 297 at 39-41 (Defs' Jt. Rule 12(b)(6) Reply); Dkt. 326 at 37-38 (Defs' Obj. to R&R); Dkt. 346 at 9-18 (Defs' Resp. to Pls.' Obj. to R&R); Dkt. 367 at 14-15 (Reply in Support of Obj. to R&R). The United States' *Amicus* Brief explains that the Maryland Plaintiffs' claims (which are similar to the Commonwealth claims here) are barred "under the principles of coequal state sovereignty and comity inherent in our Constitution's federal structure, and the Due Process Clause and Interstate Commerce Clause in particular." *Amicus* Brief at 22; *see id.* at 17-23. It further explains that

"even if the producers have some marginally related contacts with Maryland . . . [t]he 'mechanism' of Plaintiffs' harms are not those contacts but overwhelmingly out-of-state emissions" which are beyond the scope of a state's regulatory authority. *Id.* at 22-23.

**Like the United States, Defendants here also argue that Plaintiffs' claims are barred because they intrude on the foreign affairs powers entrusted exclusively to the federal government.** Dkt. 235 at 48-50; Dkt. 297 at 39–41; Dkt. 326 at 38; Dkt. 346 at 17-18; Dkt. 367 at 14-15. The United States' *Amicus* Brief demonstrates the broad and exclusive authority the federal government possesses over the Nation's foreign affairs, *Amicus* Brief at 24-25, including its longstanding balancing of an array of policy interests relating to climate change, *id.* at 25-27. It also notes that the Maryland Plaintiffs' claims "conflict with . . . federal policies" to bolster energy production. *Id.* at 27. Further, "even if there is no conflict, the claims would still effectively regulate wholly foreign energy activities to redress global greenhouse effects—far afield from any area of traditional state or local responsibility"—and thus would still be barred. *Id.*

**Like the United States, Defendants also argue that the Clean Air Act preempts Plaintiffs' claims.** Dkt. 235 at 50-52; Dkt. 297 at 41–43; Dkt. 326 at 37-38; Dkt. 346 at 9-17; Dkt. 367 at 14-15. As explained in the United States' *Amicus* Brief "[t]he CAA preempts state law claims like Plaintiffs' claims . . . that effectively regulate out-of-state emissions because of their alleged effects on the global climate." *Id.* at 9. This is because "[t]he CAA occupies the field of interstate air pollution, and Plaintiffs' state tort claims conflict with the text, structure, and objectives of the CAA's comprehensive regulatory framework." *Id.*; *see also id.* at 8-17. Like the Plaintiffs here, the Maryland Plaintiffs' attempt to characterize their claims "as targeting deceptive marketing" does not avoid preemption, because any finding that the marketing was tortious necessarily brings state law into conflict with the CAA. For example, the determination that the conduct created a

4

nuisance would require finding an "'unreasonable' 'interfere[nce]' [which] would necessarily entail a judgment that the products were the source of too much out-of-state air pollution," but the CAA vests that determination with EPA. *Id.* at 15–16. Similarly, for Plaintiffs to succeed on their failure to warn claims, this Court would need to find that Defendants' fossil fuel products are "dangerous," but that determination would require the Court to assess the level at which greenhouse gas emissions are "not reasonably safe"—and that "is a judgment the CAA vests with EPA and the states where the pollution originates." *Id.* at 16. The United States also argues that the Maryland Plaintiffs' trespass claims must fail because "permission" is a defense to trespass, and that turns on whether the products "caused more air pollution than what was permi[tted] by the CAA." *Id.*

Accordingly, the United States' *Amicus* Brief supports Defendants' position that the Court should dismiss Plaintiffs' Puerto Rico law claims because they are barred by the Constitution's structure, the federal government's exclusive authority over foreign affairs, and the Clean Air Act.

**WHEREFORE**, Defendants respectfully request the Honorable Court to take notice of the *Amicus* Brief submitted herewith and the position of the United States as set forth therein.

**CERTIFICATE OF SERVICE:** We hereby certify that, on this same date, the foregoing joint motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of July 2025.

By: */s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera

USDC-PR Bar No. 230807
MCCONNELL VALDES LLC
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-2631
Facsimile: (787) 474-9201
Email: rcq@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: nmanne@susmangodfrey.com
Email: eharris@susmangodfrey.com

*Attorneys for Defendant*
*CHEVRON CORPORATION*


By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor

6

208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant*
*EXXON MOBIL CORPORATION*


By: s/*Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
Email: kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email: trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, TX 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*


By: s/ *David Indiano*
David Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912

Duke K. McCall, III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington D.C. 20004

*Attorneys for Defendant OCCIDENTAL PETROLEUM CORPORATION*


By: *s/Carlos A. Rodriguez Vidal*
Carlos A. Rodriguez Vidal
USDC-PR Bar No. 201213
GOLDMAN ANTONETTI & CORDOVA, LLC
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 759-4117
Facsimile: (787) 767-9177
Email: crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: vhou@cgsh.com

Email: bmorag@cgsh.com

*Attorneys for Defendant BHP GROUP LIMITED*

By: *s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR Bar No. 219002
Jaime A. Torrens-Dávila
USDC-PR Bar No. 223810
Mónica Ramos Benítez
USDC-PR Bar No. 308405
FERRAIUOLI LLC
P.O. Box 195168
San Juan, Puerto Rico 00919
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
Email: jtorrens@ferraiuoli.com
Email: mramos@ferraiuoli.com

David Y. Livshiz (*pro hac vice*)
Noelle L. Williams (*pro hac vice*)
Jennifer E. King (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: david.livshiz@freshfields.com
Email: noelle.williams@freshfields.com
Email: jennifer.king@freshfields.com

Jennifer Loeb (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: jennifer.loeb@freshfields.com

*Attorneys for Defendant RIO TINTO PLC*

By: *s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa

USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
ADSUAR
P.O. Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: (787) 756-9000
Facsimile: (787) 756-9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

*Attorneys for Defendant BP P.L.C.*


By:  *s/ Carlos A. Valldejuly-Sastre*
Carlos A. Valldejuly-Sastre
USDC No. 209505
José J. Colón García
USDC No. 308010
O'NEILL & BORGES LLC
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: carlos.valldejuly@oneillborges.com
Email: jose.colon@oneillborges.com

Josh A. Cohen (*pro hac vice*)
David Sarratt (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
Fax: (415) 644-5628
jacohen@debevoise.com
dsarratt@debevoise.com

Maura K. Monaghan (*pro hac vice*)
Alexander Costin (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
mkmonaghan@debevoise.com
ajcostin@debevoise.com

*Attorneys for Defendant SHELL PLC*

*(f/k/a ROYAL DUTCH SHELL PLC)*

By:  s/*Ricardo F. Casellas Sánchez*
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco Street, Suite 400
San Patricio, Puerto Rico 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: rcasellas@cabprlaw.com
Email: hburgos@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

11

By: */s/ Ramon Dapena*
Ramón Dapena
Bar No. 125005
Iván Lladó
Bar No. 302002
MORELL CARTAGENA & DAPENA
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-1233
Facsimile: 787-723-8763
Email: ramon.dapena@mbcdlaw.com
Email: ivan.llado@mbcdlaw.com

Jeremiah J. Anderson (*pro hac vice*)
MCGUIREWOODS LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
Email: jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Email: bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum Institute*