# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO,<br><br>Plaintiffs,<br><br>v.<br><br>EXXONMOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100,<br><br>Defendants. | Civil Case No. 3:22-cv-01550-SCC-HRV<br><br>Re:<br>Consumer Fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment |

## DEFENDANTS' SECOND INFORMATIVE MOTION CONCERNING SUPPLEMENTAL AUTHORITY

**TO THE HONORABLE COURT:**

**COME NOW** the undersigned Defendants, through their respective counsel, and respectfully inform this Honorable Court of an Order recently dismissing a similar climate change case in a South Carolina state court. Order Granting Defendants' Joint Motion to Dismiss Plaintiff's

1

Complaint for Failure to State a Claim and for Lack of Personal Jurisdiction, *City of Charleston v. Brabham Oil Company, Inc.*, Case No. 2020-CP-10-03975 (S.C. Ct. Common Pleas August 6, 2025) ("Charleston Order"). Addressing similar allegations and arguments as those raised here, the court granted defendants' joint motions to dismiss the complaint for failure to state a claim and for lack of personal jurisdiction, and dismissed, with prejudice, state law claims identical to several of the Puerto Rico law claims raised in this case. A true copy of the Charleston Order is attached hereto as Exhibit A.

Like Plaintiffs in this case, the City of Charleston sought to apply state tort law, including claims for private and public nuisance, and negligent and strict liability failure to warn predicated on allegedly deceptive marketing and political activity to "hold two dozen energy companies . . . liable . . . for harms allegedly arising from the effects of global greenhouse gas emissions and global climate change." Charleston Order at 1, 7. The Charleston Decision bears on numerous issues in this case, including those presented in Defendants' pending Rule 12(b)(6) Motions to Dismiss for failure to state a claim, Rule 12(b)(2) Motions to Dismiss for lack of personal jurisdiction, and Objections to the Magistrate Judge's Report and Recommendation.

**Constitutional Structure.** Like Defendants have argued here, the Charleston court determined that the structure of the United States Constitution precludes state-law claims seeking damages for injuries allegedly caused by out-of-state and international emissions. Charleston Order at 9. In this, the court expressly joined what it called "the 'growing chorus of state and federal courts across the United States, singing from the same hymnal, in concluding that the claims raised by [climate-change plaintiffs] are not judiciable by any state court' and that 'our federal structure does not allow . . . any State's law[] to address [these types of climate-change] claims.'" *Id.* at 2–3. The court noted that the "ranks of this chorus are swelling for sound public policy reasons," as

plaintiff's "almost limitless" theory of liability would allow virtually anyone to be a plaintiff and a defendant, thereby resulting in "a perpetual series of lawsuits that reset after every storm" and a list of potential plaintiffs that is "unbounded." *Id.* at 3.

The court explained that "although [p]laintiff's claims purport to be about deception, they are premised on, and seek redress for, the effects of greenhouse gas emissions." *Id.* at 2. This is so because "any alleged injury under [p]laintiff's claims necessarily relies on the cumulative effect of interstate and international emissions from global consumers" which purportedly exacerbated global warming and injured plaintiffs. *Id.* at 5. But "the federal Constitution's structure generally precludes and preempts states from using their own laws to resolve disputes involving interstate and international emissions because under 'the basic scheme of the Constitution,' these disputes are not 'matters of substantive law appropriately cognizable by the states.'" *Id.* Thus, the municipal plaintiff's "attempt to hold [d]efendants liable for violating [state] law based on conduct and activities that took place in other states is constitutionally prohibited." The court further explained that, as longstanding Supreme Court precedent teaches, absent a single federal standard, the potential for "conflicting state standards" in such interstate cases "would hamstring national energy production." *Id.* at 14. And—as to international emissions—multiple standards "would 'needlessly complicate the nation's foreign policy, while clearly infringing on the prerogatives of the [federal government's] political branches.'" *Id.* at 14, 19 (quoting *City of New York v Chevron Corp.*, 993 F.3d 81, 103 (2021)); *see also id.* at 19 ("'Power over external affairs is not shared by the States; it is vested in the national government exclusively.'… States lack the power to regulate international activities or foreign policy and affairs, and such matters 'must be treated exclusively as an aspect of federal law.'" (quoting *United States v. Pink*, 315 U.S. 203, 233 (1942))).[1]

---

[1] The court also criticized the *Honolulu* and *Boulder* decisions (which had rejected a constitutional bar to similar climate change claims) because such "decisions rely on the notion that the CAA has displaced federal common law,

