**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPALITY OF BAYAMON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EXXON MOBIL CORP., et al.,<br><br>  Defendants. | CIVIL NO.: 22-1550 (SCC-HRV) |

**SECOND MOTION FOR CONSOLIDATION OF CASES**

**TO THE HONORABLE COURT:**

The Municipality of San Juan (hereinafter "San Juan"), through their undersigned counsel, respectfully state and pray as follows:

**1.** The Municipality of San Juan again moves this Court, pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure (Fed.R.Civ.P. 42(a)(2)) and Local Rule 42 (L.Cv.R. 42 (D.P.R. 2023)), to consolidate this civil action with *The Municipality of San Juan Puerto Rico v. Exxon Mobil Corp. et al*, Civil Case No. 23-1608 (ADC) (hereinafter the "Related Case" and/or "Case No. 23-1608"), for all purposes.

**2.** The two cases are appropriate for consolidation for the following reasons:

**a.** The two cases involve common questions of law. The plaintiffs in both cases seek to impose liability on defendants who misrepresented the dangers of the carbon-based products which they marketed and sold despite their early awareness of the devastation they would cause in Puerto Rico and, in particular, to its Municipalities under the same fourteen Causes of Action. (See Docket No. 205, at p5 ¶2 and compare to Case No.

23-1608, Docket No. 1, at p4 ¶2; and Docket No. 205, at pp25-62 ¶¶73-211 and compare to Case No. 23-1608, Docket No. 1, at pp15-47 ¶¶35-168).

**b.**     The two cases involve common questions of fact because both arise from the same factual situation; including the fact that plaintiffs in both actions are governmental entities formed as municipalities within and in accordance with the laws of the Commonwealth of Puerto Rico (See Docket No. 205, at pp15-25 ¶¶26-72 and compare to Case No. 23-1608, Docket No. 1, at pp13-15 ¶¶24-34); and the defendants in both actions are the same[1] (See Docket No. 205, at pp25-62 ¶¶73-211 and compare to Case No. 23-1608, Docket No. 1, at pp15-47 ¶¶35-168).

**c.**     As an example of wasted resources by **not** having the cases consolidated, Your Honor referred the dispositive motions to Magistrate Judge Héctor L. Ramos, who entered a 93-page Report and Recommendation on February 20, 2025 (D.E. 315) in this case. Her Honor Aida Delgado then proceeded to refer the similar pending dispositive motions in the other case also to Magistrate Ramos, Docket 222, which resulted in a very similar, non-contradictory Report and Recommendation of 80 pages in the newer case with the Municipality of San Juan at Docket 239. The objections to the Reports and Recommendation to both similar documents by the same parties and lawyers in both cases ensued.

**d.**     Judicial convenience and economy will be promoted by

---

[1] Except for the American Petroleum Institute, which was added as a defendant in this case upon the filing of the Amended Complaint (Docket No. 205).

2

consolidation of the actions. Consolidation will result in one trial which will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the defendants, the plaintiffs in both actions, witnesses who would otherwise be required to testify in two cases, and this Honorable Court.

**e.** Consolidation will prevent contradictory rulings.

**f.** Consolidation will not delay the final disposition of this matter as neither case has entered the discovery stage and there are pending similar dispositive motions in both cases.

**g.** Finally, we are confident that this consolidation would not be much of an additional burden on your Honor, as the orders in both cases would be mirrored due to the identity of issues presented by similar parties.

3. Moreover, at the outset, the Municipality of San Juan listed the present case as a "RELATED CASE" in its Civil Cover Sheet filed with its Complaint in the Related Case. (See Case No. 23-1608, Docket No. 1-1, §VIII).

4. The presiding judge in the Related Case, Honorable Judge Aida M. Delgado-Colón, has already expressed her opinion that "consolidation of the two cases is proper" and noted the fact that "both parties have repeatedly shown interest in having scheduling uniformity between the ongoing procedures in Case No. 22-1550 and those before this Court." (*See* Case No. 23-1608, Docket No. 64, at p2).

5. In said Order, Honorable Judge Delgado-Colón granted the parties to the Related Case an opportunity "to express their respective positions on whether consolidation should proceed." Id.

**6.** Consequently, on May 30, 2024, the herein appearing Municipality of San Juan filed *MOTION IN COMPLIANCE WITH ORDER OF THE COURT AT DOCKET ENTRY 64 PURSUANT TO FRCP 42(A)* (Case No. 23-1608, Docket No. 65), whereby it stated its agreement with the opinion of Judge Delgado-Colón regarding the consolidation of both cases.

**7.** Under Fed.R.Civ.P. 42(a)(2), this Honorable Court may consolidate actions before the court that involve common questions of law and/or fact, and as per L.Cv.R. 42, consolidation is proper in the present case, which is the earlier of the two actions.

**WHEREFORE**, the Municipality of San Juan respectfully requests from this Honorable Court that this second motion for consolidation be granted and that this civil action be consolidated with *The Municipality of San Juan Puerto Rico v. Exxon Mobil Corp. et al*, Civil Case No. 23-1608 (ADC), for all purposes.

In San Juan, Puerto Rico, this 21st day of August, 2025.

Respectfully submitted,

*s/ David Efron*
**DAVID EFRON**
USDC-PR 125701
*Attorneys for The Municipality of San Juan*
**LAW OFFICES DAVID EFRON, PC**
PO Box 29314
San Juan, PR 00929-0314
Tel. (787) 753-6455
Fax (787) 758-5515
efron@davidefronlaw.com