IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE MUNICIPALITIES OF BAYAMÓN, CAGUAS, LOÍZA, LARES, BARRANQUITAS, COMERÍO, CAYEY, LAS MARÍAS, TRUJILLO ALTO, VEGA BAJA, AÑASCO, CIDRA, AGUADILLA, AIBONITO, MOROVIS, MOCA, BARCELONETA, CAMUY, CATAÑO, SALINAS, ADJUNTAS, ARROYO, CULEBRA, DORADO, GUAYNABO, HORMIGUEROS, JUNCOS, LAJAS, MANATÍ, NAGUABO, NARANJITO, UTUADO, VILLALBA, COAMO, OROCOVIS, VIEQUES, and YABUCOA on behalf of themselves and others similarly situated, known as the MUNICIPALITIES OF PUERTO RICO, <br><br> Plaintiffs, <br><br> v. <br><br> EXXONMOBIL CORP, SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, CHEVRON CORP, BP PLC, CONOCOPHILLIPS, MOTIVA ENTERPRISES LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP, BHP, RIO TINTO PLC, AMERICAN PETROLEUM INSTITUTE, XYZ CORPORATIONS 1-100, and JOHN AND JANE DOES 1-100, <br><br> Defendants. | Case No. 3:22-cv-01550-SCC-HRV <br><br> Re: <br><br> Consumer Fraud; Deceptive Business Practices; Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1962; Sherman Act, 15 U.S.C. § 1 et seq.; Public Nuisance; Strict Liability – Failure to Warn; Strict Liability – Design Defect; Negligent Design Defect; Private Nuisance; Unjust Enrichment |

**DEFENDANTS' JOINT RESPONSE TO NON-PARTY MUNICIPALITY OF SAN JUAN'S SECOND MOTION FOR CONSOLIDATION**

TO THE HONORABLE COURT:

Defendants, through their respective counsel, hereby submit this response in partial opposition to the *Second Motion to Consolidate Cases* filed by non-party Municipality of San Juan ("San Juan"), Dkt. No. 405, which seeks to consolidate the case captioned *Municipality of San*

1

*Juan v. Exxon Mobil Corporation et al.*, No. 23-cv-01608-ADC (the "*San Juan* case") with this action (the "*Bayamón* case"). In support of this response, Defendants state and pray as follows:

## **PRELIMINARY STATEMENT**

While the *San Juan* case involves similar issues of fact and law as *Bayamón*, there are material differences between the two cases that not only make consolidation inappropriate, but would burden and prejudice Defendants without yielding an efficient use of judicial resources. Instead, a more prudent approach may be to assign both cases to the same District Judge for resolution of the pending motions to dismiss and coordination of any future deadlines.[1]

Defendants previously opposed both consolidation and transfer of the *San Juan* case to this Court because, at the time San Juan initially sought to consolidate, Dkt. No. 286, existing issues in that case that would have made coordination inefficient and prejudicial to Defendants. *See* Dkt. No. 288. For example, at that time, San Juan had only purported to serve a few Defendants, had missed its deadline to file oppositions to certain motions to dismiss, and Defendants' motion to have their motions to dismiss deemed unopposed was pending. *See id.* While the Court ultimately allowed San Juan to file untimely oppositions, those missed deadlines and additional misconduct related to San Juan's plagiarism of the briefs and filings in the *Bayamón* case ultimately prompted the Court to impose sanctions against San Juan's counsel and open a separate disciplinary procedure to address the plagiarism. *See San Juan* Case, Dkt. Nos. 158, 160, 161, 167 (Order to Show Cause), 193 (Order for Sanctions).

Now, however, Defendants' various Motions to Dismiss in the *San Juan* case, as here, have

---

[1] The named Defendants in the *Bayamón* and *San Juan* cases are identical with the exception of Defendant American Petroleum Institute, which is not a defendant in the *San Juan* case.

2

been fully briefed, the Magistrate Judge has issued a similar Report and Recommendation suggesting that Defendants' Motions be granted in part and denied in part, and both parties' objections to that Report and Recommendation have been submitted.[2] While the two cases are similar, there are material differences, discussed below, that include (i) different operative complaints, (ii) different named parties (API is a named party in only this case), (iii) different dispositive issues that merit independent consideration, and (iv) different affirmative defenses. Because of these material differences, Defendants continue to oppose San Juan's request to consolidate its case with this one because the differences between the two cases would render formal consolidation inefficient. But Defendants would not oppose transfer of the *San Juan* case for resolution of the pending motions to dismiss and for coordination of future deadlines between the two cases.