The same reasoning applies here. As Defendants have explained, the Constitution's structure precludes and preempts the application of Puerto Rico law to disputes involving interstate and international emissions. Dkt. 235 at 43–48 (Defs.' Jt. Rule 12(b)(6) Mot.); Dkt. 297 at 30–39 (Defs.' Jt. Rule 12(b)(6) Reply); Dkt. 326 at 1–2, 37–38 (Defs.' Objs. to R&R); Dkt. 346 at 9–17 (Defs.' Jt. Responses to Pls' Objs.). Similarly, Defendants also expressly argue that Plaintiffs' claims are barred because they intrude on the foreign affairs powers constitutionally entrusted exclusively to the political branches of the federal government. Dkt. 235 at 48–50 (Defs.' Jt. Rule 12(b)(6) Mot.); Dkt. 297 at 39–41 (Defs.' Jt. Rule 12(b)(6) Reply); Dkt. 326 at 38 (Defs.' Objs. to R&R); Dkt. 346 at 17–18 (Defs.' Jt. Responses to Pls.' Objs.).

**Clean Air Act ("CAA").** The Charleston court also held that the City's claims were "preempted by the CAA, which 'preempts state law to the extent a state attempts to regulate air pollution originating in other states.'" *Id.* at 21 (quoting *State ex rel. Jennings v. BP Am. Inc.*, 2024 WL 98888, at *10 (Del. Super. Ct. Jan. 9, 2024)). The court explained that, "[t]hrough the CAA, Congress evaluated and balanced the societal harms and benefits associated with extraction, production, processing, transportation, sale, and use of fossil fuels. And Congress has already comprehensively regulated fossil fuels and greenhouse gas emissions through an 'informed assessment of competing interests,' including the 'environmental benefit potentially achievable' and 'our Nation's energy needs and the possibility of economic disruption.'" *Id.* at 21 (quoting *American Electric Power Co. v. Connecticut*, 564 U.S. 410, 427 (2011) ("*AEP*")). The court concluded that the plaintiff's claims fundamentally conflicted with the CAA. It explained that "[p]laintiff's entire

---

while failing to account for the fact that the plaintiffs' theory of causation and damages hinges on transboundary emissions, to which only federal law can apply." Charleston Order at 16. Indeed, "[i]t is *the U.S. Constitution and its federal structure* that precludes and preempts state-law claims seeking redress for injuries allegedly caused by the effects of interstate and international pollution." *Id.* Thus, "whether Congress has displaced federal common law" is irrelevant to whether state law—or here, Puerto Rico law—can apply. *Id.*

theory"—while ostensibly focused on marketing and political activities—ultimately "rests on the notion that [d]efendants should be held liable for statements or actions that allegedly caused the level of emissions to increase to some excessive level beyond what they otherwise would have been" and "seeks to impose massive financial liability on [d]efendants for allegedly causing these increased out-of-state emissions, without regard to whether such emissions complied with all applicable requirements under the CAA regulatory regime administered by the EPA." *Id.* at 23–24. Accordingly, such claims are preempted. *Id.* "[R]egulation via tort law 'cannot be reconciled with the decision-making scheme Congress enacted." *Id*. at 23 (quoting *AEP*, 564 U.S. at 429). "Under the CAA, 'Congress designated an expert agency, . . . EPA, as best suited to serve as primary regulator of greenhouse gas emissions.'" *Id.* (quoting *AEP*, 564 U.S. at 428). The court underscored that "[i]t is not for this Court—or any other court—to second-guess or undermine those emissions limits, either directly or indirectly, because '[t]he expert agency is surely better equipped to do the job than individual district judges issuing ad hoc, case-by-case injunctions.'" *Id*. at 23 (quoting *AEP*, 564 U.S. at 428).

Plaintiffs' claims here are preempted and precluded by the CAA for these same reasons. Dkt. 235 at 50–52 (Defs' Jt. Rule 12(b)(6) Mot.); Dkt. 297 at 41–43 (Defs' Jt. Rule 12(b)(6) Reply); Dkt. 326 at 1, 37–38 (Defs.' Objs. to R&R); Dkt. 346 at 19–21 (Defs.' Jt. Responses to Pls.' Objs.).

**Statutes of Limitations.** The court also dismissed all claims on statute of limitations grounds, including a three-year statute of limitations dating back to September 9, 2017. *See* Charleston Order at 27–30. While the *Charleston* plaintiff, like Plaintiff here, had alleged that defendants engaged in a supposed multi-decade "campaign of deception" involving (1) discrediting climate change science and (2) so-called "greenwashing" that purportedly "continues today," the court dismissed all claims because the alleged "campaign" was purportedly carried out in

5

public view and because the plaintiff had been on notice of the alleged link between fossil fuels and climate change through "widely reported . . . press coverage," "congressional testimony," and "reports by the Intergovernmental Panel on Climate Change." *Id.* at 27–29. The court further observed that the municipal plaintiff "is a sophisticated actor that has deep familiarity with climate change" and that it "defies belief that [p]laintiff and its officers were not aware of—or should not reasonably [have] been aware of—the numerous news articles with broad local circulation laying out the alleged climate risks that [p]laintiff alleges [d]efendants failed to disclose." *Id.* at 29. The court found that "[a]ny assertion that [p]laintiff was not on reasonable notice of the facts giving rise to its claims by September 2017 is belied by its own allegations." *Id.* at 30. The court also rejected the application of the continuing tort doctrine to such allegations, reasoning that:

> Plaintiff argues that [d]efendants are engaged in a "continuing tort" in the form of a purported conspiracy akin to those alleged against tobacco companies. This theory fails as well. Plaintiff does not allege a continuing tort. Rather, [p]laintiff relies on allegations of disconnected acts and statements by various entities—some of which are not even defendants here—in different times and places. Far from being "continuing," [p]laintiff's allegations fall into at least two general categories: (1) alleged denials of climate science in the 1990s and 2000s, and (2) "greenwashing" statements in more recent years. The only apparent common thread is that these are statements and acts with which [p]laintiff disagrees. Plaintiff first seeks to impose liability for alleged statements that the threat of climate change was exaggerated and then, seeks to impose liability for more recent statements that [d]efendants were taking efforts to address climate change.

Charleston Order at 30.

As Defendants have argued here, Plaintiffs' claims are barred by a one- or four-year statute of limitations, depending on the specific claims, because Plaintiffs' claims accrued before November 2021 or November 2018, respectively. Dkt. 235 at 11–17 (Defs' Jt. Rule 12(b)(6) Mot.); Dkt. 297 at 4–11 (Defs' Jt. Rule 12(b)(6) Reply); Dkt. 326 at 23–32 (Defs' Objs. to R&R); Dkt. 346 at 21–24 (Defs.' Jt. Responses to Pls.' Objs.).

**Nuisance and Failure to Warn Claims**. The Charleston court also dismissed the City's

nuisance and failure to warn claims on state-law grounds, many of which—as the Magistrate Judge agrees—are equally applicable to Plaintiffs' claims here. As for nuisance, the court explained that "South Carolina has not recognized private- or public-nuisance claims based on the production, promotion, transportation, sale, and use of lawful consumer products," and that "both [p]laintiff's private- and public-nuisance claims fail for the additional reason that [d]efendants did not control the instrumentality alleged to cause the nuisance." Charleston Order at 32. And the Court also held that the failure to warn claims failed for at least three independent reasons: (1) "the alleged environmental consequences of global reliance on oil and gas were well known to [p]laintiff and the public," *id.* at 33 (2) rather than focusing on "purchases of products," the complaint "focuses on [d]efendants' alleged speech aimed at legislators, regulators, and voters . . . concerning policy messages with which [p]laintiff disagrees," but "South Carolina law does not require producers of lawful products to warn the world about the need to adopt policy measures favored by one perspective in a complex policy debate," *id.* at 35, and (3) "[p]laintiff does not even allege that it purchased [d]efendants' products directly," *id.* at 36.

Here, Defendants made similar arguments in support of dismissal of Plaintiffs' nuisance and failure to warn claims, with which the Magistrate Judge agreed in recommending dismissal of Plaintiffs' Puerto Rico-law claims. Dkt. 235 at 57–59 (Defs.' Jt. Rule 12(b)(6) Mot.); Dkt. 297 at 44–45 (Defs.' Jt. Rule 12(b)(6) Reply).

**Personal Jurisdiction.** The Charleston court also concluded that the court lacks personal jurisdiction over the out-of-state defendants because the plaintiff's claims do not "arise out of or relate to" defendants' alleged activities *in the forum State*, and because exercising personal jurisdiction over defendants would be unreasonable under the Due Process Clause. The court explained that the plaintiff "does not (and cannot) allege that the use of any [d]efendant's oil and gas products

7

in [the forum State] caused global climate change and [p]laintiff's alleged injuries. [The forum State] accounts for only a small fraction of global greenhouse gas emissions, and [p]laintiff's alleged injuries would be the same if [d]efendants had never sold or promoted any such products in [the forum State]." *Id*. at 42. In addition, the court concluded that "exercising personal jurisdiction over [d]efendants would be constitutionally unreasonable and conflict with principles of federalism" given the extent of the alleged conduct occurring out-of-state. *Id*. at 42.

Here, Defendants made these same arguments regarding the Court's lack of personal jurisdiction in the various Rule 12(b)(2) briefs and Objections to the Magistrate Judge's Report and Recommendation. Dkt. 234 at 9–21 (Defs.' Jt. Rule 12(b)(2) Mot.); ; Dkt. 296 at 3–15 (Defs.' Jt. Rule 12(b)(2) Mot. Reply); Dkt. 326 at 32–36 (Defs' Objs. to R&R).