## RELEVANT PROCEEDINGS IN THE *SAN JUAN* CASE

**A.     Defendants' Motions to Dismiss, San Juan's Untimely Oppositions, and the Magistrate Judge's Report and Recommendation**

1.     San Juan filed its Complaint on December 13, 2023, more than a year after this case was filed. *See San Juan* Case, Dkt. No. 1.

2.     On April 8, 2024, the Defendants that had been served (the "Domestic Defendants") filed joint and individual motions to dismiss and related motions, including a request for judicial notice of certain publicly available documents that demonstrated San Juan's claims were untimely. *See San Juan* Case, Dkt. Nos. 28, 31–32, 34–37, 39.

3.     As recounted in Defendants' Response to San Juan's First Motion to Consolidate, Dkt. No. 288, San Juan's oppositions to the Motions to Dismiss were due on April 22, 2024. *See*

---

[2] The *San Juan* Defendants have moved for leave to file replies in support of their objections and have proffered those replies. *San Juan* Case, Dkt. Nos. 281, 281-1, 282, 282-1, 283–289. That motion and the replies are pending, but the *San Juan* Objections are otherwise fully briefed.

L. Civ. R. 7(b). San Juan neither timely opposed the Motions to Dismiss nor requested additional time to respond. Dkt. No. 288 at 2–3.

4. After Defendants requested that their Motions to Dismiss be deemed unopposed, *San Juan* Case, Dkt. No. 41, San Juan belatedly requested an extension of time to respond to those Motions, Dkt. No. 42. Eventually, after further briefing, the Court in the *San Juan* Case allowed San Juan to file oppositions to Defendants' Motions to Dismiss. *See San Juan* Case, Dkt. Nos. 63, 72–73.

5. In the interim, San Juan served the remaining Defendants (the "Foreign Defendants," together with the Domestic Defendants, "Defendants"). The Foreign Defendants joined the Domestic Defendants' pending joint motion to dismiss and filed their own individual motions to dismiss. *San Juan* Case, Dkt. Nos. 119–123, 148–149.

6. On April 21, 2025, San Juan opposed the Foreign Defendants' Motions to Dismiss. *San Juan* Case, Dkt. Nos. 180, 182–185; *see also* Dkt. Nos. 153–54 (stricken oppositions to Foreign Defendants' motions filed on February 28, 2025). All Defendants filed replies in support of their motions in May 2025. *San Juan* Case, Dkt. Nos. 203, 208, 212–213, 215–220.

7. On May 21, 2025, Judge Delgado-Colón referred the Motions to Dismiss to Magistrate Judge Ramos-Vega for a Report and Recommendation. *San Juan* Case, Dkt. No. 222.

8. On July 22, 2025, Magistrate Judge Ramos-Vega issued a Report and Recommendation recommending that Defendants' Motions to Dismiss be granted in part and denied in part. *San Juan* Case, Dkt. No. 239. Specifically, that Report and Recommendation recommended dismissing San Juan's Puerto Rico-law claims and its claims under 18 U.S.C. § 1962(a) and (b) and denying the Motions to dismiss as to San Juan's remaining claims. *Id.*

9. On August 5, 2025, Defendants filed joint objections to the Report and Recommendation, *San Juan* Case, Dkt. No. 247, as well as individual objections, *San Juan* Case, Dkt. Nos. 243–246, 248–252. In those objections, Defendants argued, among other things, that the Magistrate Judge improperly held that San Juan's Puerto Rico-law claims were not preempted by federal law, that the statute of limitations had not run on San Juan's claims, and that San Juan had properly pleaded its remaining claims. *See generally San Juan* Case, Dkt. Nos. 243–252. Defendants also objected to the Magistrate Judge's proposed finding of personal jurisdiction. San Juan also filed objections to the Report and Recommendation. *San Juan* Case, Dkt. No. 242.