\*   \*   \*

Ultimately, the Charleston court concluded:

> [T]he federal constitutional structure and CAA preclude and preempt the application of state law to Plaintiff's claims. Additionally, the Court concludes that Plaintiff's Complaint fails to state a claim for relief under South Carolina law. Finally, the Court concludes that it lacks personal jurisdiction over the out-of-state [d]efendants for the claims asserted. And because no amendment to Plaintiff's Complaint can cure the fundamental flaws and deficiencies in Plaintiff's claims, the Court concludes that the Complaint should be dismissed ***with prejudice***.

Charleston Order at 42 (emphasis added). Accordingly, the Charleston Order supports Defendants' position that this Honorable Court should dismiss Plaintiffs' claims because: (1) they are barred by the Constitution's structure, the federal government's exclusive authority over foreign affairs, and the Clean Air Act; (2) the nuisance and failure to warn claims fail as a matter of Puerto Rico law; (3) all claims are time-barred; and (4) the Court lacks personal jurisdiction over nonresident defendants.

**WHEREFORE**, Defendants respectfully request the Honorable Court to take notice of the

Order submitted herewith and the determinations of the South Carolina court as set forth therein.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing joint motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day of August 2025.

By: */s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
MCCONNELL VALDES LLC
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-2631
Facsimile: (787) 474-9201
Email: rcq@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

        Neal S. Manne (*pro hac vice* forthcoming)
        Erica Harris (*pro hac vice* forthcoming)
        SUSMAN GODFREY LLP
        1000 Louisiana Street, Suite 5100
        Houston, TX 77002
        Telephone: (713) 651-9366
        Facsimile: (713) 654-6666
        Email: nmanne@susmangodfrey.com
        Email: eharris@susmangodfrey.com

*Attorneys for Defendant*
*CHEVRON CORPORATION*


By: *s/ Néstor M. Méndez Gómez*
Néstor M. Méndez Gómez
USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant*
*EXXON MOBIL CORPORATION*

By: s/*Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
Email: kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email: trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, TX 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*


By: s/ *David Indiano*
David Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912

Duke K. McCall, III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington D.C. 20004

*Attorneys for Defendant OCCIDENTAL PETROLEUM*

11

*CORPORATION*

By: *s/Carlos A. Rodriguez Vidal*
Carlos A. Rodriguez Vidal
USDC-PR Bar No. 201213
GOLDMAN ANTONETTI & CORDOVA, LLC
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 759-4117
Facsimile: (787) 767-9177
Email: crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: vhou@cgsh.com
Email: bmorag@cgsh.com

*Attorneys for Defendant BHP GROUP LIMITED*


By: *s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR Bar No. 219002
Jaime A. Torrens-Dávila
USDC-PR Bar No. 223810
Mónica Ramos Benítez
USDC-PR Bar No. 308405
FERRAIUOLI LLC
P.O. Box 195168
San Juan, Puerto Rico 00919
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
Email: jtorrens@ferraiuoli.com
Email: mramos@ferraiuoli.com

David Y. Livshiz (*pro hac vice*)
Noelle L. Williams (*pro hac vice*)
Jennifer E. King (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street

      New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: david.livshiz@freshfields.com
Email: noelle.williams@freshfields.com
Email: jennifer.king@freshfields.com

Jennifer Loeb (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: jennifer.loeb@freshfields.com

*Attorneys for Defendant RIO TINTO PLC*

By: *s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
ADSUAR
P.O. Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: (787) 756-9000
Facsimile: (787) 756-9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

*Attorneys for Defendant BP P.L.C.*

By:  *s/ Carlos A. Valldejuly-Sastre*
Carlos A. Valldejuly-Sastre
USDC No. 209505
José J. Colón García
USDC No. 308010
O'NEILL & BORGES LLC
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: carlos.valldejuly@oneillborges.com
Email: jose.colon@oneillborges.com

Josh A. Cohen (*pro hac vice*)

David Sarratt (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
Fax: (415) 644-5628
jacohen@debevoise.com
dsarratt@debevoise.com

Maura K. Monaghan (*pro hac vice*)
Alexander Costin (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
mkmonaghan@debevoise.com
ajcostin@debevoise.com

*Attorneys for Defendant SHELL PLC*
*(f/k/a ROYAL DUTCH SHELL PLC)*

By:  *s/Ricardo F. Casellas Sánchez*
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco Street, Suite 400
San Patricio, Puerto Rico 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: rcasellas@cabprlaw.com
Email: hburgos@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*


By: */s/ Ramon Dapena*
Ramón Dapena
Bar No. 125005
Iván Lladó
Bar No. 302002
MORELL CARTAGENA & DAPENA
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-1233
Facsimile: 787-723-8763
Email: ramon.dapena@mbcdlaw.com
Email: ivan.llado@mbcdlaw.com

Jeremiah J. Anderson (*pro hac vice*)
MCGUIREWOODS LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
Email: jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Email: bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum Institute*