10. Defendants and San Juan filed responses to each side's respective objections on August 19, 2025, *San Juan* Case, Dkt. Nos. 266–279, and Defendants moved for leave to file replies in support of their objections and proffered those replies on August 26, 2025, *San Juan* Case, Dkt. Nos. 281, 281-1, 282, 282-1, 283–289.

11. Other than the pending motion for leave to file replies in support of Defendants' objections, Defendants' Motions to Dismiss and the parties' objections to the Magistrate Judge's Report and Recommendation have now been fully briefed.

**B.     The Court Sanctions San Juan's Counsel for Missing Deadlines and Plagiarism**

12. During the proceedings in the *San Juan* case, counsel for San Juan repeatedly missed filing deadlines and failed to respond to requests from Defendants' counsel to discuss case deadlines. *See San Juan* Case, Dkt. No. 167 at 2–10 (Order to Show Cause). Additionally, nearly everything San Juan filed in the action was plagiarized from briefs filed by Plaintiffs in the *Bayamón* case, and contained numerous statements that plainly could not apply to the *San Juan* case, including references to a purported "class action" even though the *San Juan* case was not styled as a class action. *Id.* at 20–23 (finding "attorney misconduct and an ethical violation" because San Juan's counsel "lifted not only the entire theory of San Juan's case . . . but went so far

5

to use virtually the same words and ideas").

13. As a result of San Juan counsel's conduct, which is described in more detail in Judge Delgado-Colón's April 9, 2025 Opinion and Order, *id.* at 2–10, the Court reprimanded San Juan's counsel, imposed $7,000 monetary sanctions, *San Juan* Case, Dkt. No. 193 (Order for Sanctions), and instructed the Clerk of the Court to "provide notice of th[e] Opinion and Order [to Show Cause] to Mayor Miguel Romero and the Honorable Gloria Escudero Morales, the President of the Municipal Legislature of San Juan," *San Juan* Case, Dkt. No. 167 at 23. Judge Delgado-Colón also referred San Juan's counsel to a separate proceeding to address the Court's "separate findings of plagiarism." *San Juan* Case, Dkt. No. 193 at 1.

## ARGUMENT

Now that Defendants' Motions to Dismiss and their objections to the Magistrate Judge's Report and Recommendation are fully briefed in both cases, it is clear that both the *Bayamón* Amended Complaint and the *San Juan* Complaint should be dismissed in their entirety. Because both actions involve similar questions of fact and law, Defendants recognize that their assignment to the same District Judge may save judicial resources. *Cf.* Local Rule 3A(b)(3) (deeming such actions "related").

Accordingly, Defendants do not oppose the *San Juan* case being reassigned or transferred to this Court solely for the coordination of future deadlines between the two cases. *See* Local Rule 3A(a)(2) ("[T]o further the efficient performance of the business of the court, a judge . . . may transfer the case to another judge if the receiving judge consents to the transfer."). Because this Court "intends to rule on the R&R and the pending motions sooner rather than later," Dkt. No. 396, and because the general rule is that cases are consolidated into "the first case filed within the cases identified," Local Rule 42, it is appropriate for the *San Juan* case to be transferred to this

Court. As Local Rule 3(A) provides a presiding judge with the authority over the transfer of their own cases, Defendants intend to file an informative motion to this effect in the *San Juan* proceeding.

However, Defendants do oppose formal consolidation because there are material differences between the two cases. For example, the actions were brought at different times and one of them is a putative class action that has been amended but the other one is not. In the First Circuit, consolidation may be appropriate if "the two proceedings involve a common party and common issues of fact or law" and the trial court determines the "benefits of consolidation" outweigh the costs. *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (emphasis omitted); *see United States v. Charter Int'l Oil Co.,* 83 F.3d 510, 516 n.7 (1st Cir. 1996) ("District courts may find . . . consolidation useful, if the cases so warrant, to expedite and clarify matters. But they are not required to do so."). "Even when consolidated . . . each case's individuality and distinctness will remain." *Norton Lilly Intl., Inc. v. Puerto Rico Ports Auth.*, No. CV 18-1012 (GAG), 2019 WL 13094747, at *2 (D.P.R. May 16, 2019) (citing *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 113 (1st Cir. 1990)). Here, to the extent both cases proceed past the pleadings (which they should not), formal consolidation would be inappropriate. The two cases involve (i) different operative complaints (San Juan's Complaint tracks the now-discarded initial complaint in this case), (ii) different named parties (API is a named party in only this case), (iii) different dispositive issues that merit independent consideration, and (iv) different affirmative defenses. Of particular note, San Juan filed its case more than a year after it was put on notice of its potential claims by the filing of the Complaint in this case, which renders the statute of limitations defense in *San Juan* distinct from *Bayamón*. Also, the Foreign Defendants in *San Juan* filed additional motions to dismiss, and San Juan failed to respond to (and therefore conceded)

7

even more arguments than the *Bayamón* plaintiffs did, including because San Juan filed copies of briefs filed by plaintiffs in this action that did not respond to all arguments raised by Defendants in the *San Juan* action. Moreover, this case is a putative class action while San Juan disclaimed the use of a class action by filing an individual action, so if this case proceeds to class discovery and class certification motions, the *San Juan* case may be delayed or need to be effectively re-severed. San Juan cannot downplay or ignore these material differences, which could require additional briefing and additional motions practice.

Rather than consolidation, transfer for coordination purposes (as Defendants propose here) is more fitting where, as here, there are distinct legal issues between the two cases. For example, in *Assured Guaranty Corp. v. Alejandro Garcia-Padilla*, Case No. 16-cv-1037-FAB (D.P.R.) and *Financial Guaranty Insurance, Co., v. Alejandro Garcia-Padilla, et al.*, Case No. 16-cv-1095-FAB (D.P.R.), the similar cases and motions were "handled jointly . . . but the cases [were] not formally consolidated." Opinion and Order at 3 n.5, *Fin. Guar. Ins., Co., v. Alejandro Garcia-Padilla, et al.*, Case No. 16-cv-1095-FAB (D.P.R. Oct. 4, 2016). Accordingly, Defendants believe that transfer solely for coordination purposes—but not formal consolidation—is appropriate here.

\*    \*    \*

In sum, while consolidation would be inappropriate, Defendants do not object to transfer of the *San Juan* case to this Court solely for purposes of coordination between the two cases. Defendants will forthwith file an informative motion to this effect in the *San Juan* case. Defendants oppose formal consolidation given the differences between the cases and the risk that consolidation will generate additional, unnecessary motion practice.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, on this 4th day of September 2025.

By: /s/ Roberto C. Quiñones-Rivera
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
Eduardo A. Zayas-Marxuach
USDC-PR Bar No. 216112
Myrgia M. Palacios-Cabrera
USDC-PR Bar No. 230807
MCCONNELL VALDES LLC
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-2631
Facsimile: (787) 474-9201
Email: rcq@mcvpr.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
William E. Thomson (*pro hac vice*)
Joshua D. Dick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com
Email: jdick@gibsondunn.com

Thomas G. Hungar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-3784
Email: thungar@gibsondunn.com

Neal S. Manne (*pro hac vice* forthcoming)
Erica Harris (*pro hac vice* forthcoming)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: nmanne@susmangodfrey.com
Email: eharris@susmangodfrey.com

*Attorneys for Defendant*
*CHEVRON CORPORATION*


By: s/ Néstor M. Méndez Gómez
Néstor M. Méndez Gómez

9

USDC-PR Bar No. 118409
María D. Trelles Hernández
USDC-PR Bar No. 225106
PIETRANTONI MENDEZ & ALVAREZ LLC
Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
Email: nmendez@pmalaw.com
Email: mtrelles@pmalaw.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin E. Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com
Email: ycleary@paulweiss.com
Email: cgrusauskas@paulweiss.com

*Attorneys for Defendant*
*EXXON MOBIL CORPORATION*


By: s/*Kenneth C. Suria*
Kenneth C. Suria
USDC-PR Bar No. 213302
ESTRELLA, LLC
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Telephone: (787) 977-5050
Facsimile: (787) 977-5090
Email: kcsuria@estrellallc.com

Tracie J. Renfroe (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana Street, Suite 4100
Houston, TX 77002

Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email: trenfroe@kslaw.com

Oliver Thoma (*pro hac vice*)
WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, TX 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Attorneys for Defendant*
*MOTIVA ENTERPRISES LLC*


By: s/ *David Indiano*
David Indiano
USDC-PR Bar No. 200601
Jeffrey M. Williams
USDC-PR Bar No. 202104
INDIANO & WILLIAMS, P.S.C.
207 del Parque Street, 3rd Floor
San Juan, Puerto Rico 00912

Duke K. McCall, III (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington D.C. 20004

*Attorneys for Defendant OCCIDENTAL PETROLEUM CORPORATION*


By: *s/Carlos A. Rodriguez Vidal*
Carlos A. Rodriguez Vidal
USDC-PR Bar No. 201213
GOLDMAN ANTONETTI & CORDOVA, LLC
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 759-4117
Facsimile: (787) 767-9177
Email: crodriguez-vidal@gaclaw.com

Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP

11

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: vhou@cgsh.com
Email: bmorag@cgsh.com

*Attorneys for Defendant BHP GROUP LIMITED*


By: *s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR Bar No. 219002
Jaime A. Torrens-Dávila
USDC-PR Bar No. 223810
Mónica Ramos Benítez
USDC-PR Bar No. 308405
FERRAIUOLI LLC
P.O. Box 195168
San Juan, Puerto Rico 00919
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
Email: jtorrens@ferraiuoli.com
Email: mramos@ferraiuoli.com

David Y. Livshiz (*pro hac vice*)
Noelle L. Williams (*pro hac vice*)
Jennifer E. King (*pro hac vice*)
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: david.livshiz@freshfields.com
Email: noelle.williams@freshfields.com
Email: jennifer.king@freshfields.com

Jennifer Loeb (*pro hac vice*)
FRESHFIELDS US LLP
700 13th Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: jennifer.loeb@freshfields.com

*Attorneys for Defendant RIO TINTO PLC*

By: *s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR Bar No. 206314
Luis A. Oliver Fraticelli
USDC-PR Bar No. 209204
ADSUAR
P.O. Box 70294
San Juan, Puerto Rico 00936-8294
Telephone: (787) 756-9000
Facsimile: (787) 756-9010
Email: epo@amgprlaw.com
Email: loliver@amgprlaw.com

*Attorneys for Defendant BP P.L.C.*


By:  *s/ Carlos A. Valldejuly-Sastre*
Carlos A. Valldejuly-Sastre
USDC No. 209505
José J. Colón García
USDC No. 308010
O'NEILL & BORGES LLC
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: carlos.valldejuly@oneillborges.com
Email: jose.colon@oneillborges.com

Josh A. Cohen (*pro hac vice*)
David Sarratt (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700
Fax: (415) 644-5628
jacohen@debevoise.com
dsarratt@debevoise.com

Maura K. Monaghan (*pro hac vice*)
Alexander Costin (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

mkmonaghan@debevoise.com
ajcostin@debevoise.com

*Attorneys for Defendant SHELL PLC*
*(f/k/a ROYAL DUTCH SHELL PLC)*


By: *s/Ricardo F. Casellas Sánchez*
Ricardo F. Casellas Sánchez
USDC-PR No. 203114
Heriberto J. Burgos-Pérez
USDC-PR No. 204809
CASELLAS ALCOVER & BURGOS, P.S.C.
2 Tabonuco Street, Suite 400
San Patricio, Puerto Rico 00968
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: rcasellas@cabprlaw.com
Email: hburgos@cabprlaw.com

Matthew T. Martens (*pro hac vice*)
Ericka Aiken (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.martens@wilmerhale.com
Email: ericka.aiken@wilmerhale.com

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

14

Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*


By: <u>*/s/ Ramon Dapena*</u>
Ramón Dapena
Bar No. 125005
Iván Lladó
Bar No. 302002
MORELL CARTAGENA & DAPENA
Ponce de León Ave. 273 Plaza 273, Suite 700
San Juan PR 00908 Puerto Rico
Telephone: 787-723-1233
Facsimile: 787-723-8763
Email: ramon.dapena@mbcdlaw.com
Email: ivan.llado@mbcdlaw.com

Jeremiah J. Anderson (*pro hac vice*)
MCGUIREWOODS LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
Email: jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Email: bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum Institute*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on the above date, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel record who are CM/ECF system participants at their corresponding e-mail addresses.

By: */s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
